# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>**ARC MANAGEMENT GROUP, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 23-61742-WLH |

### EMERGENCY MOTION FOR ORDER AUTHORIZING
### THE CONTINUED USE OF EXISTING BANK ACCOUNTS

ARC Management Group, LLC ("**Debtor**") files this Motion for Order Authorizing the Continued Use of Existing Bank Accounts (the "**Motion**"), respectfully showing the Court as follows:

#### BACKGROUND

1. On November 29, 2023 (the "**Petition Date**") Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, Debtor has continued in possession of its property and has operated and managed its affairs as a debtor-in-possession pursuant to the provisions of §§ 1107 and 1108 of the Bankruptcy Code. No creditors' committee, trustee, or examiner has been appointed in this case.

2. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Debtor consents to the entry of final orders and judgments by the Bankruptcy Court.

3. Debtor has two equal members, William Wilson and Thresa Wilson, who formed Debtor as a Georgia limited liability company in 2005. Debtor is a full-service revenue cycle

accounts receivable collection company. Its clients include entities in the legal, healthcare, and retail fields.

### The Prepetition Bank Accounts

4. Prior to the Petition Date, Debtor maintained two bank accounts with Wells Fargo, N.A. (the "**Prepetition Bank Accounts**"). A description of the Prepetition Bank Accounts is attached hereto as **Exhibit A**.

5. Debtor is in the process of opening its debtor-in-possession account. However, Debtor's operations will be severely disrupted if the Prepetition Bank Accounts are closed immediately.

### RELIEF REQUESTED

6. By this Motion, Debtor seeks an order, substantially in the form of the proposed order attached hereto as **Exhibit B**, authorizing the continued use of the Prepetition Bank Accounts for a period not to exceed 30 days from the Petition Date.

7. The relief requested will help ensure Debtor's smooth transition into chapter 11 and avoid the havoc that would be wrought if Debtor was forced to close the Prepetition Bank Accounts immediately and switch over all payments to a new debtor-in-possession account, while juggling all of the other responsibilities associated with being a debtor-in-possession in the very beginning of a chapter 11 case and managing its business during rocky times.

8. Debtor receives electronic deposits into the Prepetition Bank Accounts and uses those accounts to process all of its business expenses including the processing of payroll. Debtor is concerned that if it shuts down the Prepetition Bank Accounts too soon, certain payments, whether incoming or outgoing, would be delayed and negatively impact Debtor's business.

9. If Debtor were forced to close the Prepetition Bank Accounts immediately, Debtor expects there would be disruption and confusion that would negatively impact its business. For instance, funds may be deposited into the wrong account, misapplied, held in limbo, or otherwise delayed, thus negatively affecting Debtor's relationships with parties who are necessary to Debtor's efforts to continue as a going concern and who already may be burdened by the filing of this case. As a result, Debtor submits that maintenance of the Prepetition Bank Accounts is warranted.

10. As part of the requested relief, Debtor also seeks a waiver of the requirement to establish a specific bank account for tax payments. Debtor believes that tax obligations can be paid most efficiently out of the existing Prepetition Bank Accounts (and later, the debtor-in-possession account), that the United States Trustee can adequately monitor the flow of funds into, among, and out of the Prepetition Bank Accounts, and that the creation of separate debtor-in-possession account designated solely for tax obligations would be unnecessary and inefficient.

### BASIS FOR RELIEF

11. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process or judgment that is necessary to carry out the provisions of this title," and section 363(c)(1) of the Bankruptcy Code authorizes the debtor-in-possession to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. §§ 105(a), 363(c)(1). The purpose of these sections is to provide a debtor with the flexibility to engage in the ordinary transactions required to operate its business without undue oversight by creditors or the court. *See Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne)*, 114 F.3d 379, 384 (2d Cir. 1997).

12. Debtor further submits that because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to Debtor for the reasons set forth herein, Bankruptcy Rule 6003 has been satisfied and the relief requested herein should be granted.

13. Debtor further seeks a waiver of any stay of the effectiveness of an order approving this Motion. As set forth above, the relief requested herein is essential to prevent immediate and irreparable damage to Debtor's operations and its efforts to pursue a reorganization.

14. Accordingly, the relief requested herein is appropriate under the circumstances and under Bankruptcy Rule 6003.

## CONCLUSION

**WHEREFORE**, Debtor prays that this Court grant it (i) authority to continue to maintain and use the Prepetition Bank Accounts for 30 days from the Petition Date, and (ii) such other relief as the Court deems just and proper.

Dated: November 29, 2023              **ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Ceci Christy*
William Rountree, Ga. Bar No. 616503
Ceci Christy, Ga. Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlkglaw.com
cchristy@rlkglaw.com
*Proposed Attorneys for Debtor*

## Exhibit A

## List of Prepetition Bank Accounts

| Account Name | Financial Institution | Account Number | Description |
|---|---|---|---|
| ARC Debtor Trust Account | Wells Fargo | *5971 | Analyzed Business Checking |
| ARC Operating Account | Wells Fargo | *0253 | Business Cash Manager |

## **Exhibit B**

**Proposed Order**

Case 23-61742-bem    Doc 7    Filed 11/29/23    Entered 11/29/23 16:02:09    Desc Main
Document    Page 6 of 9

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| ARC MANAGEMENT GROUP, LLC, | Case No. 23-61742-WLH |
| Debtor. | |

**ORDER GRANTING EMERGENCY MOTION FOR ORDER**
**AUTHORIZING THE CONTINUED USE OF EXISTING BANK ACCOUNTS**

This matter came before the Court on _____, 2023 for hearing (the "**Hearing**") on the Emergency Motion of ARC Management Group, LLC (the "**Debtor**") for an Order Authorizing the Continued Use of Existing Bank Accounts (the "**Motion**"). Upon consideration of the Motion, representations of counsel at the Hearing, and all other matters of record; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties-in-interest; and it appearing that

proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. For the reasons set forth on the record at the Hearing, the Motion is GRANTED as set forth herein.[1]

2. The Debtor is authorized, but not directed, to maintain and use its pre-existing bank accounts (the "**Prepetition Bank Accounts**") with Wells Fargo, N.A. (the "**Bank**") for a period not to exceed 30 days from the Petition Date.

3. Subject to section 553 of the Bankruptcy Code, the Bank is prohibited from offsetting, affecting, freezing, or otherwise impeding the Debtor's use of any funds in the Prepetition Bank Accounts on account of, or by reason of, any claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtor that arose before the commencement of this bankruptcy case, absent further order of this Court.

4. The Debtor is authorized to request the Bank, and the Bank is authorized to accept and honor all representations from the Debtor, as to which checks, drafts, wires, or ACH transfers should be honored or dishonored whether the Bank believes the payment is or is not consistent with the order(s) of this Court and governing law, and whether such checks, drafts, wires or ACH transfers are dated or made prior to, on or subsequent to the filing of this bankruptcy case.

5. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor.

6. The requirement in the United States Trustee Guidelines that the Debtor establish a specific new bank account for tax payments is waived.

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

### END OF ORDER ###

**Prepared and presented by:**

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Ceci Christy*
William Rountree, Ga. Bar No. 616503
Ceci Christy, Ga. Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlkglaw.com
cchristy@rlkglaw.com
*Proposed Attorneys for the Debtor*


**Distribution List**

William Rountree
ROUNTREE LEITMAN KLEIN & GEER, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303