UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>**ARC MANAGEMENT GROUP, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 23-661742-WLH |

**EMERGENCY MOTION FOR ENTRY OF AN ORDER**
**(A) AUTHORIZING DEBTOR TO PAY ALL PREPETITION PAYROLL**
**OBLIGATIONS, AND (B) DIRECTING BANKS TO HONOR RELATED TRANSFERS**

ARC Management Group, LLC (the "**Debtor**") by this motion (the "**Motion**") and pursuant to sections 105, 363, 541, 1107, and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seek the entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "**Proposed Order**"): (a) authorizing, but not directing, Debtor to continue to honor and pay all prepetition labor obligations as described more fully herein, and (b) directing all banks to honor Debtor's prepetition transfers for payment of any of the foregoing and prohibiting banks from placing holds on, or attempting to reverse, any automatic transfers on account of the foregoing.  In support of this Motion, Debtor respectfully states as follows:

**PROCEDURAL POSTURE**

1.      On November 28, 2023 (the "**Petition Date**") the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  Since the Petition Date, the Debtor has continued in possession of its property and has operated and managed its affairs as a debtor-in-possession pursuant to the provisions of §§ 1107 and 1108 of the Bankruptcy Code.  No creditors' committee, trustee, or examiner has been appointed in this case. No request has been made for the

appointment of a trustee or examiner and a creditors' committee has not been appointed in this case.

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

2. The United States Bankruptcy Court for the Northern District of Georgia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtor confirms its consent, pursuant to rule 7008 of the Bankruptcy Rules, to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are §§ 105(a), 363, 507(a), and 541 of the Bankruptcy Code and Bankruptcy Rule 6003.

## BACKGROUND

5. Debtor has two equal members, William Wilson and Thresa Wilson, who formed Debtor as a Georgia limited liability company in 2005. Debtor is a full-service revenue cycle accounts receivable collection company. Its clients include entities in the legal, healthcare, and retail fields.

## LABOR OBLIGATIONS

A. **Employees and Wages**

6. As of the Petition Date, the Debtor employs 26 full-time and part-time W-2 employees (the "**Employees**"). The Debtor also employs the two owners as W-2 employees and two insiders, the owners' children, Aaron Wilson and Isabella Wilson.

7. Debtor also uses independent contractors (the "**Independent Contractors**" or "**Contractors**") on a regular basis. The Debtor employs 7 Independent Contractors for certain services on projects that the Debtor does not provide itself. These services are individually

customized to the project's specific needs, so payment to these contractors is completely dependent on each individual project. None of the Independent Contractors are insiders.

8. The Debtor ordinarily pays the Employee and Contractors on a weekly schedule (the "**Wages**").

9. Prior to the filing of its bankruptcy petition, the Debtor incurred obligations for compensation payable to its employee and independent contractors for services rendered in the ordinary course of business. The ability of the Debtor to carry on its business is dependent upon the confidence, loyalty, and retention of its contractors. Therefore, it is critical that the Debtor be authorized to pay prepetition compensation obligations on an uninterrupted basis. Such payments will assist the Debtor in retaining competent and experienced contractors.

10. By this Motion, the Debtor seeks authority to pay prepetition, accrued Wages up to the statutory priority amount of $15,150.11 set forth in § 507(a)(4) of the Bankruptcy Code, to each of its Contractors and Employees in the ordinary course of business. The Debtor seeks authority to pay the unpaid Wages in an aggregate amount not to exceed $52,295.39.

## RELIEF REQUESTED

11. To enable the Debtor to maintain morale during this critical time, retain its current Contractors, and minimize the personal hardship such Employee and Contractors may suffer if prepetition employee-related obligations are not paid when due or honored as expected, the Debtor, by this Motion, seeks authority, in its discretion, to pay and honor, as the case may be, (a) various employee-related prepetition obligations of the Debtor, including the Wages up to the statutory priority amount of $15,150.11 per Employee or Independent Contractor.

12. The Debtor also seeks an order authorizing and directing all banks to receive, process, honor and pay any and all checks or electronic transfers drawn on the Debtor's payroll

and general disbursement accounts related to ordinary course Wages, whether presented before or after the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

**BASIS FOR RELIEF**

13.     Courts generally acknowledge that it is appropriate to authorize the payment (or other special treatment) of prepetition labor obligations in certain circumstances. Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, debtors-in-possession are authorized to operate the business while maintaining "a fiduciary duty to act in the best interest of the estate as a whole, including its creditors, equity interest holders and other parties in interest." *LaSalle Nat'l Bank v. Perelman*, 82 F. Supp. 2d 279, 292 (D. Del. 2000). Implicit in the fiduciary duties of any debtor-in-possession is the obligation "to protect and preserve the estate, including an operating business's going-concern value." *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). Some courts have noted that there are instances in which a debtor can fulfill this fiduciary duty "by the preplan satisfaction of a prepetition claim." *Id*. The *CoServ* court specifically noted that preplan satisfaction of prepetition claims would be a valid exercise of the debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate." *Id*. In the instant case, the Debtor is operating as debtor-in-possession consistent with sections 1107(a) and 1108 of the Bankruptcy Code, and payment of the Wages is necessary to protect and preserve the business and the estate. Thus, the Court should authorize the relief requested in this Payroll Motion.

