UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In Re:<br><br>**ARC MANAGEMENT GROUP, LLC,**<br><br>**Debtor.** | CASE NO.  23-61742<br><br>CHAPTER 11 |

### APPLICATION TO APPROVE EMPLOYMENT OF DEBTOR'S ATTORNEYS

The above-captioned Debtor and Debtor-in-possession (the "**Debtor**"), files this Application to Approve Employment of Debtor's Attorneys pursuant to 11 U.S.C. § 327 and in support thereof, respectfully represents as follows:

1. On November 28, 2023 (the "**Petition Date**"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**"). The Debtor has continued in possession of its property and is operating and managing its business as Debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtor wishes to employ the law firm of Rountree, Leitman, Klein & Geer, LLC ("**RLKG**") as its attorneys.

3. The Debtor has selected RLKG for the firm's experience and qualifications as Debtor's counsel in commercial bankruptcy cases.

4. The professional services that RLKG is to render include:

    a. Giving the Debtor legal advice with respect to its powers and duties as Debtor-in-Possession in the management of its property;

b.  Preparing on behalf of the Debtor as Debtor-in-Possession necessary schedules, applications, motions, answers, orders, reports and other legal matters;

c.  Assisting in examination of the claims of creditors;

d.  Assisting with formulation and preparation of the disclosure statement and plan of reorganization and with the confirmation and consummation thereof; and

e.  Performing all other legal services for the Debtor as Debtor-in-Possession that may be necessary herein.

5. To the best of the Debtor's knowledge, RLKG has no connection with the creditors, or any other party-in-interest, or their respective attorneys.

6. The terms of employment of RLKG agreed to by the Debtor-in-Possession, subject to the approval of the Court, are that certain attorneys and other personnel within the firm will undertake this representation at their standard hourly rates:

| Attorney: | Standard Hourly Rate: |
|---|---|
| William A. Rountree | $595.00 |
| Will B. Geer | $595.00 |
| Michael Bargar | $535.00 |
| Hal Leitman | $425.00 |
| William Matthews | $425.00 |
| David S. Klein | $495.00 |
| Alexandra Dishun | $425.00 |
| Elizabeth Childers | $395.00 |
| Ceci Christy | $425.00 |
| Caitlyn Powers | $325.00 |
| Shawn Eisenberg | $300.00 |

| Paralegals: | Standard Hourly Rate: |
|---|---|
| Sharon M. Wenger | $225.00 |
| Elizabeth Miller | $250.00 |
| Megan Winokur | $175.00 |
| Catherine Smith | $150.00 |
| Law Clerk (if one is employed by Firm) | $175.00 |

The standard hourly rates charged by RLKG attorneys, law clerks, and paralegals are subject to change in the future. RLKG may make periodic applications for interim compensation.

7. RLKG received a pre-petition retainer of $50,000.00 from William D. Wilson, Jr., the 50% owner and CEO of the Debtor. Pre-petition fees in the amount of $14,173.00 and the Chapter 11 filing fee in the amount of $1,738.00 were paid to RLKG from the retainer, leaving a balance of $34,089.00. This retainer is intended as a security retainer and not a general retainer. RLKG maintains a security interest in the funds under applicable law.

8. The Debtor has an immediate need for counsel and will suffer irreparable harm if RLKG is not employed without delay. *See* Fed. R. Bankr. P. 6003. The Debtor requires the advice of counsel concerning the preparation of its schedules and statement of financial affairs and needs counsel present to comply with the US Trustee's requests for an initial debtor interview, preparation of documents requested by the US Trustee's Office, and to appear for the Section 341 meeting of creditors.

9. RLKG represents no interest adverse to the Debtor as Debtor-in-Possession or the estate in the matters upon which it is to be engaged for the Debtor-in-Possession, and its employment would be in the best interest of this estate. *See* Declaration of William A. Rountree, attached hereto as **Exhibit A** and incorporated herein by reference.

10. Prior to the case being filed, RLKG performed a thorough search of its practice management software, Clio, for any potential conflicts. RLKG used multiple permutations of the Debtor's name, as well as a search of various permutations of the name of each creditor listed in the Debtor's creditor matrix. No conflicts were found. RLKG also requested any information regarding connections or potential conflicts from each staff member and attorney regarding the Debtor and its creditors, and it was determined that no connections or conflicts exist.

