**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **In Re:** | **CHAPTER 11** |
| **ARC MANAGEMENT GROUP, LLC.,** | **CASE NO. 23-61742-WLH** |
| **Debtor.** | |

## DEBTOR'S MOTION TO EXTEND DEADLINE TO ASSUME OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL ESTATE PROPERTY

ARC Management Group, LLC ("**Debtor**"), Debtor and Debtor-in-Possession in the above-referenced case, files this Motion to Extend Deadline to Assume or Reject Unexpired Leases of Non-Residential Real Property (the "**Motion**"). Through the Motion, Debtor seeks to extend the deadline to assume or reject its commercial leases for its business by 90 days to June 25, 2024. In support of the Motion, Debtor respectfully represents as follows:

### BACKGROUND

### 1.

On November 28, 2022 (the "**Petition Date**"), Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"). Since the Petition Date, the Debtor has continued managing its financial affairs as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No committee, trustee, or examiner has been appointed.

### JURISDICTION AND VENUE

### 2.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to

28 U.S.C. § 1409. The statutory predicates for the relief sought herein are §§ 365(a) and 105(a) of the Bankruptcy Code, as complemented by Rules 6006 and 9014 of the Bankruptcy Rules.

**BACKGROUND**

**3.**

Debtor is a full-service revenue cycle accounts receivable collection company (the "**Business**"). Its clients include entities in the legal, healthcare, and retail fields.  Debtor also owns accounts receivable portfolios that it collects.

4.

Debtor operates the Business from two separate spaces:  1825 Barrett Lakes Boulevard NW,  Suite 505, Kennesaw, Georgia 30080 (the "**Atlanta Premises**"), which it leases from Adventus US Realty #8 LP (the "**Atlanta Landlord**") pursuant to that certain lease agreement and lease amendments between Debtor and the Atlanta Landlord (the "**Atlanta Lease**") and 200 S. Park Road, Hollywood, Florida 33021  (the "**Hollywood Premises**"), which it leases from DPF Venture Corporate Center (the "**Hollywood Landlord**") pursuant to that certain lease assignment agreement between Debtor, EDP Holdings, Inc., and the Hollywood Landlord (the "**Hollywood Lease**").

5.

Debtor and the Atlanta Landlord are in negotiations for a reduced space for the operations of Debtor's Business in Atlanta. Debtor's Hollywood Lease terminates in August 2024 and Debtor is evaluating its continued need for the Hollywood Premises.

6.

Debtor uses the Atlanta Lease and Hollywood Lease in the ordinary course of the Business and requires continued access to the Premises during the pendency of this chapter 11 case. The

2

Atlanta Lease and Hollywood Lease are essential to Debtor's operations. The Business operates

out of each of the Premises and without access to the Atlanta Premises and Hollywood Premises

during this crucial reorganization period Debtor's operations would suffer. Debtor ultimately will

decide to assume or reject the Atlanta Lease and the Hollywood Lease prior to or in connection

with confirmation of any plan of reorganization.

7.

Debtor requires more time to make a fully informed decision with respect to whether it is

in the best interests of the estate to assume or reject the Atlanta Lease and the Hollywood Lease.

**REQUEST AND BASIS FOR RELIEF**

**8.**

By this Motion, Debtor seeks, *inter alia,* the entry of an order extending its time to assume

or reject the Lease.

9.

Section 365(d)(4) of the Code provides:

(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—

>   (i) the date that is 120 days after the date of the order for relief; or

>   (ii) the date of the entry of an order confirming a plan.

(B)

>   (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

>   (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

3

10.

Debtor requests that the Court extend the period during which Debtor must assume or reject the Lease by ninety (90) days.

11.

When determining whether cause exists to extend the time to assume or reject an unexpired lease of nonresidential real property, courts consider the following factors:

(i)      whether the debtor was paying for the use of the property;

(ii)     whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;

(iii)    whether the lease is the debtor's primary asset; and

(iv)    whether the debtor has had sufficient time to formulate a plan of reorganization.

*See In re Adelphia Commc'ns Corp.*, 291 B.R. 283, 293 (Bankr. S.D.N.Y. 2003) (identifying the amount of time to formulate a reorganization plan, importance of the contract to the debtor's business, and potential damage to the nondebtor party as factors to consider); *In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987) (considering case complexity, whether the debtor had sufficient time to intelligently appraise its financial situation, and the importance of the lease to formulating a plan of reorganization).

11.

As set forth herein, Debtor's chapter 11 case satisfies the above factors, to the extent applicable, to indicate "cause" to extend the deadline to assume or reject the Lease.

12.

First, Debtor reached an agreement with the Atlanta Landlord and the Hollywood Landlord regarding the post-petition rent payments while Debtor has negotiated with each landlord.

4

13.

At this time, the Atlanta Lease and the Hollywood Lease are crucial assets for Debtor, as the Hollywood Premises and Atlanta Premises house Debtor's Business. Failure to extend the period to assume or reject the Atlanta Lease and the Hollywood Lease would be detrimental to Debtor's estate, either by disruption to its Business if forced to prematurely reject, or by potentially burdening the estate with insurmountable administrative expenses if forced to assume if the exit plan ultimately necessitates rejection.

14.

On the other hand, granting the requested extension will not prejudice the Atlanta Landlord or the Hollywood Landlord or other parties-in-interest. Debtor's continued occupation of the Atlanta Premises and Hollywood Premises poses no immediate threat to either landlord, as Debtor is making the required rent payments. To the extent Debtor's exit strategy ultimately supports assumption and/or assumption and assignment of the Lease, such assumption or assumption and assignment will require Debtor to cure any monetary defaults under the assumed or assumed and assigned Lease, to the benefit of the Atlanta Landlord and the Hollywood Landlord. Such benefit might be lost if Debtor were forced to prematurely decide to assume or reject either the Atlanta Lease or the Hollywood Lease.

15.

Accordingly, Debtor's requested extension of time to assume or reject the Atlanta Lease and the Hollywood Lease will not adversely affect either the Atlanta Landlord or the Hollywood Landlord in an amount beyond the compensation available under the Bankruptcy Code.

16.

Debtor needs additional time to negotiate with the Atlanta Landlord to relocate and to determine if it continue to operate its Business in Hollywood, Florida and to formulate a plan of reorganization.

17.

Extending the time within which Debtor may assume or reject the Atlanta Lease and the Hollywood Lease by the 90-day extension period contemplated by § 365(d)(4)(B)(i) will prevent a premature decision regarding the two leases. Debtor submits that this modest period of extension will not unduly prejudice the Atlanta Landlord or the Hollywood Landlord while being of great benefit to Debtor and its estate.

18.

Thus, Debtor requests the entry an order extending the time to assume or reject the Lease through and including June 25, 2024. This represents a 90-day extension as contemplated by § 365(d)(4) of the Bankruptcy Code.

## CONCLUSION

WHEREFORE, Debtor respectfully requests entry of an order extending the deadline by 90-days pursuant to § 365(d)(4) of the Bankruptcy Code and granting Debtor such other and further relief as this Court deems just and proper.

Dated: February 19, 2024

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Ceci Christy*

William A. Rountree, Ga. Bar No. 616503
Ceci Christy, Ga. Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlkglaw.com
cchristy@rlkglaw.com
*Attorneys for Debtor*