**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In Re: | CASE NO. 23-61742-BEM |
| ARC MANAGEMENT GROUP, LLC, | CHAPTER 11 |
| Debtor. | |

## NOTICE OF MOTION FOR APPROVAL OF LEASE TERMINATION SETTLEMENT AGREEMENT, DEADLINE TO OBJECT, AND HEARING

Debtor ARC Management Group, LLC has filed a Motion for Approval of Lease Termination Settlement Agreement on August 29, 2024. Pursuant to Second Amended and Restated General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files a response or objection within twenty-one (21) days from the date of service of this notice. If you object to the relief requested in this pleading, you must timely file your objection with the Bankruptcy Clerk at the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, and serve a copy on the movant's attorney, Ceci Christy, Rountree Leitman Klein & Geer, LLC, 2987 Clairmont Road, Suite 350, Atlanta, Georgia 30329 and any other appropriate persons by the objection deadline.The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

A hearing on the pleading has been scheduled for September 24, 2024. The Court will hold a hearing on the Motion for Approval of the Lease Termination Settlement Agreement at 11:00 AM EDT on September 24, 2024 in Courtroom 1402 of the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs information on the judge's webpage.

If an objection or response is timely filed and served, the hearing will proceed as scheduled. If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice and without holding the scheduled hearing provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the scheduled hearing, the hearing will be held as scheduled.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

Dated: August 29, 2024        **ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Ceci Christy*
Will B. Geer, Ga. Bar No. 940493
Ceci Christy, Ga. Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wgeer@rlkglaw.com
cchristy@rlkglaw.com
*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In Re:<br><br>ARC MANAGEMENT GROUP, LLC,<br><br>Debtor. | CASE NO. 23-61742-BEM<br><br>CHAPTER 11 |

## MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

The above captioned debtor and debtor-in-possession ARC Management Group, LLC ("**Debtor**"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Rule 9019**"), files this *Motion for Approval of Lease Termination Settlement Agreement* (the "**Motion**") by and between Debtor, OPIC VCC LLC and VCC OWNER LLC (collectively, the "**Landlord**"), and Bill Wilson, Debtor's principal ("**Wilson**"). In support hereof, Debtor shows as follows:

### JURISDICTION AND VENUE

1. Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") on November 28, 2023 (the "**Petition Date**").

2. No creditors' committee has been appointed in this case and no trustee or examiner has been appointed. Debtor remains debtor in possession.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Debtor consents to the entry of final orders or judgments by the Bankruptcy Court.

~ 1 ~

~ 2 ~

**PROCEDURAL AND FACTUAL BACKGROUND**

4. Since 2016, Debtor leased commercial premises from Landlord known as Suite 450, 200 S. Park Road, Hollywood, Florida 33021. The lease terminates by its own terms on August 31, 2024.

5. Debtor owes postpetition rent and other amounts under the terms of the lease to Landlord in the amount of $70,000 (the "**Settlement Payment**").

6. Wilson has agreed to pay to Landlord the Settlement Payment.

7. On August 19, 2024, Debtor, Landlord, and Wilson memorialized the terms of the Settlement Payment and the resolution of all claims by and between the parties in the Lease Termination Settlement Agreement (the "**Agreement**"), a true and correct copy of which is attached hereto as **Exhibit A**.[1]

**RELIEF REQUESTED AND NOTICE**

8. By this Motion, Debtor requests that the Court enter an order substantially in the form of the proposed order attached hereto as **Exhibit B** approving the Agreement and granting related relief.

9. Debtor has given notice of this Motion to all creditors and the United States Trustee pursuant to Rule 9019.

**BASIS FOR RELIEF REQUESTED**

10. Debtor requests that the Court approve the Agreement pursuant to Rule 9019. Under Rule 9019, the Court has discretionary authority to approve a compromise of a controversy or dispute. *See Protective Comm. for Independent Stockholders of TNT Trailer Ferry, Inc. v.*

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Settlement Agreement.

*Anderson*, 390 U.S. 414, 424 (1968); *Continental Airlines, Inc. v. Airline Pilots Ass'n Infl. (In re Continental Airlines, Inc.)*, 907 F.2d 1500, 1508 (5th Cir. 1990).

