UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In Re:<br><br>ARC MANAGEMENT GROUP, LLC,<br><br>Debtor. | CASE NO. 23-61742-BEM<br><br>CHAPTER 11 |

### MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

The above captioned debtor and debtor-in-possession ARC Management Group, LLC ("**Debtor**"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Rule 9019**"), files this *Motion for Approval of Settlement and Release Agreement* (the "**Motion**") by and between Debtor, Mrs. Thresa Wilson, Mr. William Wilson and Green Note Capital Partners SPV, LLC (the "**Settlement Agreement**"). In support hereof, Debtor shows as follows:

#### JURISDICTION, VENUE, AND BACKGROUND

1. Debtor filed voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") on November 28, 2023 (the "**Petition Date**").

2. No creditors' committee has been appointed in this case and no trustee or examiner has been appointed. Debtor remains debtor in possession.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Debtor consents to the entry of final orders or judgments by the Bankruptcy Court.

4. Prior to the Petition Date, Debtor and Green Note Capital Partners SPV, LLC ("**Green Note**") entered into certain merchant cash advance agreements whereby Green Note provided cash advances to Debtor. Green Note recorded one Uniform Commercial Code Financing Statement

~ 1 ~

on August 17, 2023 against Debtor and four Uniform Commercial Code Financing Statements on August 18, 2023 (the "**UCC-1s**") against Debtor, ABI Holding LLC, Wilzara Property Management Group LLC, and ARC Management Group of Georgia, LLC and asserted a security interest in all personal property of every kind and nature of Debtor, ABI Holding LLC, Wilzara Property Management Group LLC and ARC Management Group of Georgia, LLC (collectively, the "**Cash Advance**").

5. Prior to the Petition Date, disputes arose between Debtor and Green Note regarding the Cash Advance.

6. Prior to the Petition Date, Green Note filed a lawsuit against Debtor and the Wilsons styled *Green Note Capital Partners SPV LLC v. ARC Management Group, LLC, DBA ARC Management Group and William D. Wilson and Thresa L. Wilson,* Case No. 525655/2023, Supreme Court, Kings County, New York (the "**New York Action**").

7. Debtor, William Wilson and Thresa Wilson asserted counterclaims against Green Note and others in the New York Action, including - KYF Global Partners, LLC, Funding Club, United Secured Capital Group LLC, United Secured Capital LLC, Isaac Kassab, Freddy Kassab, and Gabriel Mann.

8. In the course of the Bankruptcy Case, certain disputes have arisen among Debtor and Green Note regarding, among other things, the priority of the security interests asserted by Green Note and others and to resolve these disputes and other issues regarding creditors Debtor believed may assert security interests, on February 9, 2024, Debtor filed an adversary proceeding styled *ARC Management Group, LLC v. Flock Financial, LLC et al.*, Adv. Proc. No. 24-05018-bem (Bankr. N.D. Ga.) (the "**Adversary Proceeding**").

9. Green Note timely filed an Answer and Affirmative Defenses to Debtor's Complaint in the Adversary Proceeding.

10. Debtor, William Wilson, and Thresa Wilson and Green Note have conferred and finalized an agreement resolving the New York Action and the Adversary Proceeding and all claims therein. The terms of the agreement are incorporated into a settlement agreement (the "**Settlement Agreement**"), a true and correct copy of which is attached hereto as **Exhibit A**.[1]

### RELIEF REQUESTED

11. By this Motion, Debtor requests that the Court enter an order substantially in the form of the proposed order attached hereto as **Exhibit B** approving the Settlement Agreement and granting related relief.

### BASIS FOR RELIEF REQUESTED

12. Debtor requests that the Court approve the Settlement Agreement pursuant to Rule 9019. Under Rule 9019, the Court has discretionary authority to approve a compromise of a controversy or dispute. *See Protective Comm. for Independent Stockholders of TNT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Continental Airlines, Inc. v. Airline Pilots Ass'n Infl. (In re Continental Airlines, Inc.)*, 907 F.2d 1500, 1508 (5th Cir. 1990).

