**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | : |
| | :    **CHAPTER 11** |
| ARC MANAGEMENT GROUP, LLC, | : |
| | :    **Case No. 23-61742 - BEM** |
| Debtor. | : |

**EMERGENCY MOTION BY CHAPTER 11 TRUSTEE FOR AN ORDER APPROVING MODIFICATION OF SETTLEMENT AND REQUEST FOR EXPEDITED HEARING**

**COMES NOW** S. Gregory Hays, as Chapter 11 Trustee ("**Trustee**") for the bankruptcy estate (the "**Estate**") of ARC Management Group, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Bankruptcy Case**") and, by and through counsel, hereby files this *Emergency Motion by Chapter 11 Trustee for an Order Approving Modification of Settlement and Request for Expedited Hearing* (the "**Motion**"). In support of the Motion, the Trustee respectfully shows the Court as follows:

**PROCEDURAL BACKGROUND**

1. On November 28, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

2. Prior to the appointment of the Trustee, on August 23, 2024, the Debtor filed a *Motion for Approval of Settlement Agreement* [Doc. No. 181] (the "**Settlement Motion**") that sought the approval of a certain *Settlement and Release Agreement* dated August 16, 2024 (the "**Settlement**"), a copy of which is attached as **Exhibit A** to the Settlement Motion, by and among the Debtor, Flock Financial, LLC ("**Flock**"), WebBank ("**WebBank**"), Libertas Funding, LLC ("**Libertas**"), SuperB Capital, LLC ("**SuperB**" or "**Libertas**"), and Lendspark Corporation ("**Lendspark**" and collectively with WebBank, Libertas, and SuperB, the "**Libertas Parties**"). The Debtor, Flock and the Libertas Parties are collectively referred to in the Settlement and

herein as the "**Parties**." Samson MCA, LLC ("**Samson**") also signed and agreed to be bound by the Settlement.

3. The Court entered an *Order Granting Motion for Approval of Settlement Agreement* [Doc. No. 203] dated September 23, 2024, incident to which the Court granted the Settlement Motion and authorized the entry of the Settlement.

4. After irregularities were discovered in certain financial information reported by the Debtor, on November 7, 2024, the Debtor entered into a *Consent Order Directing the Appointment of a Trustee* [Doc. No. 224] and on November 12, 2024, the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee and Setting Bond* [Doc. No. 227] pursuant to which S. Gregory Hays was appointed as the Chapter 11 Trustee for the Estate of the Debtor.

5. On November 14, 2024, the Court entered an order [Doc. No. 231] approving the appointment of the Trustee as Chapter 11 Trustee in this Bankruptcy Case. The Trustee is duly qualified to act in such capacity.

## MODIFICATION OF SETTLEMENT

6. Between July 28, 2022, and February 27, 2023, Debtor and Flock entered into a series of agreements incident to which Flock provided funding for a percentage of the purchase price of certain consumer debt portfolios (the "**Portfolios**").

7. The Settlement entered prior to the appointment of the Trustee required the Debtor to execute a Master Servicing Agreement (the "**MSA**") with Allgate Financial LLC ("**Allgate**") under the terms of which Allgate would collect and service the charged off consumer medical accounts receivable of the eleven Portfolios.

8.  Prior to the appointment of the Trustee, the Court entered on February 7, 2024, a *Final Order Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection* [Doc. Nos. 117 and 121] (the "**Cash Collateral Order**").

9.  Pursuant to the terms of the MSA and Cash Collateral Order that were entered prior to the appointment of the Trustee, the Debtor maintained a segregated debtor-in-possession bank account at Wells Fargo ending in 9737 known as the "ARC Debtor in Possession Portfolio Trust Account" (the "**DIP Segregated Account**"). The DIP Segregated Account is now maintained by the Trustee.

10. The MSA and the Cash Collateral Order provide that Allgate and the Debtor shall deposit Net Proceeds (as defined in the Cash Collateral Order) of all collections of the Portfolios (the "**Portfolio Funds**") into the DIP Segregated Account. The Cash Collateral Order further provides that, on a monthly basis, Debtor may transfer ten percent (10%) of the Net Proceeds from the DIP Segregated Account into the Debtor in Possession Operating Account at Wells Fargo ending in 0253 (the "**DIP Operating Account**"). The DIP Operating Account is now maintained by the Trustee.

