> **THE OMNIBUS MOTION SEEKS TO REJECT CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS. IF YOU ARE A COUNTERPARTY TO AN AGREEMENT WITH THE DEBTOR, PLEASE REVIEW <u>EXHIBIT A</u> TO LOCATE YOUR NAME AND CONTRACTS OR LEASES.**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 7 |
| ARC MANAGEMENT GROUP, LLC, | : |
| | : Case No. 23-61742 - BEM |
| Debtor. | : |

### NOTICE OF HEARING ON OMNIBUS MOTION FOR AN ORDER AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS EFFECTIVE MARCH 31, 2025

**PLEASE TAKE NOTICE THAT** S. Gregory Hays, as Trustee ("**Trustee**") for the bankruptcy estate (the "**Estate**") of ARC Management Group, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Case**") filed an *Omnibus Motion for an Order Authorizing the Rejection of Certain Unexpired Leases and Executory Contracts Effective March 31, 2025* (the "**Motion**"). The Motion is on file with the Clerk of the Court at the address set forth below and is available for review at the office of the Clerk, U.S. Bankruptcy Court between 8:00 a.m. and 4:00 p.m. or online anytime at http://ecf.ganb.uscourts.gov (registered users) or at http://pacer.psc.uscourts.gov (unregistered users).

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing (the "**Hearing**") to consider the Motion at **10:00 a.m.** on the **29th day of April, 2025, in Courtroom 1402, Richard B. Russell Federal Building, 75 Ted Turner Drive, S.W. Atlanta, Georgia 30303**, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-In and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

Your rights may be affected by the Court's ruling on the Motion. You should read the Motion carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views, then you and/or your attorney should attend the Hearing. You may also file a written response to the Motion with the Clerk at the address stated below, but you are not required to do so. If you file a written

response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the Hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive Street, SW, Atlanta, Georgia 30303. You should also mail a copy of your response to the undersigned at the addresses stated below.

**NOTICE IS HEREBY GIVEN THIS 31st day of March, 2025.**

        LAW OFFICES OF HENRY F. SEWELL JR., LLC

        */s/ Henry F. Sewell, Jr.*
        Henry F. Sewell, Jr.
        Georgia Bar No. 636265
        Buckhead Centre
        2964 Peachtree Road NW, Suite 555
        Atlanta, GA 30305
        (404) 926-0053
        hsewell@sewellfirm.com

        PROPOSED COUNSEL FOR THE CHAPTER 7 TRUSTEE

> **THIS OMNIBUS MOTION SEEKS TO REJECT CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS. IF YOU ARE A COUNTERPARTY TO AN AGREEMENT WITH THE DEBTOR, PLEASE REVIEW <u>EXHIBIT A</u> TO LOCATE YOUR NAME AND CONTRACTS OR LEASES.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: : | |
| : | CHAPTER 7 |
| ARC MANAGEMENT GROUP, LLC, : | |
| : | Case No. 23-61742 - BEM |
| Debtor. : | |

**OMNIBUS MOTION FOR AN ORDER AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS EFFECTIVE <u>MARCH 31, 2025</u>**

**COMES NOW** S. Gregory Hays, as Trustee ("**Trustee**") for the bankruptcy estate (the "**Estate**") of ARC Management Group, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Case**") and, by and through counsel, hereby files this *Omnibus Motion for an Order Authorizing the Rejection of Certain Unexpired Leases and Executory Contracts Effective March 31, 2025* (the "**Motion**") seeking the entry of an order pursuant to 11 U.S.C. §§ 105 and 365 authorizing the rejection and termination of the unexpired leases and executory contracts identified on <u>Exhibit A</u> (the "**Rejected Agreements**") attached hereto and incorporated herein by reference and that the rejection of the Rejected Agreements be deemed effective as of March 31, 2025. In support of the Motion, the Trustee respectfully provide as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory and legal predicates for the relief sought herein are sections 105 and 365 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## PROCEDURAL BACKGROUND

3. On November 28, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

4. After irregularities were discovered in certain financial information reported by the Debtor, on November 7, 2024, the Debtor entered into a *Consent Order Directing the Appointment of a Trustee* [Doc. No. 224] and on November 12, 2024, the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee and Setting Bond* [Doc. No. 227] pursuant to which S. Gregory Hays was appointed as the Chapter 11 Trustee for the Bankruptcy Estate of the Debtor.

5. On November 14, 2024, the Court entered an order [Doc. No. 231] approving the appointment of the Trustee as Chapter 11 Trustee in this Case.

6. On March 20, 2025, the Court entered an Order Converting Chapter 11 Case of the Debtor to Chapter 7 [Doc. No. 253] incident to which this Case was converted to Chapter 7.

