IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : |
| | :    CHAPTER 7 |
| ARC MANAGEMENT GROUP, LLC, | : |
| | :    Case No. 23-61742 - BEM |
| Debtor. | : |

**MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004
AUTHORIZING EXAMINATION OF WELLS FARGO BANK, NATIONAL
ASSOCIATION (INC.) AND DIRECTING THE PRODUCTION OF DOCUMENTS**

S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**" or "**Movant**") for the bankruptcy estate (the "**Bankruptcy Estate**") of ARC Management Group, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Bankruptcy Case**"), by and through counsel, hereby files this *Motion for an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examination of WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) and Directing the Production of Documents* (the "**Motion**"). In support of the Motion, the Movant respectfully shows the Court as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(B). Venue of this proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are Section 105(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "**Bankruptcy Code**"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2004-1 of the Local Rules of Practice for the United States Bankruptcy Court for the Northern District of Georgia.

**PROCEDURAL BACKGROUND**

3. On November 29, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code. At such time, the Debtor had two

equal members, William D. Wilson ("**Mr. Wilson**"), who managed and served as the President of the Debtor, and Thresa Wilson ("**Ms. Wilson**").

4. On August 7, 2024, Flock Financial, LLC filed a *Motion to Appoint Chapter 11 Trustee* due to alleged mismanagement of funds by the Debtor. Such motion was subsequently withdrawn.

5. After irregularities were discovered in certain financial information reported by the Debtor, on November 7, 2024, the Debtor entered into a *Consent Order Directing the Appointment of a Trustee* [Doc. No. 224]. On November 12, 2024, the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee and Setting Bond* [Doc. No. 227] pursuant to which S. Gregory Hays was appointed as the Chapter 11 Trustee for the Bankruptcy Estate of the Debtor.

6. On November 14, 2024, the Court entered an order [Doc. No. 231] approving the appointment of the Trustee as Chapter 11 Trustee in the Bankruptcy Case.

7. On March 20, 2025, the Court entered an *Order Converting Chapter 11 Case of the Debtor to Chapter 7* [Doc. No. 253] incident to which this Bankruptcy Case was converted to Chapter 7.

8. On March 20, 2025, the United States Trustee filed a *Notice of Appointment of Interim Trustee and Section 341(a) Meeting of Creditors* [Doc. No. 254] pursuant to which S. Gregory Hays was appointed as the interim Chapter 7 Trustee for the Bankruptcy Estate of the Debtor.

## SUBSTANTIVE BACKGROUND

9. The business of the Debtor was the collection of past due accounts receivable incident to which the Debtor received revenue from: 1) commissions for collecting accounts of clients (the "**Commission Accounts**"); and 2) past due consumer accounts owned by the Debtor

2

(the "**Portfolios**"). While the Debtor routinely used agencies for the Commission Accounts, such agencies are unable to handle the collection of the Portfolios. To avoid draining the financial resources of the Debtor from the cost of additional in-house collection, Allgate Financial LLC ("**Allgate**") was engaged to assist with the collection of the Portfolios.

10. Since being appointed, the Trustee, with the assistance of the professionals of the Trustee, has, among other things, investigated: a) the assets, liabilities, and operations of the Debtor; and b) transactions involving the Debtor. Upon information and belief, certain funds due to the Debtor may have been diverted rather than being paid to the Debtor.

11. The review of the Bankruptcy Case by the Trustee has prompted the need for an examination pursuant to Federal Rule of Bankruptcy Procedure 2004(a) and production of documents and information regarding the financial affairs of the Debtor.

12. At this juncture, the Trustee is aware that a principal of the Debtor, potentially Ms. Wilson or Mr. Wilson, may have had at least one account with WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) ("**Wells Fargo**"), including an account ending in 4820, and does not have complete information, records and statements regarding such account(s). The Trustee has reason to believe that Wells Fargo may have information, statements electronically stored information, knowledge, data, records, communications, correspondence, and/or documents (collectively, the "**Documents**") relevant to the Bankruptcy Case and the investigation of the Trustee. Upon information and belief, these Documents include, but are not limited to, information, records, and statements regarding account(s) where funds of the Debtor may have been deposited. Since funds of the Debtor may have been deposited into at least one account with Wells Fargo, these Documents may also be property of the Estate.

