## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: : | |
| : | CHAPTER 7 |
| ARC MANAGEMENT GROUP, LLC, : | |
| : | Case No. 23-61742 - BEM |
| Debtor. : | |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**" or "**Movant**") for the bankruptcy estate (the "**Bankruptcy Estate**") of ARC Management Group, LLC, Debtor (the "**Debtor**") in the above captioned case, has filed a *Motion by Chapter 7 Trustee for Authority to Pay Administrative Expenses* (the "**Motion**"). The Motion seeks an order authorizing the Trustee to pay: 1) Hays Financial Consulting, LLC the total amount of $2,673.67 for funds advanced to HM Solutions Inc. and International Sureties LTD; and 2) an additional amount of up to $1,000 for IT services that may be needed by the Estate. The Motion is on file with the Clerk of the Court at the address set forth below and is available for review between 8:00 a.m. and 4:00 p.m. or online anytime at http://ecf.ganb.uscourts.gov (registered users) or at http://pacer.psc.uscourts.gov (unregistered users) or a copy may be obtained from counsel for the Trustee identified below.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing (the "**Hearing**") to consider the Motion at **10:00 a.m.** on **May 6, 2025, in Courtroom 1402, Richard B. Russell Federal Building, 75 Ted Turner Drive, S.W. Atlanta, Georgia 30303**, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-In and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

Your rights may be affected by the Court's ruling on the Motion. You should read the Motion carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views, then you and/or your attorney should attend the Hearing. You may also file a written response to the Motion with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the Hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive Street, SW, Atlanta, Georgia 30303. You should also mail a copy of your response to the undersigned at the addresses stated below.

Dated: April 11, 2025.    Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

**/s/ Henry F. Sewell, Jr.**
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

COUNSEL FOR THE CHAPTER 7 TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 7 |
| ARC MANAGEMENT GROUP, LLC, | : |
| | : Case No. 23-61742 - BEM |
| Debtor. | : |

### MOTION BY CHAPTER 7 TRUSTEE FOR AUTHORITY TO PAY ADMINISTRATIVE EXPENSES

COMES NOW S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of ARC Management Group, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Case**"), by and through counsel, and hereby files this *Motion by Chapter 7 Trustee for Authority to Pay Administrative Expenses* (the "**Motion**"). In support of the Motion, the Trustee respectfully shows the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157. Venue of this proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are Sections 105 and 503 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "**Bankruptcy Code**") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### PROCEDURAL BACKGROUND

3. On November 28, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

4. After irregularities were discovered in certain financial information reported by the Debtor, on November 7, 2024, the Debtor entered into a *Consent Order Directing the Appointment*

*of a Trustee* [Doc. No. 224] and on November 12, 2024, the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee and Setting Bond* [Doc. No. 227] pursuant to which S. Gregory Hays was appointed as the Chapter 11 Trustee for the Bankruptcy Estate of the Debtor.

5. On November 14, 2024, the Court entered an order [Doc. No. 231] approving the appointment of the Trustee as Chapter 11 Trustee in this Case.

6. On March 20, 2025, the Court entered an Order Converting Chapter 11 Case of the Debtor to Chapter 7 [Doc. No. 253] incident to which this Case was converted to Chapter 7.

7. On March 20, 2025, the United States Trustee filed a *Notice of Appointment of Interim Trustee and Section 341(a) Meeting of Creditors* [Doc. No. 254] pursuant to which S. Gregory Hays was appointed as the interim Chapter 7 Trustee for the Bankruptcy Estate of the Debtor. The Trustee is duly qualified to act in such capacity.

8. Since being appointed, on behalf of the estate, the Trustee employed certain professionals approved by the Court to assist the Trustee in the administration of the Case.

## ADMINISTRATIVE EXPENSES

9. The Estate has incurred certain expenses in conjunction with the liquidation and administration of the remaining assets of the Estate. By this Motion, the Trustee seeks authority an order authorizing the Trustee to pay: a) Hays Financial Consulting, LLC ("**HFC**") the total amount of $2,673.67 for funds advanced to HM Solutions Inc. ("**HMS**") and International Sureties LTD ("**International Sureties**"); and b) an additional amount of up to $1,000 for IT services that may be needed by the Estate.

