**IT IS ORDERED as set forth below:**

**Date: May 20, 2025**

_____

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : |
| | :    CHAPTER 7 |
| ARC MANAGEMENT GROUP, LLC, | : |
| | :    Case No. 23-61742 - BEM |
| Debtor. | : |

### ORDER GRANTING OMNIBUS MOTION FOR AN ORDER AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS EFFECTIVE MARCH 31, 2025

This matter is before the Court on the *Omnibus Motion for an Order Authorizing the Rejection of Certain Unexpired Leases and Executory Contracts Effective March 31, 2025* [Doc. No. 258] as modified by the *Notice of Amended Exhibit A to the Existing Omnibus Motion for an Order Authorizing the Rejection of Certain Unexpired Leases and Executory Contracts Effective March 31, 2025* [Doc. No. 269] (as amended, the "**Motion**") filed by S. Gregory Hays, as Trustee ("**Trustee**") for the bankruptcy estate (the "**Estate**") of ARC Management Group, LLC, Debtor

(the "**Debtor**") in the above captioned case (the "**Case**"). All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

Upon the Court having reviewed and considered the Motion and the matters reflected in the record of the hearing held on the Motion on April 29, 2025, the Court determined that: 1) the relief requested in the Motion is in the best interests of the Debtor, the estate, its creditors and other parties in interest and is the result of the exercise of the business judgment of the Trustee; 2) the Court has jurisdiction over this proceeding; 3) this is a core proceeding; 4) due and proper notice of the Motion was given and such notice is good and sufficient under the particular circumstances; 5) no other or further notice or opportunity for a hearing need be given; and 6) good and sufficient cause exists for the relief requested in the Motion and granted herein.

Accordingly, upon the record herein and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby **ORDERED, ADJUDGED and DECREED** that:

1. The Motion is GRANTED as set forth herein.

2. The terms of this Order shall be immediately effective and enforceable upon its entry.

3. To the extent applicable, the 14-day stay imposed by Bankruptcy Rule 6004(h) and any other stay of the effectiveness of this Oder is hereby waived.

4. The Rejected Agreements identified on **Exhibit A** hereto (the "**Rejected Agreements**") are: a) executory contracts or leases capable of being rejected under section 365 of the Bankruptcy Code; and b) hereby deemed rejected as of March 31, 2025.

5. Consistent with the limitations of section 362 of the Bankruptcy Code, and any other applicable law, counterparties to the Rejected Agreements are prohibited from setting-off or otherwise utilizing any amounts deposited by the Debtor with any of the counterparties as a security

deposit or pursuant to another similar agreement, or owed to the Debtor by any of the counterparties under the Rejected Agreements or other agreements between the same parties, without further order from this Court; provided, however, that RevSpring, Inc. ("**RevSpring**") is authorized to apply the $14,200 deposit (the "**Deposit**") that it is holding to the $6,515.74 owed to RevSpring by the Debtor and thereafter RevSpring shall remit the remainder of the Deposit (i.e. $7,684.26) to the Trustee.

6. The rejection of the Rejected Agreements, as approved, authorized, and ratified herein: (a) constitutes an exercise of sound business judgment by the Trustee, made in good faith and for legitimate commercial reasons; (b) is appropriate and necessary under the circumstances described in the Motion; and (c) is warranted and permissible under sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006.

7. Pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, the rejection of the Rejected Agreements and all related amendments, modifications, assignments, predecessors, and supplements thereto is hereby authorized and approved, effective as of March 31, 2025.

8. Any and all claims arising out of the rejection of the Rejected Agreements are required to be filed on or prior to 30 days after the entry of this order (the "**Bar Date**"), and any such claims that are not filed on or prior to the Bar Date shall be deemed irrevocably waived, shall not be asserted against the Debtor or the estate, and shall not be entitled to participate in any distributions payable to the creditors of the Debtor.

9. Nothing herein shall prejudice the rights of the Trustee to argue that: a) any of the Rejected Agreements were terminated prior to the Petition Date; b) any claim for damages arising from the rejection of the Rejected Agreements is limited to the remedies available under any

applicable termination provision of such Rejected Agreements; or c) any such claim is an obligation of a third party and not that of the Debtor or its estate.

10. Nothing in the Motion or this Order shall prohibit the Trustee from filing one or more additional motions to reject executory contracts or unexpired leases.

11. The Trustee reserves all rights to contest any rejection claims and/or the characterization of any lease as an unexpired lease.

12. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

### *** END OF ORDER ***

Prepared and Presented By:
LAW OFFICES OF HENRY F. SEWELL JR., LLC

By: */s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Counsel for the Trustee

Law Offices of Henry F. Sewell, Jr., LLC
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
COUNSEL FOR THE CHAPTER 7 TRUSTEE

## Parties to Be Served

Law Offices of Henry F. Sewell, Jr., LLC
c/o Henry F. Sewell, Jr., Esq.
Suite 555, 2964 Peachtree Road NW
Atlanta, Georgia 30305

Office of the U. S. Trustee
75 Ted Turner Dr SW, Room 362
Atlanta, GA 30303

S. Gregory Hays, Chapter 7 Trustee
2964 Peachtree Road, Suite 555
Atlanta, Georgia 30305

ARC Management Group, LLC
12655 Old Surrey Place
Roswell, GA 30075-1067

Insperity
19001 Crescent Springs Drive
Kingwood, Texas 77339-3802
Attn: General Counsel
legalnotices@insperity.com

Insperity
c/o Greenberg Traurig, LLP
1000 Louisiana Street, Ste. 6700
Houston, TX 77002
Attn: Karl Burrer, Esq.

RGRE
1835 Savoy Drive, STE. 105
Atlanta, GA 30341
Attn: Ryan Wiedmayer

SOS Copier Lease
PO Box 660831
Dallas, TX, 75266-0831

RealmConnect
1161 Mauldin Road
Calhoun GA 30701
Attn: Anthony Kubek

Evelyn J. Meltzer, Esq.
troutman pepper locke
1313 N. Market Street
Suite 1000
P.O. Box 1709
Wilmington, DE 19801

**Exhibit A**
**(Rejected Contracts and Leases)**

| Counterparty | Counterparty Address | Contract or Unexpired Lease |
|---|---|---|
| Insperity | 19001 Crescent Springs Drive<br>Kingwood, Texas 77339-3802<br>Attn: General Counsel<br>legalnotices@insperity.com<br>-and-<br>c/o Greenberg Traurig, LLP<br>1000 Louisiana Street, Ste. 6700<br>Houston, TX 77002<br>Attn: Karl Burrer, Esq. | Workforce Optimization Client Service Agreement |
| RGRE | 1835 Savoy Drive, STE. 105<br>Atlanta, GA 30341<br>Attn: Ryan Wiedmayer | Lease for 125 Town Park Drive, Ste. 100, Kennesaw, GA 30144 |
| SOS Copier Lease | PO Box 660831<br>Dallas, TX, 75266-0831 | Copier lease |
| RealmConnect | 1161 Mauldin Road<br>Calhoun GA 30701<br>Attn: Anthony Kubek | Lease with Maintenance |
| RevSpring, Inc. | 29241 Beck Road<br>Wixom, MI 48393<br>Attn: Legal/Contract Management<br>-and-<br>Evelyn J. Meltzer, Esq.<br>troutman pepper locke<br>1313 N. Market Street<br>Suite 1000<br>P.O. Box 1709<br>Wilmington, DE 19801 | Professional Services Agreement that includes a deposit in the amount of $14,200 |