

**IT IS ORDERED as set forth below:**

**Date: July 2, 2025**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 7 |
| ARC MANAGEMENT GROUP, LLC, | : |
| | : Case No. 23-61742 - BEM |
| Debtor. | : |

**ORDER (A) AUTHORIZING AND SCHEDULING AN AUCTION AT WHICH THE TRUSTEE WILL SOLICIT THE HIGHEST OR BEST BID FOR THE SALE OF ASSETS; AND (B) APPROVING BID PROCEDURES GOVERNING THE PROPOSED SALE INCLUDING PAYMENT OF EXPENSE REIMBURSEMENT AND BREAKUP FEE**

This matter is before the Court on the *Motion (A) for Authority to Sell Assets Free and Clear of Liens, Claims, and Encumbrances; (B) to Establish Procedures With Respect to Such Sale; (C) Consider Approval of Breakup Fee and Expense Reimbursement; and (D) to Shorten and Limit Notice* (the "**Motion**")[1] that was filed by S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**" or

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

1

"**Seller**") for the bankruptcy estate (the "**Estate**") of ARC Management Group, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Case**"). In the Motion, the Trustee seeks the entry of (i) an order approving a sale and bidding process to be used in connection with the proposed sale of certain identified assets (the "**Identified Assets**"), and (ii) an order approving the sale by the Seller of the Identified Assets to Medical Debt Resolution, Inc. dba Undue Medical Debt (collectively with its affiliates, "**Undue**") or to the bidder submitting the highest or best bid for the Identified Assets in connection with the sale and bidding process. It appearing that the approval of the bid procedures (collectively, the "**Bid Procedures**") as requested in the Motion is in the best interests of the Debtor, the Estate and creditors; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby FOUND AND DETERMINED THAT:

A. The form and manner of notice of the Bid Procedures and the Bid Procedures Hearing shall be, and hereby are, approved as sufficient and adequate notice. No other or further notice in connection with the entry of this Order is or shall be required.

B. The Bid Procedures were proposed by the Trustee in good faith with the goal of maximizing the value of the Portfolios and the Identified Assets for the benefit of all creditors of the estate.

C. Undue has negotiated and entered into a definitive asset purchase agreement with the Trustee setting forth the terms and conditions pursuant to which Undue proposes to acquire the Identified Assets (the "**Sale Agreement**") and to consummate the transactions contemplated thereby that constitutes an initial offer that will serve as a "floor" for further bidding.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted to the extent set forth in this Order. The following "**Bid Procedures**" are hereby approved and shall be used in connection with the proposed sale of the Identified Assets:

   a. <u>Initial Overbid</u>. Any third party (other than Undue) that is interested in acquiring the Identified Assets must submit an "Initial Overbid" in conformance with the Bid Procedures by not later than 5:00 p.m. local time in Atlanta, Georgia on July 15, 2025 (the "**Overbid Deadline**"). Any such Initial Overbid must:
      i. Contain a signed definitive asset purchase agreement (together with a copy of the signed agreement that is marked to show changes from the Sale Agreement with Undue) with, at a minimum, the following requirements: (1) having substantially identical terms and conditions as the Sale Agreement with Undue, except with higher and better consideration; (2) containing terms and conditions otherwise no less favorable to the Estate than the terms and conditions in the Sale Agreement (provided that no Initial Overbid shall provide for the payment to the overbidder of any breakup fee, topping fee, expense reimbursement or other similar arrangement); (3) provide for consideration to the Trustee in an amount equal to or greater than the sum of (a) the consideration payable by Undue under the Sale Agreement, <u>plus</u> (b) an additional amount of $185,000 in cash; (4) not be subject to any (a) financing contingency, (b) contingency relating to the completion of unperformed due diligence, (c) contingency relating to the approval of the overbidder's board of directors or other internal approvals or consents, or (d) any conditions precedent to the overbidder's obligation to purchase the Identified Assets other than those included in the Sale Agreement with Undue; and (5) provide that the overbidder shall purchase all of the Identified Assets;
      ii. Include a cashiers' or certified check as a deposit in the aggregate amount of $100,000.00, payable to an independent escrow agent to be designated by the Seller (it being understood that deposits may also be sent by wire transfer of immediately available funds);
      iii. To the extent not previously provided to the Trustee, be accompanied by evidence satisfactory to the Trustee that the Purchaser can complete the transaction;
      iv. Remain open and irrevocable until one hundred (100) days after the entry of an order by the Court approving a definitive agreement providing for the sale of the Identified Assets; and
      v. Be submitted to (1) counsel to the Trustee, Law Offices of Henry F. Sewell Jr., LLC, Buckhead Centre, 2964 Peachtree Road NW, Suite 555, Atlanta, GA 30305 (Attn: Henry F. Sewell, Jr., Esq.) (hsewell@sewellfirm.com), (2) counsel to Undue, Sheehan Phinney Bass & Green PA, 1000 Elm Street, 17th Floor, Manchester, NH 03101, Attn: Christopher M. Candon (ccandon@sheehan.com), and (3) Office