14.     Consistent with the Debtor's fiduciary duties, this Court may also grant the relief requested herein pursuant to sections 105(a), 363(b) and 363(c) of the Bankruptcy Code and the "doctrine of necessity" (discussed below). 11 U.S.C. §§ 105(a), 363(b) and (c). Section 363(b)(1) of the Bankruptcy Code states in pertinent part that: "The trustee, after notice and a hearing, may

use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." § 363(b)(1). If a debtor's determination to use estate assets represents a reasonable business judgment, the bankruptcy court should approve such use.

15. Section 105(a) of the Bankruptcy Code further provides, in pertinent part, that a "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

16. Under the "doctrine of necessity," which is derived from § 105 of the Bankruptcy Code, it is appropriate for a bankruptcy court to exercise its inherent equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor." *See In re Ionosphere Clubs Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (citing *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 528 (1984)). Accordingly, a court may authorize, prior to confirmation of a plan, the payment of prepetition obligations that are essential to the debtor's continued business operations and vital to reorganizational efforts. *Id*.

17. The doctrine of necessity authorizes the relief requested in this Motion because the Employees and Independent Contractors are indispensable to both the Debtor's operations and the successful resolution of this chapter 11 case.

18. In addition, the Debtor believes that the Wages earned within 180 days of the Petition Date that the Debtor seeks to pay is entitled to priority status under § 507(a)(4) of the Bankruptcy Code and individually do not exceed $15,150.11 (*i.e.*, the maximum priority amount under that statute).

19. Failure to pay the Wages would undoubtedly cause a loss of morale that would threaten the Debtor's ability to maximize its value and reorganize.

20. The relief requested in this Motion is necessary for the viability of the Debtor's business and a successful reorganization. Accordingly, the Debtor submits that the relief sought herein is consistent with §§ 105(a), 507(a), and 541 of the Bankruptcy Code.

21. The Debtor further submits that because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor for the reasons set forth herein, Bankruptcy Rule 6003 has been satisfied and the relief requested herein should be granted.

22. The Debtor further seeks a waiver of any stay of the effectiveness of an order approving this Motion. As set forth above, the relief requested herein is essential to prevent immediate and irreparable damage to the Debtor's operations and their efforts to pursue a reorganization.

23. Accordingly, the relief requested herein is appropriate under the circumstances and under Bankruptcy Rule 6003.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Debtor prays that this Court grant it (i) authority to pay all Wages and (ii) such other relief that the Court deems just and proper.

Dated: November 29, 2023                **ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Ceci Christy*
William A. Rountree, Ga. Bar No. 616503
Ceci Christy, Ga. Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlkglaw.com
cchristy@rlkglaw.com
*Proposed Attorneys for the Debtor*

### Exhibit A

### Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| ARC MANAGEMENT GROUP, LLC, | Case No. 23-61742-WLH |
| Debtor. | |

### ORDER (A) AUTHORIZING DEBTOR TO PAY ALL PREPETITION PAYROLL OBLIGATIONS, AND (B) DIRECTING BANKS TO HONOR RELATED TRANSFERS

Upon the motion [Doc. __] (the "**Motion**")[1] filed by the above-captioned debtor and debtor-in-possession (collectively, the "**Debtor**"), pursuant to §§ 105(a), 363, 507(a), 541(d), 1107, and 1108 of the Bankruptcy Code and Bankruptcy Rule 6003, seeking entry of an order: (a) authorizing, but not directing, the Debtor to continue to honor and pay all prepetition labor

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

obligations as described more fully in the Motion and (b) directing all banks to honor the Debtor's prepetition transfers for payment of any of the foregoing and prohibiting banks from placing holds on, or attempting to reverse, any automatic transfers on account of the foregoing; and upon the statements of counsel in support of the relief requested in the Motion at the hearing before the Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. For the reasons set forth on the record at the Hearing, the Motion is GRANTED as set forth herein.

2. The Debtor is authorized, but not directed, to continue to honor and pay all pre-petition and post-petition Labor Obligations, including the Wages, the Unpaid Compensation, and the Unpaid Independent Contractor Obligations; provided, however, that payments to or on behalf of any individual Employee or Independent Contractor on account of any pre-petition wages or compensation shall not exceed the amounts afforded priority status by any applicable provisions of § 507 of the Bankruptcy Code, including § 507(a)(4) of the Bankruptcy Code.

3. To the extent that any employment or related agreements may be deemed executory contracts within the meaning of § 365 of the Bankruptcy Code, the Debtor does not at this time seek authority to assume such contracts, and no relief is granted in that regard.

4. All of the Debtor's banks are authorized and directed to receive, process, honor and pay any and all checks or electronic transfers drawn on the Debtor's payroll and general disbursement accounts related to Labor Obligations, including, but not limited to the Wages, the Unpaid Compensation, the Unpaid Independent Contractor Obligations, Worker's Compensation, Payroll Taxes, and the Processing Costs, authorized by this Order, whether presented before or after the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

5. Nothing herein shall be deemed to authorize the payment of any amounts in satisfaction of severance obligations, or which are subject to § 503(c) of the Bankruptcy Code.

6. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Payroll Motion is necessary to avoid immediate and irreparable harm to the Debtor.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

### END OF ORDER ###

**Prepared and presented by:**

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Ceci Christy*
William A. Rountree, Ga. Bar No. 616503
Ceci Christy, Ga. Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlkglaw.com
cchristy@rlkglaw.com
*Proposed Attorneys for the Debtor*

**Distribution List**

William A. Rountree
ROUNTREE LEITMAN KLEIN & GEER, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303