~ 4 ~

WHEREFORE, the Debtor prays that the Court enter an order approving its employment of RLKG as counsel under the terms specified to represent it as Debtor-in-Possession in this case under Chapter 11 of the Bankruptcy Code, and that it have such other and further relief as is just and proper.

Dated: December 19, 2023

/s/ William A. Rountree
Georgia Bar No. 616503
Century I Plaza, 2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
T: (404) 584-1238
wrountree@rlkglaw.com

## **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In Re: | CASE NO. 23-61742 |
| ARC MANAGEMENT GROUP, LLC, | CHAPTER 11 |
| Debtor. | |

**DECLARATION OF WILLIAM A. ROUNTREE**

STATE OF GEORGIA
COUNTY OF DEKALB

The undersigned hereby makes the following declaration:

1. I am over the age of 18 and am a resident of the State of Georgia. I suffer no legal disabilities, and if called as a witness, I could testify completely to the facts set forth herein upon personal knowledge.

2. I am a partner with the law firm of Rountree, Leitman, Klein & Geer, LLC (hereinafter referred to as "**Firm**"). I am duly admitted to practice law in the State of Georgia, in the United States District Court, Northern District of Georgia, and Circuit Court of Appeals for the Eleventh Circuit. The Firm's offices are located at Century Plaza I, 2987 Clairmont Road, Suite 350, Atlanta, Georgia 30329.

3. I will oversee the professional services in this case.

4. I am a member of the Georgia Bar Association. I have been published in numerous bar journals, newsletters, and other publications and have lectured at dozens of seminars on bankruptcy, workout and foreclosure issues.

5. The attorneys in my Firm and their names and credentials are listed on the Firm's website, https://www.rlkglaw.com

6. To the best of my knowledge, neither I nor any attorney in my Firm is owed any monies by the Debtor or has ever represented the Debtor in any capacity.

7. I have reviewed the creditors matrix filed by the Debtor in this case and to the best of my knowledge, neither I nor any attorneys in my Firm represent any of the creditors in matters relating to this case.

8. With respect to my connections with the United States Trustee or any persons employed in the Office of the United States Trustee, by virtue of my being a bankruptcy practitioner in the Northern District of Georgia for years, I know many individuals employed in the office of the United States Trustee, including R. Jeneane Treace, Jonathan S. Adams, Thomas Dworschak, Lindsay Kolba, Martin P. Ochs, David Weidenbaum, and Alan Hinderleider. I have never represented the interests of any member of the office of the United States Trustee, and my involvement with all persons associated with the Office of United States Trustee has been on a professional basis as opposed to a social or business basis.

9. Disclosure is made that Michael J. Bargar has been appointed by the United States Trustee for Region 21 to act as a panel trustee in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division. As a result, employees of the Firm regularly communicate with employees of the Office of the United States Trustee. In addition, the Firm represents Mr. Bargar in his capacity as trustee in unrelated matters.

10. Based on the foregoing, to the best of my knowledge:

a. I am, and every person in my Firm is, a "disinterested person" as defined by § 101(14) of the Bankruptcy Code, regarding the aforementioned Debtor;

b. Neither I nor any member of my Firm holds or represents an interest adverse to this estate;

c. Except as specified herein, neither I nor any member of my Firm has had any business, professional or other connection with the aforementioned Debtors, attorneys, creditors, or any party in interest, their respective attorneys and accountants, United States Trustee, or any person employed in the office of the United States Trustee or any other party-at-interest in this proceeding which would be adverse to this estate; and

d. Neither I nor any member of my Firm is related to any judge of this court, nor so connected now with any judge of this court as to render such appointment of any bankruptcy judge in the Northern District of Georgia improper. One associate, Caitlyn Powers, served as law clerk to Judge Cavender from 2020-2021, but otherwise the Firm has no connections.

2

  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 19, 2023

<u>/s/ William A. Rountree</u>
William A. Rountree
Georgia Bar No. 616503

3