11. Whether to approve a proposed compromise is a matter within the sound discretion of the Bankruptcy Court and pre-trial settlements are favored by the courts. *See In re Munford, Inc.*, 97 F.3d 449, 455 (11th Cir. 1996); *In re AWECO, Inc.*, 725 F.2d 293, 297 (11th Cir. 1984); *In re Grot*, 291 B.R. 204, 208 (Bankr. M.D. Ga. 2003). Bankruptcy settlements are a "normal part of the bankruptcy process" and "desirable and wise methods of bringing to close proceedings otherwise lengthy, complicated and costly." *TNT Trailer*, 390 U.S. at 424 (1986).

12. According to the Eleventh Circuit Court of Appeals, in deciding whether to approve a proposed settlement, a bankruptcy court should evaluate: (a) the probability of success in litigation, with due consideration for the uncertainty of the facts and the law; (b) the difficulties, if any, to be encountered in collecting on a judgment; (c) the complexity and likely direction of the litigation and any attendant expense, inconvenience and delay; and (d) the paramount interest of the creditors and a proper deference to their reasonable use. *See In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990).

13. Whether a proposed settlement is a product of an arms-length negotiation is a factor bearing on the wisdom of the compromise. *In re Cajun Elec. Power Co-Op, Inc.*, 119 F.3d 349, 356 (5th Cir. 1997); *In re Foster Mortgage Corp.*, 68 F.3d 914, 918 (5th Cir. 1995). Additionally, determining whether the settlement is in the best interest of the estate is an important consideration. *See, e.g., Cajun Elec.,* 119 F.3d at 356. Generally, the role of the Bankruptcy Court, when evaluating a proposed settlement is not to decide the issues in dispute by conducting a mini-trial. Instead, the bankruptcy court should determine whether the settlement is fair and equitable as a

whole. *See, e.g., Cajun Elec.,* 119 F.3d at 355-56; *In re Joiner*, 319 B.R. 903, 907 (Bankr. M.D. Ga. 2004); *Grot*, 291 B.R. at 208 (2003).

14. Here, Debtor has considered (i) the cost of litigating with Landlord regarding the payments due under the lease, (ii) the temporal and organizational strain on Debtor caused by the involvement of its officer, Bill Wilson, in any litigation, and (iii) other factors justifying the prompt and efficient resolution of the matter. Debtor has determined that the terms are fair to Debtor, Landlord, and Wilson and that the resolution of the Adversary resolves one of the remaining issues in Debtor's bankruptcy case.

15. Debtor believes that approval of the Agreement is in the best interest of the estate and creditors and is beneficial to the restructuring process.

WHEREFORE, having filed this Motion, Debtor prays the Motion be granted, the Agreement be approved, and that the Court grant Debtor such other and further relief as it may deem just and proper.

Dated: August 29, 2024

**ROUNTREE LEITMAN KLEIN &GEER, LLC**

*/s/ Ceci Christy*
Will Geer, Ga. Bar No. 940493
Ceci Christy, Ga. Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wgeer@rlkglaw.com
cchristy@rlkglaw.com
*Attorneys for Debtor*

## Exhibit A

**Settlement Agreement**

~ 5 ~

## LEASE TERMINATION SETTLEMENT AGREEMENT

THIS LEASE TERMINATION SETTLEMENT AGREEMENT (this "Agreement"), made as of the 19th day of August, 2024, by and between OPIC VCC LLC, a Delaware limited liability company, and VCC OWNER LLC, a Delaware limited liability company (collectively, "Landlord"), successor in interest to DPF Venture Corporate Center, LLC, a Delaware limited liability company, successor in interest to Metropolitan Life Insurance Company, ARC Management Group, LLC, a Georgia limited liability company, in its capacity tenant under the Lease and as debtor-in-possession ("Debtor"), successor in interest to EDP Holdings, Inc., a Delaware corporation ("EDP"), and Bill Wilson, principal of Debtor, ("Wilson" and collectively with Debtor and Landlord, the "Parties").

### RECITALS:

WHEREAS, on November 28, 2023, Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, with case number 23-61742-BEM;

WHEREAS, Landlord and Debtor are the current parties to that certain Lease Agreement dated June 30, 2014 (the "Original Lease"), which was assigned by EDP to Debtor pursuant to that certain that certain Assignment of Lease dated March 1, 2016 (the "Assignment"; together with the Original Lease, collectively, the "Lease"), pursuant to which Debtor leased approximately 4,182 rentable square feet of space commonly known as Suite 450 located on the fourth (4th) floor of the building located at 200 S. Park Road, Hollywood, Florida 33021, and generally known as Venture Corporate Center II, which premises are more particularly described in the Lease and incorporated herein by reference (the "Premises"); and

WHEREAS, Landlord and Debtor have agreed to terminate and cancel the Lease upon the terms and conditions set forth herein and desire to confirm by this Agreement their respective rights and obligations pertaining to such termination.