13. Whether to approve a proposed compromise is a matter within the sound discretion of the Bankruptcy Court and pre-trial settlements are favored by the courts. *See In re Munford, Inc.*, 97 F.3d 449, 455 (11th Cir. 1996); *In re AWECO, Inc.*, 725 F.2d 293, 297 (11th Cir. 1984); *In re Grot*, 291 B.R. 204, 208 (Bankr. M.D. Ga. 2003). Bankruptcy settlements are a "normal part of the bankruptcy process" and "desirable and wise methods of bringing to close proceedings otherwise lengthy, complicated and costly." *TNT Trailer*, 390 U.S. at 424 (1986).

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Settlement Agreement.

~ 3 ~

14. According to the Eleventh Circuit Court of Appeals, in deciding whether to approve a proposed settlement, a bankruptcy court should evaluate: (a) the probability of success in litigation, with due consideration for the uncertainty of the facts and the law; (b) the difficulties, if any, to be encountered in collecting on a judgment; (c) the complexity and likely direction of the litigation and any attendant expense, inconvenience and delay; and (d) the paramount interest of the creditors and a proper deference to their reasonable use. *See In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990).

15. Whether a proposed settlement is a product of an arms-length negotiation is a factor bearing on the wisdom of the compromise. *In re Cajun Elec. Power Co-Op, Inc.*, 119 F.3d 349, 356 (5th Cir. 1997); *In re Foster Mortgage Corp.*, 68 F.3d 914, 918 (5th Cir. 1995). Additionally, determining whether the settlement is in the best interest of the estate is an important consideration. *See, e.g., Cajun Elec.,* 119 F.3d at 356. Generally, the role of the Bankruptcy Court, when evaluating a proposed settlement is not to decide the issues in dispute by conducting a mini-trial. Instead, the bankruptcy court should determine whether the settlement is fair and equitable as a whole. *See, e.g., Cajun Elec.,* 119 F.3d at 355-56; *In re Joiner*, 319 B.R. 903, 907 (Bankr. M.D. Ga. 2004); *Grot*, 291 B.R. at 208 (2003).

16. Here, Debtor has considered (i) the cost of litigation, (ii) the risk of not confirming a plan, (iii) the temporal and organizational strain on Debtor caused by the involvement of its officer, William Wilson, in the litigation, and (iv) other factors justifying the prompt and efficient resolution of the matter. Debtor has determined that the terms are fair to both parties, and that the resolution of the New York Action and the Adversary Proceeding resolves the remaining litigation involved in this Debtor's case.

~ 5 ~

17.     Debtor believes that approval of the Settlement Agreement is in the best interest of the estate and creditors and will be beneficial to the restructuring process.

WHEREFORE, having filed this Motion, Debtor prays the Motion be granted, the Settlement Agreement be approved, and that the Court grant Debtor such other and further relief as it may deem just and proper.

Dated: October 30, 2024                     ROUNTREE LEITMAN KLEIN &GEER, LLC

<u>/s/ Ceci Christy</u>
Ceci Christy, Ga. Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
cchristy@rlkglaw.com
*Attorneys for Debtor*

## Exhibit A

**Settlement Agreement**

# SETTLEMENT AND RELEASE AGREEMENT

**THIS SETTLEMENT AND RELEASE AGREEMENT** (the "Agreement") is entered into this 30th day of October 2024, by and between ARC MANAGEMENT GROUP, LLC, in its capacity as debtor-in-possession ("**Debtor**"), WILLIAM WILSON and THRESA WILSON as principals of Debtor ("**Wilsons**"), and GREEN NOTE CAPITAL PARTNERS SPV, LLC ("**Green Note**") The foregoing are collectively referred to herein as the "**Parties**" and each a "**Party.**"

## RECITALS

WHEREAS, on November 28, 2023 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under chapter 11 of title 11, of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia (the "**Bankruptcy Court**"), initiating the bankruptcy case captioned *In re ARC Management Group, LLC*, Case No. 23-61742-bem (the "**Bankruptcy Case**");

WHEREAS, Green Note filed Proof of Claim 8 in the Bankruptcy Case in the amount of $522,167.37 (the "**Claim**");

WHEREAS, prior to the Petition Date, Debtor and Green Note entered into certain merchant cash advance agreements whereby Green Note provided cash advances to Debtor. Green Note recorded one Uniform Commercial Code Financing Statement on August 17, 2023 against the Debtor and four Uniform Commercial Code Financing Statements on August 18, 2023 (the "**UCC-1s**") against Debtor, ABI Holding LLC, Wilzara Property Management Group LLC, and ARC Management Group of Georgia, LLC and asserted a security interest in all personal property of every kind and nature of Debtor, ABI Holding LLC, Wilzara Property Management Group LLC and ARC Management Group of Georgia, LLC (collectively, the "**Cash Advance**");