11. Under the terms of the MSA, Debtor retained for collection twenty percent (20%) of the Portfolio accounts (the "**ARC Serviced Portfolio Accounts**"). The gross collections of the ARC Serviced Portfolio Accounts are deposited into the DIP Operating Account. From the gross collections, Debtor retains its collection commission and then deposits the net collections into the DIP Segregated Account.

12. Paragraph 5 of the Settlement required that Debtor file and diligently seek confirmation of a chapter 11 plan by no later than 20 days after execution of the Settlement and further provided that failure to file a plan would constitute cause for conversion to chapter 7.

3

13. Paragraph 6 of the Settlement provides that in "the event the Bankruptcy Case is dismissed or converted to a case under Chapter 7 of the Bankruptcy Code for any reason, including the Debtor's failure to obtain confirmation of the Plan (as defined herein), Debtor shall no longer be entitled to receive any Portfolio Funds, and Flock and the Libertas Parties shall each be entitled to fifty percent (50%) of Portfolio Funds."

14. The Parties have agreed to modify the Settlement Paragraph 6 of the Settlement as set forth in the written Modification Agreement (the "**Modification Agreement**") attached as **Exhibit 1** hereto that has been signed by the Parties. Pursuant to the Modification Agreement, the Parties have agreed that (i) the Debtor will not be divested of or lose any right or entitlement to receive Portfolio Funds and shall continue to be entitled to receive ten percent (10%) of such proceeds from collections or sales of all or part of the Portfolio Funds in the event that the Bankruptcy Case is converted to a case under Chapter 7 of the Bankruptcy Code, (ii) the Trustee and any other trustee subsequently appointed for the Debtor shall continue to receive—on behalf of the Estate—ten percent (10%) of the Portfolio Funds under the Settlement, Cash Collateral Order, and MSA, (iii) Flock shall continue to receive forty-five percent (45%) of the Portfolio Funds under the Settlement, Cash Collateral Order, and MSA until the Flock Claim has been paid in full, and (iv) Libertas shall continue to receive forty-five percent (45%) of the Portfolio Funds under the Settlement, Cash Collateral Order, and MSA until the Libertas Claim has been paid in full.  The Parties further agree that the ten percent of sale or collection proceeds paid to the Bankruptcy Estate herein shall be treated as a carve-out from the liens and claims of Flock and Libertas to be used to pay Chapter 7 administrative expenses but shall not reduce the amounts owed to Flock and the Libertas Parties.  The Parties further agree that the Modification

Agreement satisfies Paragraph 22 of the Settlement for any waiver, alteration, amendment, or modification of the Settlement to be in writing and signed by the Parties.

15. The Parties have further agreed that, except as modified and amended in the Modification Agreement, the terms and provisions of the Settlement shall remain unchanged and in place unless and until modified or amended in writing in accordance with the terms of the Settlement. Such agreement does not mean or imply that the Trustee consents to or authorizes any conduct that occurred prior to the appointment of the Trustee.

16. The Modification Agreement does not negatively impact any right of the Estate and reflects a modification of the Settlement that has already been reviewed and authorized by the Court.

17. By this Motion, the Trustee requests that the Court approve the Modification Agreement.

18. As the Trustee has announced to the Court, the Trustee has determined that a reorganization of this Debtor is not feasible and that this Case should be converted to a case under Chapter 7. Although the reasons for the conversion will be detailed in a separate motion, the Trustee does not believe any business exists which can be reorganized and the Debtor's principal, Mr. Bill Wilson, has failed to cooperate with the Trustee and to provide the Trustee with critical information about the business, including even the identities of the Debtor's customers. The Trustee has further determined that the Chapter 11 Bankruptcy Estate is administratively insolvent and that this case cannot remain in Chapter 11. However, the Trustee does not want to jeopardize the Estate's interest in the Portfolio Funds and the Trustee accordingly requests that the Court set this Motion for hearing and determine the Motion on an expedited basis.