7. On March 20, 2025, the United States Trustee filed a *Notice of Appointment of Interim Trustee and Section 341(a) Meeting of Creditors* [Doc. No. 254] pursuant to which S. Gregory Hays was appointed as the interim Chapter 7 Trustee for the Bankruptcy Estate of the Debtor. The Trustee is duly qualified to act in such capacity.

8. Since being appointed, on behalf of the estate, the Trustee employed certain professionals approved by the Court to assist the Trustee in the administration of the Case.

**EXECUTORY CONTRACTS AND LEASES**

9. Based on the review of executory contracts and leases of the Debtor, the Trustee has determined, in the exercise of its sound business judgment, that: a) the Debtor no longer requires the Rejected Agreements; and b) continuing the Rejected Agreements would be burdensome and provide no meaningful value, utility, or benefit to the estate of the Debtor.

10. The Rejected Agreements consist of certain executory contracts and unexpired leases of the Debtor. Since the Trustee does not require the Rejected Agreements and has determined—in an exercise of its business judgment—that rejection of the Rejected Agreements effective as of March 31, 2025, is in the best interests of its estate and creditors, the Trustee is filing this Motion to seek approval of the rejection of the Rejected Agreements effective March 31, 2025.

**RELIEF REQUESTED**

11. By this Motion, the Trustee respectfully requests the entry of an order in the form attached hereto as **Exhibit B**: (a) authorizing the rejection of the Rejected Agreements pursuant to sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006 and that the rejection of the Rejected Agreements be deemed effective as of March 31, 2025; and (b) requiring that any and all claims arising out of the rejection of the Rejected Agreements be filed on or prior to 30 days after the entry of an order approving this Motion (the "**Bar Date**"), and directing that any such claims that are not filed on or prior to the Bar Date shall be deemed waived, shall not be asserted against the Debtor or its estate and shall not be entitled to participate in any distributions payable to the creditors of the estate of the Debtor.

12. The Trustee further requests that, consistent with the limitations imposed by section 362 of the Bankruptcy Code and any other applicable law, if the Debtor has deposited amounts with any of the landlords as a security deposit or pursuant to another similar

3

arrangement, or if any of the landlords owe any amount pursuant to the Rejected Agreements or other agreements between the same parties, the landlords shall not be permitted to setoff or otherwise use the amounts from such deposit or other similar arrangement, or other amount owed to the Debtor, without the prior order of the Court.

13. The Trustee is currently reviewing and evaluating other unexpired leases and/or executory contracts. As this process continues, the Trustee may identify additional executory contracts or unexpired leases to be assumed or rejected. This Motion does not seek the assumption or rejection of any executory contract or unexpired lease under Section 365 of the Bankruptcy Code other than the Rejected Agreements. The Trustee reserves all rights with regard to all executory contracts and unexpired leases, including the right to assume or reject additional executory contracts or unexpired leases.

## BASIS FOR THE RELIEF REQUESTED

14. In an exercise of its business judgment, the Trustee has determined that it is in the best interests of the Debtor, its creditors, and the estate to reject the Rejected Agreements as the Debtor no longer requires such agreements.

15. Pursuant to Section 365(a) of the Bankruptcy Code, a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994) (citation omitted).

4

16. The Court may also act to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). "The basic purpose of Section 105(a) is to assure the bankruptcy court's power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 *Collier on Bankruptcy* ¶ 105.01 (16th ed. 2015).

17. Courts evaluate a decision to assume or reject an executory contract or unexpired lease under the "business judgment" standard. *See In re Chateaugay Corp.*, 973 F.2d 141 (2d Cir. 1992); *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984). Such standard is satisfied where business judgment is used to determine that the rejection of the contract or lease would benefit the estate. *See In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 1996) (noting that a debtor need only demonstrate that rejection benefits the estate).

18. The Debtor no longer needs or receives any benefit from the Rejected Agreements. Indeed, the Rejected Agreements are no longer necessary for the administration of the Case and maintaining the Rejected Agreements would impose unnecessary costs and burden on the estate of the Debtor with no meaningful benefit or value to the estate of the Debtor. In light of such circumstances, the Trustee has determined—in an exercise of its reasonable judgment—that the Rejected Agreements are not needed and that rejection effective as of the Petition Date is in the best interests of the estate and its creditors. Accordingly, the relief requested herein is an appropriate exercise of the business judgment of the Trustee and the rejection of the Rejected Agreements should be approved.