13. The requested document production and examination are necessary for the proper administration of the Bankruptcy Case and relate to the acts, conduct, property, liabilities and financial condition of Debtor.

## **RELIEF REQUESTED AND BASIS THEREFOR**

14. Bankruptcy Rule 2004 authorizes the examination of any entity, whether the Debtor or a non-debtor entity, relating "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Banker. P. 2004(b). Courts interpret the right to use Rule 2004 as an investigative tool very broadly, likening such examinations as licensed "fishing expeditions." *See In re M4 Enters, Inc.*, 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995).

15. Section 704 of the Bankruptcy Code further sets forth the duties of the Trustee, including the duty to "investigate the financial affairs of the debtor." *See* 11 U.S.C. § 704(a)(4). By this Motion, Movant seeks to investigate the financial affairs and assets of the Debtor.

16. By this Motion, the Movant seeks to be permitted to conduct an examination of Wells Fargo concerning any and all matters within the scope permitted by Rule 2004(b) (the "**Bankruptcy Rule 2004 Exam**") and obtain the Documents from Wells Fargo. The topics to be covered in the Bankruptcy Rule 2004 Exam and the Documents to be produced prior to the Bankruptcy Rule 2004 Exam are specified in the *Notice of Bankruptcy Rule 2004 Examination of WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) and the Production of Documents* attached hereto as **Exhibit 1**.

WHEREFORE, the Movant prays that this Court enters an order, substantially in the form as the proposed order attached as **Exhibit 2** hereto, that:

1. Grants this Motion;

4

2. Compels Wells Fargo to produce to the Movant all documents requested in **Exhibit 1** attached hereto;

3. Authorizes the examination of Wells Fargo at a mutually convenient time and place; and

4. Grants the Movant such other and further relief as is just and proper.

Respectfully submitted this 11th day of April, 2025.

       LAW OFFICES OF HENRY F. SEWELL JR., LLC

       */s/ Henry F. Sewell, Jr.*
       Henry F. Sewell, Jr.
       Georgia Bar No. 636265
       Buckhead Centre
       2964 Peachtree Road NW, Suite 555
       Atlanta, GA 30305
       (404) 926-0053
       hsewell@sewellfirm.com

       *Counsel for S. Gregory Hays, Chapter 7 Trustee for the bankruptcy estate of ARC Management Group, LLC, Debtor*

<u>**EXHIBIT 1**</u>

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 7 |
| **ARC MANAGEMENT GROUP, LLC,** | : | |
| | : | Case No. 23-61742 - BEM |
| **Debtor.** | : | |

**NOTICE OF BANKRUPTCY RULE 2004 EXAMINATION OF WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) AND THE PRODUCTION OF DOCUMENTS**

TO:   WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.)
c/o Corporation Service Company
2 SUN COURT, SUITE 400
PEACHTREE CORNERS, GA 30092

WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.)
c/o CHARLES SCHARF, CEO
30 HUDSON YARDS
NEW YORK, NY 10001

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) (the "**Witness**") is required to designate a representative to attend an examination (the "**Examination**") by S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**" or "**Movant**") for the bankruptcy estate (the "**Bankruptcy Estate**") of ARC Management Group, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Bankruptcy Case**") and testify pursuant to the Order by the United States Bankruptcy Court for the Northern District of Georgia dated _____ \_\_\_\_, 2025 (Dkt. No. \_\_\_\_, the "**Examination Order**") authorizing the Examination of WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) as to any and all matters within the scope of the Bankruptcy Case permitted by Rule 2004(b) and directing the production of Documents.[1]

---

[1] "**Document**" and "**Documents**" are used in the broadest possible sense and include, but are not limited to, all original and all non-identical copies of any writing or record of any type or description, including,

The Examination will commence at 10:00 a.m., on _____, 2025, at the offices of the Law Offices of Henry F. Sewell, Jr., LLC, located at 2964 Peachtree Road NW, Suite 555, Atlanta, GA 30305, or as otherwise agreed to by the parties. The Examination will be recorded stenographically, and may be recorded by audio or video tape, before an officer qualified to make such examinations and continue from day to day until completed. The Examination will be taken for the purposes of discovery in the Bankruptcy Case and for all other purposes permitted by law, including use at trial, if and where appropriate.