10. International Sureties requested payment (the "**IS Invoice**") in the total amount of $813.70 related to the bond premium for the time that the Case was pending in Chapter 11. HFC

2

advanced funds to satisfy the outstanding IS Invoice and now seeks reimbursement of such payment.

11. HMS issued an invoice (the "**HMS Invoice**") in the amount of $1,859.97 for certain IT support services that were incurred for the benefit of the Estate in transitioning the servers of the Debtor. HFC advanced funds to satisfy the outstanding HMS Invoice and now seeks reimbursement of such payment.

12. The Trustee requests an additional allowance of $1,000 for additional IT support as may be deemed necessary by the Trustee to access computers of the Debtor to have data to process consumer payments and calculate remits to customers.

13. Each of the forgoing is referred to as an "**Expense**" and are collectively referred to as the "**Expenses**."

14. In light of the importance of the foregoing services, the Trustee, in the exercise of the sound business judgment of the Trustee, asserts that it is in the best interest of the Estate for the Trustee to receive authority to pay: a) HFC for the Expenses in the total amount of $2,673.67; and b) an additional amount of up to $1,000 for IT services that may be needed by the Estate.

15. In an exercise of the sound business judgment of the Trustee, the Trustee believes that the relief requested herein is necessary under the circumstances and in the best interests of the Estate.

## BASIS FOR RELIEF

16. Section 503(b)(1) provides "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). Indeed, "Section 507 of the Bankruptcy Code gives first priority to 'administrative expenses allowed under [11 U.S.C.] section 503(b),' defined as including 'the

3

actual, necessary costs and expenses of preserving the estate, including wages, salaries or commissions for services rendered after the commencement of the case.'" *In re Hostess Brand, Inc.*, 499 B.R. 406, 411 (S.D.N.Y. 2013) (citing 11 U.S.C. § 503(b)(1)(A)) (modification in original).

17. The costs and expenses sought to be paid by the Trustee pursuant to this Motion satisfy the criteria for an administrative expense under section 503(b)(1) of the Bankruptcy Code since the Expenses result from services that have provided or will provide the Debtor with post-petition benefit and constitute costs and expenses necessary for the preservation of the Estate. Accordingly, such the Expenses constitute an administrative claim of the Estate under section 503 of the Bankruptcy Code.

18. Section 105(a) of the Bankruptcy Code further allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *See* 11 U.S.C. § 105(a). The purpose of section 105(a) is to "assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy ¶ 105.01 (16th ed. 2013). Section 105(a) of the Bankruptcy Code essentially codifies the inherent equitable powers bankruptcy court. *See Mgmt. Tech. Corp. v. Pardo*, 56 B.R. 337, 339 (Bankr. D.N.J. 1985) (holding that the equitable power of the Court is derived from section 105 of the Bankruptcy Code).

19. The Trustee submits that authorizing the Trustee to pay the Expenses referenced herein is: a) in the best interests of the Estate; and b) consistent with the orderly liquidation of the Estate. The Trustee further submits that the requested payment of the administrative expenses will not adversely impact any other party and thus no harm will result from the granting of the relief requested herein since the cash sought to be utilized is unencumbered.

4

20. Under the circumstances, the Trustee submits that it is appropriate for the Court to enter an order authorizing the relief requested herein in accordance with the business judgment of the Trustee.

**RESERVATION OF RIGHTS**

21. Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Estate; (b) a waiver of any rights of the Trustee to dispute any claim on any grounds; (c) a promise to pay any claim; or (d) otherwise affecting the rights of the Estate.

**WHEREFORE,** the Trustee respectfully requests that the Court: 1) enter an Order, substantially in the form of the proposed order attached as **Exhibit A** hereto, that grants this Motion and authorizes the Trustee to pay and maintain a reserve to pay the Expenses referenced herein; and 2) grant such other and further relief as the Court deems just or proper.