3

of the U.S. Trustee, 362 Richard Russell Bldg., 75 Ted Turner Dr, SW, Atlanta, Georgia 30303, in each case so as to be received not later than the Overbid Deadline.

b. <u>Auction</u>. In the event the Trustee timely receives a conforming Initial Overbid from a prospective purchaser as described above (a "**Qualified Bidder**"), then the Trustee will conduct an Auction with respect to the sale of the Identified Assets on **July 16, 2025, beginning at 10:00 a.m. local time, at the offices of counsel for the Trustee, Law Offices of Henry F. Sewell Jr., LLC, Buckhead Centre, 2964 Peachtree Road NW, Suite 555, Atlanta, GA 30305** (Attn: Henry F. Sewell, Jr., Esq.), or at such other location as may be designated by the Trustee. In order to participate in the Auction, each prospective purchaser shall be required to comply with the requirements of the Bid Procedures and to submit an Initial Overbid that is timely and that complies in all respects with the Bid Procedures Order. At the Auction, Qualified Bidders and Undue (it being understood that Undue shall be deemed to be a Qualified Bidder) may submit successive bids in cash increments of at least One Hundred Thousand Dollars $100,000 greater than the prior bid for the purchase of the Identified Assets until there is only one offer that the Trustee determine (in the exercise of their sole discretion), subject to Court approval, is the highest or best offer for the Identified Assets (the "**Prevailing Bid**"). When bidding at the Auction, Undue shall receive a cash "credit" in an amount equal to the <u>sum</u> of the maximum Expense Reimbursement <u>plus</u> the Breakup Fee. All bidding for the Identified Assets will be concluded at the Auction and there will be no further bidding at the Sale Hearing. If no conforming Initial Overbid from a Qualified Bidder shall have been received at or prior to the Overbid Deadline, the Auction will not be held, Undue shall be designated as the highest and best bid, and the Sale Hearing will proceed with respect to the Sale Agreement with Undue on an expedited basis. In determining the Prevailing Bid, consideration will be given to, among other things: (i) the number, type and nature of any changes to the Sale Agreement with Undue requested by each bidder; (ii) the extent to which such modifications are likely to delay closing of the sale of the Identified Assets and the cost to the Trustee of such modifications or delay; (iii) the total consideration to be received by the Seller; (iv) the likelihood of the bidder's ability to close a transaction and the timing thereof; (v) the net benefit to the Estate; and (vi) the amount of the bidder's experience acquiring, owning, rehabilitating and managing projects that are substantially similar to the Portfolios. At the Auction, Undue shall have the right to (i) submit further bids along with a markup of the Sale Agreement with Undue; and (ii) at any time, request that the Trustee announce, subject to any potential new bids, the then current Prevailing Bid and, to the extent Undue requests, use reasonable efforts to clarify any and all questions Undue may have regarding the Trustee' announcement of the then current Prevailing Bid. Only the persons who submitted Initial Overbids and Undue may participate in the Auction. After the Auction has concluded, the Trustee shall present the Prevailing Bid to the Court for consideration and approval at the Sale Hearing.

c. <u>Sale Hearing</u>. **The Sale Hearing will be conducted on July 17, 2025 at 11:00 a.m. local time in Courtroom 1402 at the United States Bankruptcy Court, 75 Ted Turner Dr, S.W., Atlanta, Georgia 30303**, at which time the Trustee intends to present the Prevailing Bid for approval by the Court pursuant to the provisions of Sections 105, 363(b), 363(f), 363(m), and 363(n) of the Bankruptcy Code. The Trustee shall be deemed to have accepted a bid only when the bid has been approved by the Court at the Sale Hearing. You may attend this hearing through the Court's Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the Hearing

ci. <u>Highest and/or Best Bid</u>. At all times during the proposed sale process, the Trustee shall retain the right to determine, in their reasonable discretion, which bid constitutes the highest or otherwise best offer for the purchase of the Identified Assets, and which bid should be selected as the Prevailing Bid, if any, all subject to final approval by the Court pursuant to the provisions of Section 363(b) of the Bankruptcy Code. Without limiting the generality of the foregoing, the Trustee may, at any time before entry of an order of the Court approving a Prevailing Bid, reject any bid (other than the Undue bid, as reflected in the Sale Agreement) that, in the reasonable discretion of the Trustee, is (i) inadequate or insufficient, (ii) contrary to the requirements of the Bankruptcy Code or the Bid Procedures, (iii) from a bidder that does not have substantial experience acquiring, owning, rehabilitating and managing projects that are substantially similar to the Portfolios, or (iv) otherwise contrary to the best interests of the Estate or its creditors.