NOW, THEREFORE, in consideration of the sum of $10.00, the mutual promise and covenants herein contained and for other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Landlord, Debtor and Wilson do hereby covenant, promises and agree as follows:

1.  Incorporation of Recitals; General Provisions. The foregoing recitals are true and correct and incorporated herein by reference. Capitalized terms not otherwise defined in this Agreement shall carry the meanings given to them in the Lease. In the event of any conflict between the provisions of the Lease and the provisions of this Agreement, this Agreement shall control.

2.  Authority Representations. Landlord represents that it is the owner of the Premises and that it has the authority to terminate and cancel the Lease without the consent of anyone other than Debtor and agrees to bind itself with respect to terms of this Agreement. Debtor represents that it is the owner of the Debtor's interest under the Lease and agrees to bind itself with respect to the Agreement and any transaction contemplated by or occurring under the provisions of this

ACTIVE 701212963v4

Agreement. Wilson represents that he is the principal of Debtor and agrees to bind himself with respect to the terms of this Agreement. Landlord, Debtor, and Wilson further represent that they each have been represented by counsel of their choice in negotiating and executing this Agreement, and, prior to signing same, had ample opportunity to consult with such counsel and other advisors regarding the meaning and import of this Agreement as a whole.

3.  Bankruptcy Court Approval and Effective Date.

(a)  The Parties acknowledge that this Agreement is subject to the Bankruptcy Court's approval pursuant to Fed. R. Bankr. P. 9019 ("Rule 9019") and, notwithstanding anything else contained here, shall not be effective as to Debtor until an order granting such approval has been entered by the Court and has become final and nonappealable.

(b)  Within three (3) days after the date on which all Parties have executed this Agreement, Debtor shall file a motion with the Bankruptcy Court, in form and substance acceptable to the Parties, for entry of an Order, also in form and substance acceptable to the Parties, approving the terms of this Agreement.

(c)  The "Effective Date" of this Agreement is the date that is one (1) day after an order approving this Agreement becomes final and non-appealable pursuant to Fed. R. Bankr. P. 8002.

4.  <u>Termination.</u> Landlord and Debtor acknowledge and agree that effective as of 5:00 p.m. ET as of August 20, 2024 (the "<u>Termination Date</u>"), the Lease shall automatically be deemed to have been canceled, terminated, extinguished, held for naught and of no further force and effect, as if said time and date were set forth in the Lease as the Expiration Date of the Lease Term, and that from and after the Termination Date, neither Landlord nor Debtor shall have any further rights or obligations under the Lease as to the Premises, except for the rights and obligations of the parties that are expressly included in this Agreement, and subject further to Debtor's obligation to surrender the Premises in vacant, clean, good and tenantable condition with Debtor's movable personable property, Debtor's trade fixtures, such Debtor Additions (which at the time of their installation Landlord and Debtor, or their predecessors, agreed may be removed by Debtor), and Debtor Additions containing Hazardous Materials (if any) (collectively, the "<u>Debtor's Property</u>") removed, ordinary wear and tear and damage caused by Landlord excepted on or prior to the Termination Date, failing which Debtor shall remain obligated with respect to the Premises as provided herein. If Debtor fails to remove any of Debtor's Property on or prior to the Termination Date, Landlord may deem all or any part of Debtor's Property to be abandoned, and title to such Debtor's Property (except with respect to any Hazardous Materials) shall be deemed to be immediately vested in Landlord and become the sole property of Landlord, and Debtor shall have no claim to such items nor shall Debtor have any claim to any proceeds of sale should Landlord elect to sell any of such abandoned items. Debtor shall repair any and all damage to the Common Areas, Building structures, Building systems and exterior windows and doors caused by the removal of Debtor's Property and shall close all floor, staircases, ceiling and roof openings (if any) and restore the Premises to a tenantable condition as reasonably determined by Landlord. Until the Termination Date, the Lease shall remain in full force and effect and Landlord and Debtor shall be bound by the terms and conditions thereunder, except as otherwise provided herein. Debtor