WHEREAS, prior to the Petition Date, disputes arose between Debtor and Green Note regarding the Cash Advance;

WHEREAS, prior to the Petition Date, Green Note filed a lawsuit against Debtor and the Wilsons styled *Green Note Capital Partners SPV LLC v. ARC Management Group, LLC, DBA ARC Management Group and William D. Wilson and Thresa L. Wilson,* Case No. 525655/2023, Supreme Court, Kings County, New York (the "**New York Action**").

WHEREAS, Debtor and the Wilsons asserted counterclaims against Green Note and others in the New York Action;

WHEREAS, in the course of the Bankruptcy Case, certain disputes have arisen among Debtor and Green Note regarding, among other things, the priority of the security interests asserted by Green Note and others and to resolve these disputes and other issues regarding creditors Debtor believed may assert security interests, on February 9, 2024, Debtor filed an adversary proceeding styled *ARC Management Group, LLC v. Flock Financial, LLC et al.*, Adv. Proc. No. 24-05018-bem (Bankr. N.D. Ga.) (the "**Adversary Proceeding**");

1

WHEREAS, Green Note timely filed an Answer and Affirmative Defenses to Debtor's Complaint in the Adversary Proceeding;

WHEREAS, other defendants in the Adversary Proceeding entered into various financing agreements with Debtor prior to the Petition Date, including seven (7) Agreements of Sale of Future Receipts and/or Agreements for the Purchase and Sale of Future Receipts which the Libertas Parties, not being a party to this Agreement, contend were outstanding as of the Petition Date, and three (3) Business Loan and Security Agreements and recorded Uniform Commercial Code Financing Statements that are claimed to have been recorded prior to Green Note's financing statements; and

WHEREAS, the Parties to this Agreement have reached a settlement and compromise of all claims and counterclaims asserted or which could have been asserted by said Parties, one against the other, arising out of or related to the Cash Advance, the New York Action, the Claim, the Adversary Proceeding, and the Bankruptcy Case;

NOW THEREFORE, for and in consideration of the promises, performance of the terms and conditions recited herein, the releases contained herein and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties hereby agree as follows:

## AGREEMENT

1. **Recitals**.  The foregoing recitals are confirmed by the Parties as true and correct and are incorporated herein by reference.  The recitals are a substantive, contractual part of this Agreement.

2. **Bankruptcy Court Approval; Effective Date**.

(a) The Parties acknowledge that this Agreement is subject to the Bankruptcy Court's approval pursuant to Fed. R. Bankr. P. 9019 ("**Rule 9019**") and, notwithstanding anything else contained herein, shall not be effective until an order granting such approval has been entered by the Court and has become final and nonappealable.

(b) Within three (3) days after the date on which all Parties have executed this Agreement, Debtor shall file a motion with the Bankruptcy Court for entry of an Order approving the terms of this Agreement.

(c) The "**Effective Date**" of this Agreement is the date that is one (1) day after an order approving this Agreement becomes final and non-appealable pursuant to Fed. R. Bankr. P. 8002.

3. **Settlement Amount and Payment**.  The Parties to this Agreement hereby agree to settle and compromise any and all claims and counterclaims asserted or which could have been asserted by the Parties, one against the other, arising out of or related to the Cash Advance, the New York Action, the Claim, the Adversary Proceeding, the Claim, the Cash Advance, and the Bankruptcy Case for $50,000.00 (the "**Settlement Amount**").  The Wilsons shall pay Green Note

2

the Settlement Amount within ninety (90) days after the Court's entry of the Rule 9019 Order. Time is of the essence as to the tendering of said Settlement Amount in full. In the event of a breach of this Agreement with respect to full and timely payment of this Settlement Amount, Green Note shall be entitled to full payment of the aforesaid advance of $522,167.37.