19. As part of this process, the Trustee has also had extensive discussions with Flock and Libertas regarding the disposition of the Portfolio Funds in order to maximize the return on the Portfolio Funds. At present, the Trustee is working with Flock and Libertas regarding a possible sale of the Portfolio Funds and agreed to cooperate and work with Flock and Libertas to effectuate such a sale and maximize the value of these assets.

20. The Trustee accordingly submits that an expedited hearing on this Motion is in the best interests of the Estate and the creditors of the Debtor. As such, the Trustee further requests that the Court enter an order (the "**Order and Notice of Hearing**"), substantially in the form attached hereto as **Exhibit 2**, that: a) schedules an expedited hearing on the Motion; b) approves the notice procedures requested herein in connection with the Motion; c) requires any response or objection to the relief requested in the Motion be filed and served at least one (1) business day prior to any scheduled hearing date set by the Court; and d) grants the Trustee such other and further relief as is just and proper.

21. Pursuant to Rule 9006(c)(1) of the Bankruptcy Rules, "when an act is required or allowed to be done at or within a specified time . . . , the court for cause shown may in its discretion with or without motion or notice order the period reduced."

22. The Court may also act to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). "The basic purpose of Section 105(a) is to assure the bankruptcy court's power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 *Collier on Bankruptcy* ¶ 105.01 (16th ed. 2015).

23. In light of the foregoing, the Trustee submits that consideration of this Motion on shortened notice as requested herein is justified under the facts and circumstances presented and

6

is in the best interests of the Estate and its creditors. Accordingly, the Trustee requests that the Motion be heard at the earliest convenience of the Court. The Trustee further requests that any response or objection to the relief requested in the Motion be filed and served at least one (1) business day prior to any scheduled hearing date set by the Court.

24. Copies of this Motion shall be available as follows: a) upon request of counsel for the Trustee and b) in the office of the Clerk, U.S. Bankruptcy Court between 8:00 a.m. and 4:00 p.m. or online anytime at http://ecf.ganb.uscourts.gov (registered users) or at http://pacer.psc.uscourts.gov (unregistered users).

25. Counsel for the Trustee shall serve a copy of the Order and Notice of Hearing granting an expedited hearing by hand delivery, facsimile, electronic mail (if consented to by the recipient), overnight courier (when a street address is available), or by next-day United States mail upon: a) the Office of the United States Trustee; b) counsel for the Debtor; and c) parties requesting notice pursuant to Bankruptcy Rule 2002. A copy of the Order and Notice of Hearing will also mailed via first class United States Mail. In light of the nature of the relief requested, no further notice is necessary.

WHEREFORE, Trustee requests that this Court enter the Order and Notice of Hearing and: (a) grant this Motion; (b) set this matter for hearing on an expedited basis; (c) enter an order: i) authorizing the Trustee to modify the Settlement; ii) approving the Modification Agreement; iii) authorizing the Trustee to enter the Modification Agreement on behalf of the Debtor; and iv) authorizing and empowering the Trustee to take all actions necessary to implement the relief granted in such order; and (d) grant the Trustee such other and further relief as the Court deems just and proper.

Date: March 6, 2025.

    Respectfully submitted,
    LAW OFFICES OF HENRY F. SEWELL JR., LLC
    ***/s/ Henry F. Sewell, Jr.***
    Henry F. Sewell, Jr.
    Georgia Bar No. 636265
    Buckhead Centre
    2964 Peachtree Road NW, Suite 555
    Atlanta, GA 30305
    (404) 926-0053; hsewell@sewellfirm.com
    COUNSEL FOR THE TRUSTEE