## RULE 6006

19. Pursuant to Rule 6006(e) of the Bankruptcy Rules, a debtor may seek to assume or reject multiple executory contracts and unexpired leases in one motion subject to Rule

5

6006(f) of the Bankruptcy Rules. *See* Fed. R. Bankr. P. 6006(e). Rule 6006(f) of the Bankruptcy Rules sets forth six procedural requirements that motions to assume or reject multiple contracts must satisfy. More specifically, a motion to assume or reject multiple executory contracts or unexpired leases shall:

> (1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;
> (2) list parties alphabetically and identify the corresponding contract or lease;
> (3) specify the terms, including the curing of defaults, for each requested assumption or assignment;
> (4) specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;
> (5) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and
> (6) be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. P. 6006(f).

20. Notwithstanding the mandatory language utilized, the Advisory Committee Notes regarding the 2007 amendments to Rule 6006 indicate that bankruptcy courts retain flexibility to modify the specific requirements of Rule 6006(f) to meet the needs of a particular case, so long as effective notice is provided to the non-debtor parties to the contracts or leases to be assigned. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6006 (noting that a motion to reject multiple unexpired leases or executory contracts "must comply with the procedural requirements set forth in subdivision (f) of the rule, unless the court orders otherwise [, because the] . . . requirements are intended to ensure that the nondebtor parties to the contracts and leases receive effective notice of the motion").

21. The clear purpose of Bankruptcy Rule 6006(f) is to protect the due process rights of counterparties to contracts that a debtor intends to assume or reject. This Motion is intended to provide as much notice as possible to contract counterparties whose agreement with the Trustee has been evaluated and designated for rejection.

6

22. Under the circumstances, the Trustee submits that: a) the requirements of Bankruptcy Rule 6006 for the rejection of multiple contracts and leases have been satisfied; and b) this Court should approve the rejection of the Rejected Agreements effective March 31, 2025 and authorize the procedures outlined herein for filing of rejection damage claims.

## WAIVER OF ANY APPLICABLE STAY

23. The Trustee seeks a waiver of any stay of the effectiveness of the order granting this Motion. Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The Trustee submits that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor for the reasons set forth herein. Accordingly, the Trustee submits that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable.

## NOTICE

24. Notice of this Motion has been provided to the following parties, or in lieu thereof, to their counsel: a) the Office of the United States Trustee for the Northern District of Georgia; b) parties requesting notice pursuant to Bankruptcy Rule 2002; and c) each counterparty to the Rejected Agreements listed on **Exhibit A**. In light of the nature of the relief requested, the Trustee submits that no further notice is necessary, such notice is sufficient, and no other or further notice need be provided.

## NO PRIOR REQUEST

25. No previous motion for relief requested herein has been made to this or any other court.

7

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order, substantially in the form annexed hereto as **Exhibit B** granting this Motion and such other and further relief as may be just and proper.

Dated: March 31st, 2025.

Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

PROPOSED COUNSEL FOR THE CHAPTER 7 TRUSTEE

8

**Exhibit A**
**(Rejected Contracts and Leases)**

| Counterparty | Counterparty Address | Contract or Unexpired Lease |
|---|---|---|
| Insperity | 19001 Crescent Springs Drive<br>Kingwood, Texas 77339-3802<br>Attn: General Counsel<br>legalnotices@insperity.com<br>-and-<br>c/o Greenberg Traurig, LLP<br>1000 Louisiana Street, Ste. 6700<br>Houston, TX 77002<br>Attn: Karl Burrer, Esq. | Workforce Optimization Client Service Agreement |
| RGRE | 1835 Savoy Drive, STE. 105<br>Atlanta, GA 30341<br>Attn: Ryan Wiedmayer | Lease for 125 Town Park Drive, Ste. 100, Kennesaw, GA 30144 |
| SOS Copier Lease | PO Box 660831<br>Dallas, TX, 75266-0831 | Copier lease |
| RealmConnect | 1161 Mauldin Road<br>Calhoun GA 30701<br>Attn: Anthony Kubek | Lease with Maintenance |

**Exhibit B**
**(Proposed Order)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 7 |
| ARC MANAGEMENT GROUP, LLC, | : | |
| | : | Case No. 23-61742 - BEM |
| Debtor. | : | |

**ORDER GRANTING OMNIBUS MOTION FOR AN ORDER AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS EFFECTIVE MARCH 31, 2025**

This matter is before the Court on the *Omnibus Motion for an Order Authorizing the Rejection of Certain Unexpired Leases and Executory Contracts Effective March 31, 2025* (Doc. No. ____, the "**Motion**") filed by S. Gregory Hays, as Trustee ("**Trustee**") for the bankruptcy estate (the "**Estate**") of ARC Management Group, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Case**"). All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

Upon the Court having reviewed and considered the Motion and the matters reflected in the record of the hearing held on the Motion on April 29, 2025, the Court determined that: 1) the relief requested in the Motion is in the best interests of the Debtor, the estate, its creditors and other parties in interest and is the result of the exercise of the business judgment of the Trustee; 2) the Court has jurisdiction over this proceeding; 3) this is a core proceeding; 4) due and proper notice of the Motion was given and such notice is good and sufficient under the particular circumstances; 5) no other or further notice or opportunity for a hearing need be given; and 6) good and sufficient cause exists for the relief requested in the Motion and granted herein.