**PLEASE TAKE NOTICE** that WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) is required to designate a representative to attend and testify at the Examination as to any and all matters within the scope of Rule 2004 of the Federal Rules of Bankruptcy Procedure, including, but not limited to, the following: a) any account(s) of the Debtor or any principal of the Debtor, including William D. Wilson and Thresa Wilson, at WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) or any related entity; and b) any Documents related to any

---

but not limited to, the following items, and each draft thereof: writings, recordings, notes, photographs, financial statements, agreements, contracts, legal documents, communications, e-mails, Correspondence, letters, statements, reports, envelopes, phone messages, telephone logs, agendas, books, articles, receipts, purchase orders, sales orders, tape recordings, affidavits, opinions, notices, proposals, invoices, confirmations, telegrams, cables, memoranda, records, summaries of records, summaries of data, summaries of personal conversations or interviews, diaries, appointment books, appointment logs, desk calendars, pocket calendars, forecasts, statistical statements, accounts, work papers and related supporting documents, graphs, charts, maps, diagrams, blue prints, tables, indexes, pictures, tapes, microfilms, charges, analytical records, minutes or records of meetings or conferences, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, stenographic, handwritten or any other notes, projections, bank statements, checks (front and back), check stubs or receipts, checkbooks, canceled checks, invoice vouchers, electronically or magnetically recorded or stored data, data tapes and sheets or data processing cards or discs or any other computer-related data compilation, and any other written, recorded, printed, typed, photographed, transcribed, punched, taped, filmed, or electronically or graphically recorded documents or writings of whatever description however produced or reproduced, including but not limited to, any information contained in any computer although not yet printed, within your possession, custody or control or in the possession, custody or control of any agent, employee (including without limitation, attorneys, accountants and investment bankers or advisors), or other Person acting on your behalf.

2

account(s) of the Debtor or any principal of the Debtor, including William D. Wilson and Thresa Wilson, at WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) or any related entity.[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Bankruptcy Rule 2004(c), the Debtor is further instructed to produce for inspection and copying at the Law Offices of Henry F. Sewell Jr., LLC, located at 2964 Peachtree Road NW, Suite 555, Atlanta, GA 30305, at 10:00 a.m. on _____ \_\_\_, 2025, or as otherwise agreed to by the parties, any Documents, Communications,[3] or Correspondence,[4] including bank statements, related to any account(s) of the Debtor or any principal of the Debtor, including William D. Wilson and Thresa Wilson, at WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) or any related entity within the last five (5) years.

Dated this \_\_\_ day of _____, 2025.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305; (404) 926-0053
hsewell@sewellfirm.com
*Counsel for S. Gregory Hays, Chapter 7 Trustee for the bankruptcy estate of ARC Management Group, LLC, Debtor*

---

[2] Capitalized, but undefined terms used herein shall have the meaning ascribed to such terms in the *Motion for an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examination of WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) and Directing the Production of Documents* that was filed by the Movant.

[3] "**Communication**" or "**communications**" means any contact or act by which any information or knowledge is transmitted or conveyed between two or more Persons and shall include, without limitation, written contact by such means as letters, memoranda, Correspondence, telegrams, telex, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations.

[4] "**Correspondence**" means all Documents transmitted from one Person to another, including those in electronic form, and all attachments to such Documents.

3

**EXHIBIT 2**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | : |
| | :    **CHAPTER 7** |
| ARC MANAGEMENT GROUP, LLC, | : |
| | :    **Case No. 23-61742 - BEM** |
| Debtor. | : |

**ORDER GRANTING MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING EXAMINATION OF WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) AND DIRECTING THE PRODUCTION OF DOCUMENTS**

The *Motion for an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examination of WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) and Directing the Production of Documents* [Doc. No. _____] (the "**Motion**") filed by S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**" or "**Movant**") for the bankruptcy estate (the "**Bankruptcy Estate**") of ARC Management Group, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Bankruptcy Case**"), having been read and considered, it is