Dated: April 11, 2025.

        Respectfully submitted,

        LAW OFFICES OF HENRY F. SEWELL JR., LLC

        ***/s/ Henry F. Sewell, Jr.***
        Henry F. Sewell, Jr.
        Georgia Bar No. 636265
        Buckhead Centre
        2964 Peachtree Road NW, Suite 555
        Atlanta, GA 30305
        (404) 926-0053
        hsewell@sewellfirm.com

        COUNSEL FOR THE CHAPTER 7 TRUSTEE

**Exhibit A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: : | |
| : | CHAPTER 7 |
| ARC MANAGEMENT GROUP, LLC, : | |
| : | Case No. 23-61742 - BEM |
| Debtor.    : | |

**ORDER AUTHORIZING PAYMENT OF ADMINISTRATIVE EXPENSES**

This matter is before the Court upon the *Motion by Chapter 7 Trustee for Authority to Pay Administrative Expenses* (the "**Motion**") [Doc. No. ___] (the "**Motion**") that was filed by S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of ARC Management Group, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Case**"). The Motion seeks the entry of an Order authorizing the Trustee to pay: 1) Hays Financial Consulting, LLC the total amount of $2,673.67 for funds advanced to HM Solutions Inc. ("**HMS**")

and International Sureties LTD ("**International Sureties**"); and 2) an additional amount of up to $1,000 for IT services that may be needed by the Estate.[1]

Counsel for the Trustee filed a notice setting the Motion for hearing on May 6, 2025 (the "**Hearing**"). All requisite parties-in-interest had an opportunity to file an objection to the Motion and attend the Hearing to support any asserted objection to the Motion. No objection to the Motion was filed and no creditor or party in interest appeared at the Hearing to oppose the relief requested in the Motion.

Sufficient funds exist in this Estate with which to make the payment requested in the Motion and the Trustee submits that such payments are proper administrative expenses of the Estate. Having reviewed and considered the Motion and all other matters of records, including the lack of objection thereto, after due deliberation thereon and finding that good cause exists for the entry of this Order and that no further notice or opportunity for hearing is required, for good cause shown, it is hereby ORDERED that:

1. The Motion is GRANTED and the Trustee is authorized, but not directed, to pay: a) Hays Financial Consulting, LLC from proceeds available in the Estate the amount of $2,673.67 for funds advanced to HMS and International Sureties; and b) and an additional amount of up to $1,000 for IT services that may be needed by the Estate;

2. The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order; and

3. The Court shall retain jurisdiction over the interpretation or the implementation of this Order.

***END OF ORDER***

---

[1] Capitalized, but undefined terms used herein shall have the meaning ascribed to such terms in

2

Prepared and Presented by:

By: */s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Counsel for the Trustee

Law Offices of Henry F. Sewell, Jr., LLC
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

**Identification of parties to be served:**

United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

S. Gregory Hays, Chapter 7 Trustee
2964 Peachtree Road, Suite 555
Atlanta, Georgia 30305

LAW OFFICES OF HENRY F. SEWELL JR., LLC
c/o Henry F. Sewell, Jr.
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305

ARC Management Group, LLC
12655 Old Surrey Place
Roswell, GA 30075-1067

3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 7 |
| ARC MANAGEMENT GROUP, LLC, | : |
| | : Case No. 23-61742 - BEM |
| Debtor. | : |

## CERTIFICATE OF SERVICE

This is to certify that service of the foregoing *Motion by Chapter 7 Trustee for Authority to Pay Administrative Expenses* was served via the United States Bankruptcy Court for the Northern District of Georgia's Electronic Case Filing System to all registered parties who have filed appearances and requested notices in this case and by first class United States mail with adequate postage thereon or electronic mail, as indicated, to the following at the addresses stated below:

Office of the U.S. Trustee
362 Richard Russell Federal Building
75 Spring Street, SW
Atlanta, GA 30303

Dated: April 11, 2025.

Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

COUNSEL FOR THE CHAPTER 7 TRUSTEE