cii. <u>Sale Implementation</u>. Following the approval of the Prevailing Bid at the Sale Hearing, the Trustee will be authorized and directed to take all commercially reasonable and necessary steps to complete and implement the transaction(s) contemplated by the Prevailing Bid, including (but not limited to) seeking entry of one or more Sale Orders.

5

2. Objections (if any) to approval of any Prevailing Bid or to approval of any proposed sale of the Identified Assets pursuant to any Prevailing Bid, shall be in writing, shall set forth the name of the objecting party, the basis for the objection and the specific grounds therefor, and shall be filed with the Court and served upon each of the following so as to be actually received on or before 5:00 p.m. on July 16, 2025: (a) counsel to the Trustee, Law Offices of Henry F. Sewell Jr., LLC, Buckhead Centre, 2964 Peachtree Road NW, Suite 555, Atlanta, GA 30305 (Attn: Henry F. Sewell, Jr., Esq.) (hsewell@sewellfirm.com), (b) counsel to Undue, Sheehan Phinney Bass & Green PA, 1000 Elm Street, 17th Floor, Manchester, NH 03101, Attn: Christopher M. Candon (ccandon@sheehan.com), and (c) Office of the U.S. Trustee, 362 Richard Russell Bldg., 75 Ted Turner Dr, SW, Atlanta, Georgia 30303, (Facsimile: (404) 331-4464). Any objection not filed and served in accordance with this paragraph 2 shall be deemed waived and shall be forever barred.

**THIS SPACE INTENTIONALLY LEFT BLANK**

3. The failure of any third party to file and serve an objection as ordered and directed herein shall be deemed the consent of such party to the granting of the Motion and the sale and transfer of the Identified Assets. In the event that the party submitting the Prevailing Bid is a party other than Undue and the sale to such party is consummated, the Trustee are authorized to (a) pay to Undue an agreed-upon "Breakup Fee" in an amount equal to $60,000 (the "**Breakup Fee**"); and (b) reimburse Undue for its reasonable and documented actual out-of-pocket fees and expenses (including legal, accounting, escrow and other fees and expenses) incurred in connection with, or related to (directly or indirectly), the transactions contemplated by the Agreement, in an amount not to exceed $100,000 (the "**Expense Reimbursement**"); provided, however, that such Breakup Fee and Expense Reimbursement shall be due and payable only if the Trustee has consummated an Alternative Transaction for the Identified Assets to a third party other than or related to the Undue (the "**Alternative Transaction**") and Undue is ready, willing and able to close the transaction and is not in default under the Agreement. For the avoidance of doubt, Seller shall not be obligated to pay and Undue shall not be entitled to receive the Expense Reimbursement or the Breakup Fee if no Alternative Transaction occurs or if the Seller terminates this Agreement as a result of breach of the Agreement by Undue.

4. In the event that the Breakup Fee and Expense Reimbursement are payable pursuant to the preceding paragraph, (a) the Breakup Fee and Expense Reimbursement shall be treated as allowed administrative expense claims in the Case to be paid out of the sale proceeds at the closing of the Alternative Transaction for the Identified Assets to such third party; and (b) no lien of any third party shall attach to the portion of the sale proceeds representing the Breakup Fee and Expense Reimbursement.

5. The Bid Procedures (including the Breakup Fee and Expense Reimbursement) are fair and reasonable, are reasonably calculated to produce the best and highest offers for the Identified Assets, and will confer actual benefits upon the Estate. The Bid Procedures (including payment of the Breakup Fee and Expense Reimbursement, if applicable) represent an exercise of the sound business judgment of the Trustee and will facilitate an orderly sale process.

6. Counsel for the Trustee is directed to serve a copy of this Order as contemplated in the Motion and to file a Certificate of Service evidencing such service within three (3) days of effectuating service.

**END OF DOCUMENT**

Prepared and Presented By:

LAW OFFICES OF HENRY F. SEWELL JR., LLC

By: */s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Counsel for the Trustee

Law Offices of Henry F. Sewell, Jr., LLC
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
 (404) 926-0053
hsewell@sewellfirm.com

## DISTRIBUTION LIST

Henry F. Sewell, Jr.
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305

Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

S. Gregory Hays, Trustee
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305