represents and warrants that Debtor has not (a) assigned, mortgaged, pledged, encumbered or otherwise transferred any interest in and to the Lease or the Premises and will not do so following the Effective Date of this Agreement, or (b) sublet or otherwise encumbered the Premises or any part thereof and will not do so following the Effective Date of this Agreement. Additionally, as of the Termination Date, Debtor shall cause the Premises to be free and clear of any maintenance, service or other contracts affecting the Premises entered into by, through or under Debtor. If Debtor shall fail to surrender the Premises to Landlord as of the Termination Date in the condition required by this Agreement, Debtor shall be deemed a holdover Debtor subject to the terms and provisions of the Lease. In addition, if Debtor fails to comply with any of the representations, warranties and covenants contained in this Agreement, Wilson shall indemnify and hold harmless Landlord from and against any claims, losses, actions, causes of action, damages, costs or expenses (including reasonable attorneys' fees) of any kind or nature whatsoever that arise out of or in connection with or result from such failure of Debtor to comply with the terms in this Agreement.

5.      Termination Payment. In mutual consideration of Landlord's and Debtor's agreement to terminate the Lease in accordance with Section 3 hereinabove, Wilson shall pay to Landlord a total termination fee in the sum of Seventy Thousand & 00/100 Dollars ($70,000.00) (the "Termination Payment"). As of August 19, 2024, Wilson has reduced the Termination Payment in the amount of $16,000. The remaining Termination Payment of $54,000 shall by paid to Landlord by Wilson in weekly payments of Two Thousand & 00/100 Dollars ($2,000.00), commencing the September 3, 2024 and continuing on every Monday thereafter for the next twenty-six (26) weeks for a total of $54,000 in additional payments. Upon Landlord's receipt of the final payment, Landlord, Debtor, and Wilson shall not have any further payment liability to the other under the Lease or this Agreement in accordance with the terms of Paragraph 6 below. Landlord, Debtor, and Wilson agree that the Termination Payment is not a penalty and further agree that the Termination Payment shall not be characterized as a payment of rental income on their respective books and records. The foregoing covenant is being made so that sales tax will not be due in connection with the foregoing pursuant to Rule 12A-1.070(4)(g) of the Florida Administrative Code. If either party hereto violate the foregoing covenant, such party shall be solely liable for the payment of any Florida sales tax that may result therefrom. Notwithstanding the foregoing, if it should be determined that any sales tax is due in connection with the Termination Payment, Wilson shall be required to remit such sales tax without contribution or reimbursement from Landlord. In addition, notwithstanding anything to the contrary contained in the Lease or this Agreement, Landlord, Debtor, and Wilson acknowledge and agree that (a) failure by Wilson to timely pay to Landlord the Termination Payment (time being of the essence) shall automatically be deemed to be a Default by Debtor and Wilson and Landlord shall be entitled to enforce any and all rights and remedies available to Landlord under this Agreement or at law or in equity.

6.      Release. As of the Termination Date (subject to the terms and conditions of the Lease as modified by this Agreement), Landlord ,Debtor, and Wilson shall hereby be deemed to release and forever discharge each other, and their respective officers, directors, shareholders, partners, affiliates, employees and agents, from any and all manner of action or actions, cause or causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, damages, variances, trespasses, judgments, executions, claims, costs, expenses and demands whatsoever, in law or in equity, that

ACTIVE 701212963v4

either party, or their respective predecessors in interest, ever had, now have or which it hereinafter can, shall or may have upon, by reason of or in any manner arising or resulting from or connected with the Lease and/or the Premises, from the beginning of the world to the date of this Agreement. Notwithstanding anything to the contrary contained in this Agreement, Wilson acknowledges and agrees thar he remains liable for any and all obligations and/or indemnification obligations under this Agreement.

7. <u>Accord and Satisfaction.</u> Landlord, Debtor, and Wilson agree that, subject to the terms and conditions set forth in the Lease and this Agreement, this Agreement shall constitute an accord and satisfaction and a mutual release, satisfaction and full discharge of any and all claims, demands, rights, remedies, actions, suits, damages, debts, causes of action or liabilities that any party hereto has or may have against the other party or against its representatives, successors, assigns, officers, directors, members, partners, agents, attorneys, subsidiaries, affiliates or employees, whether known or unknown, foreseeable or unforeseeable, claimed or not claimed arising from or relating to the Lease and/or the Premises, from the beginning of the world to the date of this Agreement.