4. **Cancellation of UCC-1s Against Debtor Affiliated Entities**. Within thirty (30) days of tendering of the Settlement Amount in full by the Wilsons to Green Note, Green Note shall cause to be released or cancelled all Green Note UCC-1 filings against Debtor and all entities affiliated with Debtor, specifically those UCCs recorded against ABI Holdings, WilZara Property Management, LLC, and ARC Management Group of Georgia LLC.

5. **Dismissal of the New York Action.** Within ten (10) days of the tendering of the Settlement Amount in full by the Wilsons to Green Note, Green Note shall dismiss with prejudice the New York Action and Debtor and the Wilsons shall dismiss with prejudice their counterclaims against Green Note and all other named Defendants in the New York Action.

6. **Definitions Applicable to Releases**.

(a) "Debtor Released Parties" and "Debtor Releasors" means and refers to Debtor, Debtor's estate, and their respective past, present, and future affiliates, members, managers, officers, directors, shareholders, partners, administrative agents, servicers, agents, employees, attorneys, heirs, assigns, representatives, predecessors and successors.

(b) "Wilson Released Parties" and "Wilson Releasors" means and refers to, individually and collectively, William Wilson and Thresa Wilson and their respective administrative agents, servicers, agents, employees, attorneys, heirs, assigns, and representatives and ABI Holdings, WilZara Property Management, LLC, and ARC Management Group of Georgia LLC.

(c) "Green Note Released Parties" and "Green Note Releasors" means and refers to Green Note, together with its past, present, and future affiliates, members, managers, officers, directors, shareholders, partners, administrative agents, servicers, agents, employees, attorneys, heirs, assigns, representatives, predecessors and successors including KYF Global Partners, LLC, Funding Club, United Secured Capital Group LLC, United Secured Capital LLC, Isaac Kassab, Freddy Kassab, Gabriel Mann

7. **Release by Debtor**. On the Effective Date and subject to full compliance with all the terms of this Agreement, each of Debtor Releasors shall be deemed to release, acquit, and forever discharge each of the Green Note Released Parties as specified in this Agreement from any and all claims, causes of action, suits, damages, judgments, liens, losses, expenses, recoupments, and demands whatsoever in law and in equity, contract or tort that Debtor Releasors had, now have, or may later have or claim to have against any of the Green Note Released Parties, individually or collectively, whether known or unknown, asserted or unasserted, fixed or contingent, liquidated or unliquidated, now accrued or that may accrue hereafter, that arose or transpired at any time from the beginning of time through the Effective Date, asserted in, arising

3

from or in any way related to the New York Action, the Bankruptcy Case, the Adversary Proceeding, the Claim, the Cash Advance, and the business operations of Debtor Releasors. Debtor Releasors covenant and agree not to sue or take any action against any of the Green Note Released Parties for any claim released under this Paragraph 7.

8. **Release by Green Note**. On the Effective Date and subject to full compliance with all of the terms this Agreement, each of the Green Note Releasors shall be deemed to release, acquit, and forever discharge each of Debtor Released Parties and Wilson Released Parties, ABI Holdings, WilZara Property Management, LLC, and ARC Management Group of Georgia LLC, from any and all claims, causes of action, suits, damages, judgments, liens, losses, expenses, recoupments, and demands whatsoever in law and in equity, contract or tort that the Green Note Releasors had, now have, or may later have or claim to have against any of the Debtor Released Parties and Wilson Released Parties, individually or collectively, whether known or unknown, asserted or unasserted, fixed or contingent, liquidated or unliquidated, now accrued or that may accrue hereafter, that arose or transpired at any time from the beginning of time through the Effective Date, asserted in, arising from or in any way related to the New York Action, the Bankruptcy Case, the Claim, the Cash Advance, and the Adversary Proceeding. The Green Note Releasors covenant and agree not to sue or take any action against any of Debtor Released Parties or Wilson Released Parties for any claim released under this Paragraph 8. Further, the Green Note Releasors agree that they do not have an allowed claim, whether secured or unsecured, in Debtor's Bankruptcy Case.