EXHIBIT 1

**Modification Agreement**

This MODIFICATION AGREEMENT (the "**Modification Agreement**" is entered into this 10th day of February, 2025, by and among ARC Management Group, LLC, Debtor (the "**Debtor**") in Bankruptcy Case No. 23-61742-BEM (the "**Bankruptcy Case**"), by and through the authorized representative of the Debtor, S. Gregory Hays, not individually, but as Chapter 11 Trustee ("**Trustee**") for the bankruptcy estate (the "**Estate**") of the Debtor in the Bankruptcy Case, Flock Financial, LLC ("**Flock**"), WebBank ("**WebBank**"), Libertas Funding, LLC ("**Libertas**"), SuperB Capital, LLC ("**SuperB**" or "**Libertas**"), Lendspark Corporation ("**Lendspark**" and collectively with WebBank, Libertas, and SuperB, the "**Libertas Parties**"), and Samson MCA, LLC ("**Samson**"). The foregoing are collectively referred to herein as the "**Parties**" and each a "**Party.**"

**RECITALS**

WHEREAS, the Debtor and Flock entered into a series of agreements incident to which Flock provided funding for a percentage of the purchase price of certain consumer debt portfolios (the "**Portfolios**").

WHEREAS, the Debtor, Flock, and the Libertas Parties entered into a certain *Settlement and Release Agreement* dated August 16, 2024 (the "**Settlement**"). Samson was also a signatory to and bound by the Settlement with respect only to Paragraph 7 of the Settlement.

WHEREAS, the Settlement entered prior to the appointment of the Trustee required the Debtor to execute a Master Servicing Agreement (the "**MSA**") with Allgate Financial LLC ("**Allgate**") under the terms of which Allgate would collect and service the charged off consumer medical accounts receivable of the eleven Portfolios.

WHEREAS, prior to the appointment of the Trustee, the Court entered on February 7, 2024, a Final Order Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection [Doc. Nos. 117 and 121] (the "**Cash Collateral Order**").

WHEREAS, pursuant to the terms of the MSA and Cash Collateral Order that were entered prior to the appointment of the Trustee, the Debtor maintained a segregated debtor-in-possession bank account at Wells Fargo ending in 9737 known as the "ARC Debtor in Possession Portfolio Trust Account" (the "**DIP Segregated Account**"). The DIP Segregated Account is now maintained by the Trustee.

WHEREAS, the MSA and the Cash Collateral Order provide that Allgate and the Debtor shall deposit Net Proceeds (as defined in the Cash Collateral Order) of all collections of the Portfolios (the "**Portfolio Funds**") into the DIP Segregated Account. The Cash Collateral Order further provides that, on a monthly basis, Debtor may transfer ten percent (10%) of the Net Proceeds from the DIP Segregated Account into the Debtor in Possession Operating Account at Wells Fargo ending in 0253 (the "**DIP Operating Account**"). The DIP Operating Account is now maintained by the Trustee.

WHEREAS Paragraph 6 of the Settlement originally provided that in "the event the Bankruptcy Case is dismissed or converted to a case under Chapter 7 of the Bankruptcy Code for any reason, including the Debtor's failure to obtain confirmation of the Plan (as defined herein), Debtor shall no longer be entitled to receive any Portfolio Funds, and Flock and the Libertas Parties shall each be entitled to fifty percent (50%) of Portfolio Funds."

WHEREAS, the Parties have agreed to waive, alter, amend, modify, and strike Paragraph 6 of the Settlement as set forth herein, but leaving all other terms and conditions of the Settlement Agreement in place.

NOW THEREFORE, for and in consideration of the promises, performance of the terms and conditions recited herein and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties, intending to be legally bound hereby, agree as follows:

## AGREEMENT

1. <u>Recitals</u>. The foregoing recitals are confirmed by the Parties as true and correct and are incorporated herein by reference. The recitals are a substantive, contractual part of this Modification Agreement.