Accordingly, upon the record herein and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby **ORDERED, ADJUDGED and DECREED** that:

1. The Motion is GRANTED as set forth herein.

2. The terms of this Order shall be immediately effective and enforceable upon its entry.

3. To the extent applicable, the 14-day stay imposed by Bankruptcy Rule 6004(h) and any other stay of the effectiveness of this Oder is hereby waived.

4. The Rejected Agreements identified on **Exhibit A** to the Motion are: a) executory contracts or leases capable of being rejected under section 365 of the Bankruptcy Code; and b) hereby deemed rejected as of March 31, 2025.

5. Consistent with the limitations of section 362 of the Bankruptcy Code, and any other applicable law, counterparties to the Rejected Agreements are prohibited from setting-off or otherwise utilizing any amounts deposited by the Debtor with any of the counterparties as a security deposit or pursuant to another similar agreement, or owed to the Debtor by any of the counterparties under the Rejected Agreements or other agreements between the same parties, without further

2

order from this Court.

6. The rejection of the Rejected Agreements, as approved, authorized, and ratified herein: (a) constitutes an exercise of sound business judgment by the Trustee, made in good faith and for legitimate commercial reasons; (b) is appropriate and necessary under the circumstances described in the Motion; and (c) is warranted and permissible under sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006.

7. Pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, the rejection of the Rejected Agreements and all related amendments, modifications, assignments, predecessors, and supplements thereto is hereby authorized and approved, effective as of March 31, 2025.

8. Any and all claims arising out of the rejection of the Rejected Agreements are required to be filed on or prior to 30 days after the entry of this order (the "**Bar Date**"), and any such claims that are not filed on or prior to the Bar Date shall be deemed irrevocably waived, shall not be asserted against the Debtor or the estate, and shall not be entitled to participate in any distributions payable to the creditors of the Debtor.

9. Nothing herein shall prejudice the rights of the Trustee to argue that any of the Rejected Agreements were terminated prior to the Petition Date; that any claim for damages arising from the rejection of the Rejected Agreements is limited to the remedies available under any applicable termination provision of such Rejected Agreements; or that any such claim is an obligation of a third party and not that of the Debtor or its estate.

10. Nothing in the Motion or this Order shall prohibit the Trustee from filing one or more additional motions to reject executory contracts or unexpired leases.

11. The Trustee reserves all rights to contest any rejection claims and/or the

3

characterization of any lease as an unexpired lease.

12. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

### *** END OF ORDER ***

Prepared and Presented By:
LAW OFFICES OF HENRY F. SEWELL JR., LLC

By: /s/ *Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Counsel for the Trustee

Law Offices of Henry F. Sewell, Jr., LLC
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
PROPOSED COUNSEL FOR THE CHAPTER 7 TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : |
| | :    CHAPTER 7 |
| ARC MANAGEMENT GROUP, LLC, | : |
| | :    Case No. 23-61742 - BEM |
| Debtor. | : |

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the *Omnibus Motion for an Order Authorizing the Rejection of Certain Unexpired Leases and Executory Contracts Effective March 31, 2025* was served (a) via the United States Bankruptcy Court for the Northern District of Georgia's Electronic Case Filing System to all registered parties who have appeared in this case, and (b) by United States Mail with adequate postage affixed thereon or as otherwise indicated below:

Insperity
19001 Crescent Springs Drive
Kingwood, Texas 77339-3802
Attn: General Counsel
legalnotices@insperity.com

Insperity
c/o Greenberg Traurig, LLP
1000 Louisiana Street, Ste. 6700
Houston, TX 77002
Attn: Karl Burrer, Esq.

RGRE
1835 Savoy Drive, STE. 105
Atlanta, GA 30341
Attn: Ryan Wiedmayer

SOS Copier Lease
PO Box 660831
Dallas, TX, 75266-0831

RealmConnect
1161 Mauldin Road
Calhoun GA 30701
Attn: Anthony Kubek

Office of the U. S. Trustee
75 Ted Turner Dr SW, Room 362
Atlanta, GA 30303

This 31st day of March, 2025.

LAW OFFICES OF HENRY F. SEWELL JR., LLC
*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053; hsewell@sewellfirm.com
PROPOSED COUNSEL FOR THE CHAPTER 7 TRUSTEE