**ORDERED** that the Motion be, and the same hereby is, **granted** as follows: pursuant to Fed. R. Bankr. P. 2004(a), the Movant is authorized to proceed with discovery and conduct an

examination (the "**Examination**") of a representative of WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) (the "**Witness**") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure concerning any and all matters within the scope permitted by Rule 2004(b), including, but not limited to, with regard to the topics set forth in the *Trustee's Notice of Bankruptcy Rule 2004 Examination of WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) and the Production of Documents* (the "**Examination Notice**"). It is further

**ORDERED** that WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) is COMMANDED to designate a representative to attend and testify at the Examination as to any and all matters within the scope of the Bankruptcy Case permitted by Rule 2004(b), including, but not limited to, the following: a) any account(s) of the Debtor or any principal of the Debtor, including William D. Wilson and Thresa Wilson, at WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) or any related entity; and b) any Documents related to any account(s) of the Debtor or any principal of the Debtor, including William D. Wilson and Thresa Wilson, at WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) or any related entity.[1] It is further

**ORDERED** that the Examination may be rescheduled or adjourned from time to time and place to place by agreement of the parties, by announcement at the examination, or as set forth in a notice filed with the Court and served on the Witness and the Movant. It is further

**ORDERED** that if attendance and, if applicable, production of designated documents in connection with said Examination, cannot be obtained voluntarily, the Movant may compel such attendance and production of documents as stated in Fed. R. Bankr. P. 2004(c) in the manner

---

[1] Capitalized, but undefined terms used herein shall have the meaning ascribed to such terms in the *Motion for an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examination of WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) and Directing the Production of Documents* that was filed by the Movant.

2

provided in Fed. R. Bankr. P. 9016, which incorporates the procedure for the issuance of a subpoena as set forth in Federal Rule of Civil Procedure 45. It is further

**ORDERED** that the Witness shall timely respond to any document requests made by the Movant in accordance with Fed. R. Bankr. P. 2004(c). The Witness may assert written objections in good faith to the requests as if such requests had been served pursuant to Fed. R. Bankr. P. 7034 and shall produce to the Movant all responsive documents that are not subject to a valid timely asserted objection.

The Clerk is directed to serve a copy of this Order upon counsel for the Movant, the Witness, and the United States Trustee.

***END OF DOCUMENT***

Prepared and Presented by:
LAW OFFICES OF HENRY F. SEWELL JR., LLC
 **/s/ Henry F. Sewell, Jr.**
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053; hsewell@sewellfirm.com
*Counsel for S. Gregory Hays, Chapter 7 Trustee for the bankruptcy estate of ARC Management Group, LLC*

**Parties to Be Served**

Law Offices of Henry F. Sewell, Jr., LLC
c/o Henry F. Sewell, Jr., Esq.
Suite 555, 2964 Peachtree Road NW
Atlanta, Georgia 30305

Office of the U. S. Trustee
75 Ted Turner Dr SW, Room 362
Atlanta, GA 30303

WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.)
c/o Corporation Service Company
2 SUN COURT, SUITE 400
PEACHTREE CORNERS, GA 30092

WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.)
c/o CHARLES SCHARF, CEO
30 HUDSON YARDS
NEW YORK, NY 10001

S. Gregory Hays, Chapter 7 Trustee
2964 Peachtree Road, Suite 555
Atlanta, Georgia 30305

ARC Management Group, LLC
12655 Old Surrey Place
Roswell, GA 30075-1067

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 7 |
| ARC MANAGEMENT GROUP, LLC, | : |
| | : Case No. 23-61742 - BEM |
| Debtor. | : |

## CERTIFICATE OF SERVICE

This is to certify that service of the within and foregoing *Motion for an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examination of WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.) and Directing the Production of Documents* was served via the United States Bankruptcy Court for the Northern District of Georgia's Electronic Case Filing System to all parties who have filed appearances, including the following:

Office of the U. S. Trustee
75 Ted Turner Dr SW, Room 362
Atlanta, GA 30303

WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.)
c/o Corporation Service Company
2 SUN COURT, SUITE 400
PEACHTREE CORNERS, GA 30092

WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.)
c/o CHARLES SCHARF, CEO
30 HUDSON YARDS
NEW YORK, NY 10001

This 11th day of April, 2025.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
*Counsel for S. Gregory Hays, Chapter 7 Trustee for the bankruptcy estate of ARC Management Group, LLC*