8. <u>Complete Agreement.</u> Except as expressly provided herein, this Agreement is intended to, and does constitute a full and complete accord and satisfaction with respect to all existing claims, liabilities and obligations between the parties with respect to the Lease and the Premises. This Agreement further constitutes the entire understanding and agreement between the parties with respect to the subject matter hereof. Except as expressly set forth herein, there are no other representations, understandings or agreements between the parties with respect to the subject matter hereof. This Agreement shall be binding upon the parties hereto and their respective successors and assigns.

9. <u>Attorneys' Fees.</u> In connection with any litigation or court proceeding between the parties hereto arising out of this Agreement, the prevailing party shall be entitled to recover all costs incurred, including reasonable attorneys' and legal assistants' fees and costs incurred prior to trial, at trial, on appeal and in any bankruptcy or creditor's reorganization proceedings.

10. <u>Time of Essence.</u> Time is of the essence as to this Agreement and each of its provisions.

11. <u>Severability.</u> The unenforceability or invalidity of any one or more provisions hereof shall not affect the validity or enforceability of any of the other provisions hereof.

12. <u>Binding Agreement.</u> This Agreement shall be binding on, and shall inure to the benefit of, the parties hereto and their respective successors and assigns.

13. <u>Governing Law and Venue.</u> This Agreement shall be governed by and construed under and in accordance with laws of the State of Florida.

14. <u>Counterparts.</u> This Agreement may be executed in one or more counterparts, and shall become effective only when one or more counterparts have been executed by Landlord and Debtor. Each counterpart shall be deemed an original, but all of the counterparts shall constitute one Agreement.

ACTIVE 701212963v4

15. <u>Broker.</u> Landlord and Debtor each represent and warrant to the other that it knows of no brokers or persons or entities that are entitled to a lender's fee, real estate commission, finder's fee or other fee. Each party agrees to indemnify, hold harmless and, upon request, defend the other from and against all claims, loss, liability, cost and expense (including reasonable attorney's fees at or before the trial level and in any appellate proceedings) arising out of any claim made by any such other broker, person or entity who claims to have contracted with such party contrary to the representations and warranties made in this <u>Paragraph 14</u>.

16. <u>Miscellaneous.</u>

(a) Except as modified pursuant to the terms of this Agreement, the Lease is in full force and effect and this Agreement shall be deemed an amendment to the Lease.

(b) Each party agrees to bear their respective attorneys' fees and costs incurred herein and with respect to the Lease and the Premises through the date of this Agreement.

[SIGNATURE PAGE FOLLOWS]

5

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed under seal as of the day and year first above written.

**LANDLORD:**

**OPIC VCC LLC**, a Delaware limited liability company

By: _[signature]_
Name: Grant Horwitz
Title: Authorized Signatory

**VCC OWNER LLC**, a Delaware limited liability company

By: _[signature]_
Name: Grant Horwitz
Title: Authorized Signatory

**DEBTOR:**

**ARC MANAGEMENT GROUP, LLC**, a Georgia limited liability company

By: _William Wils[on]_
Name: WILLIAM WILSON
Title: CEO

**WILSON:**

_[signature]_
WILLIAM WILSON, an individual

ACTIVE 701212963v4

**Exhibit B**

Proposed Order

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In Re:<br><br>ARC MANAGEMENT GROUP, LLC,<br><br>Debtor. | CASE NO. 23-61742-BEM<br><br>CHAPTER 11 |

**ORDER GRANTING
MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Upon consideration of the motion (the "**Motion**")[1] of Debtor for Approval of its Lease Termination Agreement between Debtor and OPIC VCC LLC and VCC OWNER LLC (collectively, the "**Landlord**"), and Bill Wilson, Debtor's principal ("**Wilson**"); and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; the Court having considered the Motion and all other matters of record, including the lack of a response to the Motion; and sufficient notice being given and no further notice or hearing being required; the Court finds that good cause exists to grant the relief requested in the Motion. Accordingly,

It is hereby **ORDERED** as follows:

1.  The Motion is GRANTED.

2.  Debtor is authorized to enter into the Agreement attached to the Motion as **Exhibit**

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

<u>**A**</u>, which is hereby APPROVED.

3.  This Order shall be effective and enforceable immediately upon entry hereof.

4.  Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

### ### END OF ORDER ###

**Prepared and presented by:**

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

<u>/s/ Ceci Christy</u>
Ceci Christy, Ga. Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
cchristy@rlkglaw.com
*Attorneys for Debtor*

**Distribution List**

Ceci Christy
ROUNTREE LEITMAN KLEIN &GEER, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303