9. **Release by Wilsons**. On the Effective Date and subject to full compliance with the all of the terms of this Agreement, each of the Wilson Releasors shall be deemed to release, acquit, and forever discharge each of the Green Note Released Parties including KYF Global Partners, LLC, Funding Club, United Secured Capital Group LLC, United Secured Capital LLC, Issac Kassab, Freddy Kassab, Gabriel Mann from any and all claims, causes of action, suits, damages, judgments, liens, losses, expenses, recoupments, and demands whatsoever in law and in equity, contract or tort that the Wilson Releasors had, now have, or may later have or claim to have against any of the Green Note Released Parties, individually or collectively, whether known or unknown, asserted or unasserted, fixed or contingent, liquidated or unliquidated, now accrued or that may accrue hereafter, that arose or transpired at any time from the beginning of time through the Effective Date, asserted in, arising from or in any way related to the New York Action, the Bankruptcy Case, the Claim, the Cash Advance, and the Adversary Proceeding. The Wilson Releasors covenant and agree not to sue or take any action against any of the Green Note Released Parties for any claim released under this Paragraph 9.

10. **Representations and Warranties**. Each of the Parties makes the following representations and warranties, and agrees and acknowledges that these and all other representations and warranties contained in this Agreement are material to this Agreement:

(a) Each person signing this Agreement on behalf of a Party is fully competent to execute this Agreement and has all necessary authority to bind the Party on whose behalf they are signing to the promises, covenants, representations, warranties, terms and conditions set forth herein.

4

 (b) This Agreement is not being made or entered into with the actual intent to hinder, delay or defraud any entity or person.

 (c) No representations regarding the nature and extent of legal liability of any of the Parties has induced any Party to enter into this Agreement.

 (d) Each of the Parties is the current respective owner of the claims released herein, and there has been no assignment, sale, or other transfer or disposition of any interest therein prior to the Effective Date.

 (e) Each Party has been represented by counsel in the negotiation of this Agreement and the Agreement has been reviewed by the Parties' respective counsel.

 (f) The consideration given and received by each Party in respect of the promises, covenants, and obligations made under this Agreement represents reasonably equivalent value therefor.

11. **Attorneys' Fees and Expenses**. Each Party shall bear their own attorneys' fees and expenses in connection with this Agreement and the subject matter thereof. Notwithstanding the foregoing, in the event of a breach of this Agreement, the aggrieved party shall have the right to seek and recover reasonable attorneys' fees and expenses including courts costs against any breaching party incurred in any matter related to the enforcement of this Agreement.

12. **Governing Law**. This Agreement shall be interpreted and governed by the laws of the State of New York.

13. **Jurisdiction of Bankruptcy Court**. The Parties hereby acknowledge and agree that the Bankruptcy Court shall have exclusive jurisdiction to enforce and adjudicate any dispute arising under this Agreement. The provisions of this Paragraph 13 shall survive the closure of the Bankruptcy Case and/or the termination of this Agreement. Notwithstanding the foregoing, this Agreement shall remain fully binding on all the Parties hereto, including but not limited to in any pending or subsequently filed judicial proceeding.

14. **Drafting**. This Agreement was negotiated and drafted with the full participation of the Parties and their respective counsel. In the event that it is determined that any ambiguity exists in this Agreement, any such ambiguity shall not be resolved or otherwise construed against any particular Party by virtue of the fact that it participated in the drafting, but rather, shall be resolved by a fair reading of the intent of the Parties as established herein.

15. **Successors and Assigns**. The Parties agree that the terms, covenants, and obligations set forth herein shall inure to the benefit of and be binding upon each of their respective agents, attorneys, officers, directors, members, managers, employees, representatives, administrators, executors, successors and assigns.

16. **Modifications**. Any future waiver, alteration, amendment or modification of any of the provisions of this Agreement shall not be valid or enforceable unless in writing and signed

by all Parties, it being expressly agreed that this Agreement cannot be modified orally, by course of dealing or by implied agreement.

17. **Severance**.  If any provision of this Agreement is found to be contrary to law or void, the remainder of the Agreement shall be considered valid and enforceable and shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

18. **Multiple Counterparts**.  This Agreement may be signed in multiple counterparts, each of which will be deemed an original and all of which taken together will constitute one instrument binding upon the Parties, notwithstanding that each Party is not a signatory to the same counterpart.  Any scanned PDF or facsimile counterparts shall be considered originals.

19. **Strict Compliance**.  The failure of any Party at any time or times to demand strict performance by the other Parties of any of the terms, covenants, or conditions set forth herein shall not be construed as a continuing waiver or relinquishment thereof.  Any Party may, at any time, demand strict and complete performance by the other Parties of the terms, covenants, and conditions of this Agreement.