2. <u>Modification of Paragraph 6 of Settlement</u>. Paragraph 6 of the Settlement is hereby modified in its entirety as follows: "In the event the Bankruptcy Case is dismissed or converted to a case under Chapter 7 of the Bankruptcy Code for any reason, including the Debtor's failure to obtain confirmation of the Plan (as defined herein), (i) the Trustee and any other trustee subsequently appointed for the Debtor shall continue to receive—on behalf of the Estate—ten percent (10%) of the Portfolio Funds proceeds from collections or sales of all or part of the Portfolio Funds under the Settlement, Cash Collateral Order, and MSA, (iii) Flock shall continue to receive forty-five percent (45%) of the Portfolio Funds under the Settlement, Cash Collateral Order, and MSA until the Flock Claim has been paid in full, and (iv) Libertas shall continue to receive forty-five percent (45%) of the Portfolio Funds under the Settlement, Cash Collateral Order, and MSA until the Libertas Claim has been paid in full.  The Parties further agree that the ten percent (10%) of sale or collection proceeds paid to the Bankruptcy Estate herein shall be treated as a carve-out from the liens and claims of Flock and Libertas to be used to pay Chapter 7 administrative expenses but shall not reduce the amounts owed to Flock and the Libertas Parties.

3. <u>Modification of Notice for the Debtor</u>. Paragraph 27 is amended to replace the notice address of the Debtor in the Settlement with the following:

> S. Gregory Hays, Trustee
> Chapter 11 Trustee for ARC Management Group, LLC
> 2964 Peachtree Road NW, Suite 555
> Atlanta, Georgia 30305
> 404-926-0051
> ghays@haysconsulting.net

2

4.        <u>Written Amendment</u>. The Parties further agree that this Modification Agreement satisfies Paragraph 22 of the Settlement for any waiver, alteration, amendment, or modification of the Settlement to be in writing and signed by the Parties.

5.        <u>Survival</u>. Except as modified and amended in this Modification Agreement, the terms and provisions of the Settlement shall remain unchanged and in place unless and until modified or amended in writing in accordance with the terms of the Settlement. Such agreement does not imply that the Trustee consents to or authorizes any conduct that occurred prior to the appointment of the Trustee.

6.        <u>Multiple Counterparts</u>. This Modification Agreement may be signed in multiple counterparts, each of which will be deemed an original and all of which taken together will constitute one instrument binding upon the Parties, notwithstanding that each Party is not a signatory to the same counterpart. Any scanned PDF or facsimile counterparts shall be considered originals.

[Signatures of Following pages]
[Remainder of Page Intentionally Blank]

Case 23-61742-bem    Doc 245    Filed 03/06/25    Entered 03/06/25 15:20:49    Desc Main
Document    Page 12 of 17

IN WITNESS WHEREOF, the Parties have set their hands and seals to this Modification Agreement Date as of the date set forth above.

ARC MANAGEMENT GROUP, LLC, by and through S. Gregory Hays, as Chapter 11 Trustee for the bankruptcy estate of ARC Management Group, LLC
By: _____
Name: _____
Title: _____

FLOCK FINANCIAL, LLC, a Delaware limited liability company
By: _____
Name: _____
Title: _____

WEBBANK, a [_____]
By: _____
Name: _____
Title: _____

LIBERTAS FUNDING, LLC, a Delaware limited liability company
By: _____
Name: _____
Title: _____

SUPERB CAPITAL, LLC, a Delaware limited liability company
By: _____
Name: _____
Title: _____

LENDSPARK CORPORATION, a Delaware corporation
By: _____
Name: _____
Title: _____

SAMSON MCA, LLC, a Delaware limited liability company
By: _____
Name: _____
Title: _____

EXHIBIT 2

**Proposed Order and Notice of Hearing**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 11 |
| ARC MANAGEMENT GROUP, LLC, | : | |
| | : | Case No. 23-61742 - BEM |
| **Debtor.** | : | |

**ORDER SHORTENING NOTICE AND SCHEDULING EXPEDITED HEARING ON EMERGENCY MOTION BY CHAPTER 11 TRUSTEE FOR AN ORDER APPROVING MODIFICATION OF SETTLEMENT AND REQUEST FOR EXPEDITED HEARING**