20. **No Admission**.  Nothing herein shall be deemed or construed to be an admission or acknowledgment of any liability by or of any Party.

21. **Entire Agreement**.  The Parties agree that this Agreement sets forth the entire agreement of the Parties in relation to its subject matter and that no prior oral or written matters extrinsic to this Agreement shall have any force or effect.

[REMAINDER OF PAGE LEFT BLANK]

[SIGNATURES ON FOLLOWING PAGES]

IN WITNESS WHEREOF, the Parties have set their hands and seals as of the Agreement Date above.

**ARC MANAGEMENT GROUP, LLC,** in its capacity as debtor in possession

By:_____
Name:_____
Title:_____

**WILLIAM WILSON,** an individual

_____

**THRESA WILSON,** an individual

_____

**FUNDING CLUB**

By: *[signature]*
Name: Freddy Wilson
Title: CEO

**UNITED SECURED CAPITAL, LLC**

By: *[signature]*
Name: Gabriel Mann
Title: CEO

**GREEN NOTE CAPITAL PARTNERS SPV, LLC,** a \_\_NY\_\_ limited liability company

By: *[signature]*
Name: Gabriel Mann
Title: Owner

**GABRIEL MANN** *[signature]*

**ISAAC KASSAB,** an individual
*[signature]*

**FREDDY KASSAB,** an individual
*[signature]*

**KYF GLOBAL PARTNERS, LLC**

By: *[signature]*
Name: Freddy Wilson
Title: CEO

**UNITED SECURED CAPITAL GROUP, LLC**

By: *[signature]*
Name: Gabriel Mann
Title: CEO

IN WITNESS WHEREOF, the Parties have set their hands and seals as of the Agreement Date above.

| **ARC MANAGEMENT GROUP, LLC**, in its capacity as debtor in possession | **GREEN NOTE CAPITAL PARTNERS SPV, LLC**, a _____ limited liability company |
|---|---|
| By: *[signature]* <br> Name: William Wilson <br> Title: CTO | By: _____ <br> Name: _____ <br> Title: _____ |

**WILLIAM WILSON**, an individual

*[signature]*

**GABRIEL MANN**

**THRESA WILSON**, an individual

*[signature]*

**ISAAC KASSAB**, an individual

**FREDDY KASSAB**, an individual

| **FUNDING CLUB** | **KYF GLOBAL PARTNERS, LLC** |
|---|---|
| By: _____ <br> Name: _____ <br> Title: _____ | By: _____ <br> Name: _____ <br> Title: _____ |

| **UNITED SECURED CAPITAL, LLC** | **UNITED SECURED CAPITAL GROUP, LLC** |
|---|---|
| By: _____ <br> Name: _____ <br> Title: _____ | By: _____ <br> Name: _____ <br> Title: _____ |

7

**Exhibit B**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **In Re:** | **CASE NO. 23-61742-BEM** |
| **ARC MANAGEMENT GROUP, LLC,** | **CHAPTER 11** |
| **Debtor.** | |

**ORDER GRANTING**
**MOTION FOR APPROVAL OF SETTLEMENT AND RELEASE AGREEMENT**

Upon consideration of the motion (the "**Motion**")[1] of Debtor for Approval of its Settlement and Release Agreement (the "**Settlement Agreement**") regarding the Cash Advance made to Debtor by Green Note Capital Partners SPV, LLC ("**Green Note**"); and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; the Court having considered the Motion and all other matters of record,

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

including the lack of a response to the Motion; and based on the forgoing, no further notice or hearing is required; the Court finds that good cause exists to grant the relief requested in the Motion. Accordingly,

It is hereby **ORDERED** as follows:

1. The Motion is GRANTED.

2. Debtor is authorized to enter into the Settlement Agreement attached to the Motion as **Exhibit A**, which is hereby APPROVED.

3. This Order shall be effective and enforceable immediately upon entry hereof.

4. Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

### ### END OF ORDER ###

**Prepared and presented by:**

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Ceci Christy*
Ceci Christy, Ga. Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
cchristy@rlkglaw.com
*Attorneys for Debtor*

**Distribution List**

Ceci Christy
ROUNTREE LEITMAN KLEIN &GEER, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303