**PLEASE TAKE NOTICE** that S. Gregory Hays, as Chapter 11 Trustee ("**Trustee**") for the bankruptcy estate (the "**Estate**") of ARC Management Group, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Case**"), has filed an *Emergency Motion by Chapter 11 Trustee for an Order Approving Modification of Settlement and Request for Expedited Hearing* [Doc. No. __] (the "**Motion**") in which the Trustee requests that the Court hear and consider on an expedited basis the request in the Motion to modify the *Settlement and Release Agreement* dated August 16, 2024 (the "**Settlement**") by and among the Debtor, Flock Financial, LLC ("**Flock**"), WebBank ("**WebBank**"), Libertas Funding, LLC ("**Libertas**"), SuperB Capital, LLC ("**SuperB**" or "**Libertas**"), and Lendspark Corporation ("**Lendspark**"

and collectively with WebBank, Libertas, and SuperB, the "**Libertas Parties**"). All capitalized, but undefined terms used herein shall be given the meaning ascribed to them in the Motion. Upon consideration of the Motion, and the other matters reflected in the record and after due deliberation thereon and good and sufficient cause appearing therefor, the Court hereby Grants the Motion as set forth below.

IT IS ORDERED AND NOTICE IS FURTHER GIVEN that a hearing (the "**Hearing**") on the Motion will be held before the Court at \_\_\_:00 a.m. on _____ \_\_\_\_\_, 2025, **in Courtroom 1402, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303**, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-In and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

IT IS ORDERED AND NOTICE IS FURTHER GIVEN that your rights may be affected by the Court's ruling on the Motion. You should read these pleadings carefully and discuss them with your attorney, if you have one in this Case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the Hearing and file on or before_____ \_\_\_\_, 2025 (the "**Objection Deadline**"), a written response to the Motion with the Clerk at the address below. If you file a written

2

response, you must attach a certificate stating when, how and to whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the Objection Deadline. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at Law Offices of Henry F. Sewell, Jr., LLC, Attn: Henry F. Sewell, Jr., 2964 Peachtree Road, NW, Suite 555, Atlanta, Georgia 30305;

IT IS FURTHER ORDERED that copies of this Order and Notice of Hearing and the Motion shall be available as follows: 1) upon request of counsel for the Trustee; and 2) in the office of the Clerk, U.S. Bankruptcy Court between 8:00 a.m. and 4:00 p.m. or online anytime at http://ecf.ganb.uscourts.gov (registered users) or at http://pacer.psc.uscourts.gov (unregistered users) and that no further notice shall be required.

IT IS FURTHER ORDERED that counsel for the Trustee shall: 1) serve a copy of this Order and Notice of Hearing and the Motion by hand delivery, facsimile, electronic mail (if available), overnight courier (when a street address is available), or by next-day United States mail upon: i) the Office of the United States Trustee; ii) counsel for the Debtor; and iii) parties requesting notice pursuant to Bankruptcy Rule 2002. A copy of this Order and Notice shall also be mailed to all creditors and parties in interest. No further notice is necessary and counsel for the Trustee shall promptly file a Certificate of Service with this Court evidencing such service.

**IT IS FURTHER ORDERED that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order and Notice of Hearing.**

***END OF DOCUMENT***

Prepared and Presented By:

LAW OFFICES OF HENRY F. SEWELL JR., LLC

3

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
*Counsel for the Trustee*

## DISTRIBUTION LIST

Henry F. Sewell, Jr.
2964 Peachtree Road, NW, Suite 555
Atlanta, Georgia 30305

Office of the United States Trustee
362 Richard B. Russell Federal Bldg.
75 Ted Turner Drive, SW # 362
Atlanta, Georgia 30303

S. Gregory Hays, Trustee
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

4

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing *Emergency Motion by Chapter 11 Trustee for an Order Approving Modification of Settlement and Request for Expedited Hearing* was served via the Court's ECF system to all parties registered with the system who have filed appearances and requested notices and via first class U.S. Mail, with adequate postage prepaid, on the following persons or entities at the addresses stated below:

Office of the United States Trustee
362 Richard B. Russell Federal Bldg.
75 Ted Turner Drive, SW # 362
Atlanta, Georgia 30303

This 6th day of March, 2025.

Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

**/s/ Henry F. Sewell, Jr.**
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

COUNSEL FOR THE TRUSTEE