**IT IS ORDERED as set forth below:**

**Date: July 22, 2025**

_____

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | **CHAPTER 7** |
| **ARC MANAGEMENT GROUP, LLC,** | : | |
| | : | **Case No. 23-61742 - BEM** |
| _____Debtor._____ | : | |

**ORDER (I) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING**
**THE SALE OF CERTAIN ASSETS OF THE DEBTOR; (II) AUTHORIZING THE SALE**
**OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND**
**INTERESTS; AND (III) GRANTING RELATED RELIEF**

This matter came before the Court pursuant to that certain *Motion (A) for Authority to Sell*

*Assets Free and Clear of Liens, Claims, and Encumbrances; (B) to Establish Procedures With*

*Respect to Such Sale; (C) Consider Approval of Breakup Fee and Expense Reimbursement; and*

*(D) to Shorten and Limit Notice* (DE No. 291, the "**Motion**") [1] that was filed by S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**" or "**Seller**") for the bankruptcy estate (the "**Estate**") of ARC Management Group, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Case**"). Pursuant to sections 105 and 363 of Title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2002, and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Trustee seeks through the Motion entry of an order that, among other things, (i) authorizes and approves the Trustee to sell certain assets of the Debtor, described in the Motion as the Identified Assets (the "**Purchased Assets**"), free and clear of all liens, claims, encumbrances, and other interests to Medical Debt Resolution, Inc. dba Undue Medical Debt (together with any permitted assignee, the "**Purchaser**") pursuant to the terms and conditions of that certain Accounts Payable Master Sale Agreement, a copy of which is attached to the Motion (together with all exhibits and schedules thereto, and as may be further amended, the "**Agreement**"); (ii) authorizing and approving the entry into, performance under and the terms and conditions of the Agreement (including all actions taken or required to be taken in connection with the implementation and consummation of the Agreement); and (iii) granting certain related relief, all as more fully described in the Motion and the Agreement; and the Court having entered an order on July 2, 2025 [DE No. 292] (the "**Bidding Procedures Order**") approving procedures (the "**Bidding Procedures**") for (a) submitting bids for the purchase of the Purchased Assets and (b) conducting an auction for the Purchased Assets (the "**Auction**") and a hearing having been held on July 17, 2025, at 11:00 a.m. Eastern Time to consider the relief requested in the Motion (the "**Sale Hearing**"); and no objections to the relief requested in the Motion having been filed prior to the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Sale Hearing or at the Sale Hearing and upon the record of the Sale Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors, and all other parties in interest and that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted in this Order; and after due deliberation and sufficient cause appearing therefor:

**THE COURT HEREBY FINDS THAT:[2]**

<u>**Jurisdiction and Venue**</u>

A.       The Court has jurisdiction over this matter and over the property of the Debtor and its bankruptcy estate pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157. Venue of this Case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

<u>**Statutory Predicates**</u>

B.       The statutory predicates for the relief requested in the Motion are sections 105 and 363 of the Bankruptcy Code, and Bankruptcy Rules 2002, and 6004.

<u>**Final Order**</u>

C.       This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Federal Rules of Civil Procedure 54(b), as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the

---

[2] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

implementation of this Order and that waiver of any applicable waiting period is appropriate, and expressly directs entry of judgment as set forth in this Order.

**<u>Compliance with Bidding Procedures Order</u>**

D.      As demonstrated by (i) the evidence proffered or introduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, the Trustee has thoroughly and fairly marketed the Purchased Assets and conducted the related sale process in good faith and in compliance in all respects with the Bidding Procedures and the Bidding Procedures Order. All interested persons and entities have been afforded a full, fair, and reasonable opportunity to (i) conduct due diligence investigations, (ii) submit bids to purchase the Purchased Assets, and (iii) object or be heard with respect to the Motion and the relief granted by this Order. The Bidding Procedures were non-collusive, formulated and implemented in good faith, were substantively and procedurally fair to all parties, and obtained the highest or otherwise best value for the Purchased Assets for the Debtor and its estate and creditors.

E.      The Purchaser is the Successful Bidder (as defined in the Bidding Procedures) for the Purchased Assets in accordance with the Bidding Procedures Order, and the consideration provided by the Purchaser under the Agreement constitutes the highest or otherwise best offer and provides fair and reasonable consideration to the Trustee for the sale of all the Purchased Assets. The Purchaser has complied in all respects with the Bidding Procedures Order and any other applicable order of this Court in negotiating and entering into the Agreement, and the sale and the Agreement likewise comply with the Bidding Procedures Order and any other applicable order of this Court.

**<u>Notice</u>**

F.       As evidenced by the affidavits of service previously filed with the Court, proper, timely, adequate, and sufficient notice of the Motion, the Auction, the Sale Hearing, the sale of the Purchased Assets (the "**Sale**") has been provided in accordance with Sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007, and 9008, all applicable Local Rules, and the Bidding Procedures Order. Such notice was good, sufficient, and appropriate under the particular circumstances, and no other or further notice of the Motion, the Auction, the Sale Hearing, the Sale, or entry of this Order is required.

G.       Actual written notice of the Auction, the Sale Hearing, and the Sale and a fair and reasonable opportunity to object or otherwise be heard with respect to the Motion, the Sale and the relief granted by this Order has been afforded to all interested parties, including, without limitation, (i) the Office of the United States Trustee (the "**United States Trustee**"), (ii) all known creditors of the Debtor, (iii) all taxing authorities having jurisdiction over any of the Purchased Assets; (iv) all parties that have requested special notice pursuant to Bankruptcy Rule 2002 as of the date prior to the date of entry of the Bidding Procedures Order; (v) all persons or entities known to the Trustee that have or have asserted a lien on, or security interest in, all or any portion of the Purchased Assets; (vi) counsel to the Purchaser; (vii) the Attorney General for the State of Georgia; and (viii) all potential bidders previously identified or otherwise known to the Trustee.

H.       On July 15, 2025, the Trustee filed his *Notice of No Initial Overbid by Overbid Deadline and That There Will Not Be An Auction* (DE No. 296) stating that no competing bids had been received by the bid deadline of 5:00 p.m. on July 15, 2025 and that, consequently, no auction would be held on July 16, 2025 and that the Purchaser was the Successful Bidder. This Notice was served on all parties receiving electronic notice in this Case.

**Highest or Otherwise Best Offer**

I.      The offer of the Purchaser, upon the terms and conditions set forth in the Agreement, including the form and total consideration to be realized by the Debtor pursuant to the Agreement; (i) is the highest or otherwise best offer received by the Trustee; (ii) is fair and reasonable; (iii) is in the best interests of the creditors and estate of the Debtor; and (iv) constitutes fair value, fair, full and adequate consideration, reasonably equivalent value, and reasonable market value for the Purchased Assets.

**Authority**

J.      Upon the entry of this Order, the Trustee shall have full power and authority to execute and deliver the Agreement and all other documents contemplated thereby and shall have full power and authority to consummate the transactions contemplated by the Agreement. Except as otherwise set forth in the Agreement, no further consents or approvals are required for the Trustee to consummate the transactions contemplated by the Agreement.

**Good Faith Purchaser**

K.      The Purchaser is purchasing the Purchased Assets in good faith, and is a "good faith purchaser" within the meaning of Section 363(m) of the Bankruptcy Code, and is therefore entitled to the full protection of that provision and any other applicable or similar bankruptcy or non-bankruptcy law. The Purchaser has at all times acted in good faith and shall continue to act in good faith within the meaning of Section 363(m) of the Bankruptcy Code in and through Closing of the Sale. Neither the Purchaser nor any of Purchaser's affiliates is an "insider" of the Debtor, as that term is defined in Section 101(31) of the Bankruptcy Code.

**<u>Arm's-Length Sale</u>**

L.    The Agreement was negotiated, proposed, and entered into by the Trustee and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions. No party has engaged in any action or conduct that would justify or permit the avoidance of the sale pursuant to the Sale Agreement, the recovery of excess value, or the imposition of punitive damages, under section 363(n) of the Bankruptcy Code.

**<u>Business Justification</u>**

M.    The Trustee has demonstrated good, sufficient, and sound business reasons and compelling circumstances to enter into the Agreement, sell the Purchased Assets under Section 363 of the Bankruptcy Code, and such actions are appropriate and reasonable exercises of the business judgment of the Trustee and in the best interests of the Debtor, its estate and creditors, and all other parties in interest. Such business reasons include, but are not limited to, the facts that (i) there is substantial risk of deterioration of the value of the Purchased Assets if the Sale is not consummated quickly, (ii) the Agreement constitutes the highest or otherwise best offer for the Purchased Assets, (iii) no other person or entity or group of persons or entities has offered to purchase the Purchased Assets for greater economic value to the estate of the Debtor than the Purchaser, and (iv) the Sale pursuant to the terms of the Agreement presents the best opportunity to realize the value of the assets of the Debtor. The determination of the Trustee that the Agreement constitutes the highest or otherwise best offer for the Purchased Assets constitutes a valid and sound exercise of the business judgment of the Trustee.

N.    The terms and conditions of the Agreement, including the consideration to be realized by the Trustee pursuant to the Agreement, are fair and reasonable, and the transactions

contemplated by the Agreement are in the best interests of the Debtor, its estate and creditors, and all other parties in interest. Approval of the Motion, the Agreement, the Sale, and the consummation of the transactions contemplated thereby is in the best interests of the Debtor, its estate and creditors, and all other parties in interest.

### No Fraudulent Transfer; Not a Successor

O.    The consideration provided by the Purchaser for the Purchased Assets pursuant to the Agreement (i) is fair and reasonable, (ii) is the highest or otherwise best offer for the Purchased Assets, (iii) will provide a greater recovery for the estate and creditors than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, any other laws of the United States, and the laws of any state, territory, possession, and the District of Columbia.

P.    The Purchaser is not a mere continuation of the Debtor or its estate and there is no continuity or common identity between the Purchaser and the Debtor. The Purchaser is not a successor to the Debtor or its estate, and the Sale does not amount to a consolidation, merger, or *de facto* merger of the Purchaser with or into the Debtor. Neither entry into the Agreement nor the Sale of the Purchased Assets to the Purchaser is being undertaken for the purpose of escaping liability for any debts or hindering, delaying, or defrauding the present or future creditors of the Debtor under the Bankruptcy Code, any other laws of the United States, or the laws of any state, territory, possession, or District of Columbia.

### Free and Clear

Q.    Except as otherwise expressly provided in the Agreement or this Order, the Purchased Assets shall be sold free and clear of all interests, obligations, rights, encumbrances, pledges, liens (including, without limitation, mechanic's, materialmen's, and other consensual and

non-consensual liens and statutory liens), mortgages, deeds of trust, security interests, claims (including any "claim" as defined in Section 101(5) of the Bankruptcy Code), liabilities, debt obligations, losses, penalties, leases, charges, offsets, contracts, options, rights of first refusal, rights of first offer, rights of first sale, rights of notice, easements, servitudes, proxies, voting trusts or agreements, transfer restrictions under any agreement, conditional sale or other title retention agreements, judgments, hypothecations, demands, licenses, sublicenses, assignments, indentures, loan agreements, instruments, debts, rights of recovery, guaranties, contractual commitments, restrictions, rights of recoupment, labor and employment rights and claims, employee benefit agreements and obligations, collective bargaining agreements and obligations, pension rights and claims, claims based on reimbursement, contribution, indemnity, exoneration, products liability, tortious conduct, property damage, personal injury, alter-ego or taxes, claims based on pension plan contributions and related liabilities, environmental liabilities or obligations (including, without limitation, toxic tort claims), options to purchase, regulatory violations, decrees of any court or foreign or domestic governmental entity, charges of any kind or nature, debts arising in any way in connection with any agreements, acts, or failures to act, reclamation claims, and obligation claims, in each case, of whatever kind, nature, or description in, against or with respect to any of the Purchased Assets, or the Debtor, having arisen, existed, or accrued prior to and through the Closing Date, whether direct or indirect, absolute or contingent, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, material or non-material, disputed or undisputed, known or unknown, matured or unmatured, liquidated or unliquidated, arising or imposed by agreement, understanding, law, equity, statute, or otherwise, and whether arising prior to, on or after the Petition Date, including claims or liabilities otherwise arising under doctrines of successor liability, *de facto* merger, or

substantial continuity, or liabilities or obligations arising under any law or order (collectively, "**Interests**").

R.    The transfer of the Purchased Assets to the Purchaser free and clear of all Interests will not result in any undue burden or prejudice to any holders of any Interests, as such Interests shall attach to the net proceeds of the Sale that are ultimately attributable to the Purchased Assets when received by the Debtor, in the order of their priority, with the same validity, force, and effect which they now have as against the Purchased Assets, and subject to any claims and defenses the Debtor, its estate, or other parties may possess with respect to such Interests.

S.    The Trustee may sell the Purchased Assets free and clear of all Interests because, in each case, one or more of the standards set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. All holders of Interests who did not object or who withdrew their objections to the Sale or the Motion are deemed to have consented to the Sale and the relief requested in the Motion pursuant to Section 363(f)(2) of the Bankruptcy Code. All other holders of Interests, including those who maintained and did not withdraw objections to the Sale or the Motion, if any, fall within one or more of the other subsections of Section 363(f) of the Bankruptcy Code, including, without limitation, Section 363(f)(5) of the Bankruptcy Code, because such holders could be compelled in a legal or equitable proceeding to accept a money satisfaction on account of such Interests, and are adequately protected by having their Interests, if any, attach to the net proceeds of the Sale that are ultimately attributable to the Purchased Assets when received by the Debtor, in which such holders allege Interests, in the same order of priority, with the same validity, force, and effect that such holders had prior to the Sale, subject to any claims and defenses the Debtor, its estate, or other parties may possess with respect to such Interests.

T.      The Purchaser would not have entered into the Agreement and will not consummate the transactions contemplated thereby, thus adversely affecting the Debtor, its estate, creditors, and other parties in interest, if the Sale were not free and clear of all Interests, or if the Purchaser, its affiliates, or their respective officers, directors or shareholders, or the Purchased Assets, would, or in the future could, be liable for any such Interests, or would have any liability whatsoever with respect to, or be required to satisfy in any manner, whether at law or equity, or by payment, setoff, or otherwise, directly or indirectly, any Interests, including rights or claims based on any successor or transferee liability.

U.      Not selling the Purchased Assets free and clear of all Interests would adversely impact efforts to maximize the value of the estate, and a sale of the Purchased Assets that was not free and clear of all Interests would be of substantially less benefit to the estate.

## Validity of Transfer

V.      The consummation of the Agreement and the Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, Sections 105(a), 363(b), 363(f), and 363(m) of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the transactions contemplated under the Agreement.

W.      The Purchased Assets constitute property of the estate, and good and indefeasible title to the Purchased Assets is vested in the Estate within the meaning of Section 541(a) of the Bankruptcy Code, and no other person has any ownership right or ownership interest therein or title thereto.

X.      The Purchaser is not acquiring any property of the Debtor other than the Purchased Assets as such assets are identified in the Agreement.

Y.      The transfer of the Purchased Assets to the Purchaser under the Agreement will be a legal, valid and effective transfer of all of the legal, equitable, and beneficial right, title, and interest in and to the Purchased Assets free and clear of all Interests. The transfer of the Purchased Assets to the Purchaser will vest the Purchaser with good and marketable title to the Purchased Assets.

## Compelling Circumstances for an Immediate Sale

Z.      To maximize the value of the Purchased Assets, preserve the viability of the business to which the Purchased Assets relate, and avoid deterioration, erosion of value, and uncertainty with respect to the Purchased Assets, it is essential that the Sale of the Purchased Assets occur within the time constraints set forth in the Motion, the Bidding Procedures Order, and the Agreement. Time is of the essence in consummating the Sale. Accordingly, there is cause to waive the stay contemplated by Bankruptcy Rule 6004.

AA.      The Trustee has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the approval and consummation of the Sale.

BB.      Given all of the circumstances of this Case and the adequacy and fair value of the Purchase Price under the Agreement, the Sale of the Purchased Assets to the Purchaser constitutes a reasonable and sound exercise of the business judgment of the Trustee.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

## General Provisions

1.      The Motion is granted and approved as provided in this Order.

2.      All objections and responses to the Sale or the Motion that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections and responses, are overruled on the merits and denied with prejudice. All persons and entities given

notice of the Motion that failed to timely object thereto, including are deemed to have consented to the relief sought therein.

3.      This Court's findings of fact and conclusions of law set forth in the Bidding Procedures Order are incorporated in this Order by reference.

## Approval of the Agreement

4.      The Agreement and all other ancillary documents, including, without limitation, all of the terms and conditions of the Agreement and such other ancillary documents, are approved in all respects.

5.      Pursuant to Section 363(b) of the Bankruptcy Code, the Trustee is authorized and directed (a) to take any and all actions necessary or appropriate to execute and deliver, perform under, consummate, implement, and effectuate the Agreement, together with any and all instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Agreement, this Order, and the Sale, and to take all further actions as may be reasonably requested by the Purchaser for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser, or reducing to possession, the Purchased Assets, free and clear of all Interests to the Purchaser on the Closing Date pursuant to the terms of the Agreement, and (c) to take any and all actions as may be necessary or appropriate to the performance of obligations as contemplated by the Agreement, without any further action or order of this Court.

## Transfer of the Purchased Assets

6.      Except as otherwise expressly provided in the Agreement or this Order, pursuant to Sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Trustee is authorized and directed to transfer the Purchased Assets to the Purchaser on the Closing Date pursuant to the terms and

conditions of the Agreement and this Order, free and clear of all Interests, with all such Interests

to attach to the net proceeds of the Sale that are ultimately attributable to the Purchased Assets

when received by the Trustee, in the order of their priority, with the same validity, force, and effect

which they now have as against the Purchased Assets, and subject to any claims and defenses the

Debtor, its estate, or other parties may possess with respect to such Interests.

7.      The transfer of the Purchased Assets to the Purchaser will be, as of the Closing

Date, a legal, valid, binding, and effective transfer of the Purchased Assets, and, except as

otherwise expressly provided in the Agreement or this Order, shall vest the Purchaser with all

right, title, and interest of the Debtor in and to the Purchased Assets free and clear of all Interests

accruing, arising, or relating to such Purchased Assets any time prior to and through the Closing

Date. Except as otherwise expressly provided in the Agreement or this Order, the Purchaser shall

not assume or become liable for any Interests relating to the Purchased Assets.

8.      Except as expressly permitted or otherwise specifically provided by the Agreement

or this Order, all persons and entities (including, but not limited to, all debt security holders, equity

security holders, affiliates, governmental, tax and regulatory authorities, lenders, customers,

vendors, employees, trade creditors, litigation claimants, and other creditors) and their respective

successors and assigns holding Interests in all or any portion of the Purchased Assets arising under

or out of, in connection with, or in any way relating to the Debtor, the Purchased Assets, or the

transfer of the Purchased Assets to the Purchaser, are hereby forever barred, estopped, and

permanently enjoined from asserting such Interests against the Purchaser, its successors and

assigns, and their property, including, without limitation, the Purchased Assets. Following the

Closing, no holder of any Interest shall interfere with Purchaser's title to or use and enjoyment of

the Purchased Assets based on or related to any such Interest, or based on any action the Debtor may take in the Case.

9.      On the Closing Date, each holder of an Interest is authorized and directed to execute such documents and take all other actions as may be necessary to release such Interest, if any, as provided for in this Order, as such Interests may have been recorded or may otherwise exist.

10.     Upon consummation of the transactions contemplated in the Agreement and in this Order, the Purchaser shall be authorized to file termination statements or lien terminations in any required jurisdiction to remove any record, notice filing, or financing statement recorded to attach, perfect, or otherwise notice any lien or encumbrance that is extinguished or otherwise released pursuant to this Order under Section 363 and the related provisions of the Bankruptcy Code.

11.     All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Trustee to sell and transfer the Purchased Assets to the Purchaser in accordance with the terms of the Agreement and this Order.

12.     All persons and entities that are in possession of some or all of the Purchased Assets on the Closing Date are directed to surrender possession of such Purchased Assets to the Purchaser on the Closing Date.

13.     If any person or entity which has filed statements or other documents or agreements evidencing Interests with respect to all or any portion of the Purchased Assets shall not have delivered to the Trustee prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary or desirable to the Purchaser for the purpose of documenting the release of all Interests that the person or entity has or may assert with respect to

all or any portion of the Purchased Assets, the Trustee and the Purchaser are hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Purchased Assets.

14.    This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, registrars of patents, trademarks, or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease, and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

15.    This Order shall be effective as a determination that, as of the Closing, (i) no Interests will be capable of being asserted against the Purchaser or any of its respective assets (including the Purchased Assets), (ii) the Purchased Assets shall have been transferred to Purchaser free and clear of all Interests, and (iii) the conveyances described herein have been effected.

## No Successor or Transferee Liability

16.    Upon the Closing Date and except as otherwise expressly provided in the Agreement and this Order, all persons and entities are hereby forever prohibited and permanently enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding against the Purchaser, its successors and assigns, or the Purchased Assets, with respect to any (a) Interest arising under,

out of, in connection with or in any way relating to the Debtor, the Purchaser, or the Purchased Assets prior to and including the Closing Date or (b) successor or transferee liability, including, without limitation, the following actions: (i) commencing or continuing in any manner any action or other proceeding against the Purchaser, its successors or assigns, assets, or properties, (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Purchaser, its successors or assigns, assets or properties, (iii) creating, perfecting, or enforcing any Interest against the Purchaser, its successors or assigns, assets, or properties, (iv) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Purchaser or its successors or assigns, or (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of this Court, or the agreements or actions contemplated or taken in respect of this Order and such other orders.

## Good Faith of Purchaser

17.    The transactions contemplated by the Agreement are undertaken by the Purchaser and the Trustee without collusion and in good faith, as that term is defined in Section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided in this Order to consummate the Sale shall not affect the validity of the Sale, unless such authorization and consummation of such Sale are duly stayed pending such appeal.

18.    Neither the Debtor, the Trustee, nor Purchaser have engaged in any action or inaction that would cause or permit the Sale to be avoided or costs or damages to be imposed under Section 363(n) of the Bankruptcy Code. The consideration provided by the Purchaser for the Purchased Assets under the Agreement is fair and reasonable and the sale may not be avoided under Section 363(n) of the Bankruptcy Code.

**Related Relief**

19.     Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, 9014, or Federal Rule of Civil Procedure 62(a), or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry. The Debtor is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, and may, subject to the terms and conditions of the Agreement, and in their discretion and without further delay, close the transactions contemplated under the Agreement and take any action and perform any act authorized under this Order.

20.     Flock shall be entitled to receive a 5% finder's fee (the "**Finder's Fee**") for its efforts in locating the Purchaser and its efforts to conclude a Sale of the Purchased Assets to be paid from the proceeds of the Sale at closing. Except as otherwise expressly provided in the Agreement, no other brokers were involved in consummating the Sale, and no other brokers' commissions are due. Other than the Finder's Fee, the Purchaser is not and will not become obligated to pay any other fee or commission or like payment to any broker, finder, or financial advisor as a result of the consummation of the transaction contemplated by the Agreement based upon any arrangement made by or on behalf of the Trustee.

21.     The Trustee is authorized to pay the Finder's Fee from the paid proceeds of the Sale at closing. After the payment of the Finder's Fee and any other closing costs, the remaining balance (the "**Net Proceeds**") shall be distributed as follows: a) the Estate is entitled to 10% of the Net Proceeds pursuant to the Settlement to be used to be retained by the Chapter 7 Bankruptcy Estate; b) the Libertas Parties shall be entitled to 45% of the Net Proceeds; and c) Flock shall be entitled to 45% of the Net Proceeds. Incident thereto, the Trustee is authorized to: a) retain 10% of the Net

Proceeds; and b) distribute 45% of the Net Proceeds to the Libertas Parties and 45% of the Net Proceeds to Flock pursuant to the Settlement.

22.     The Purchaser shall have no obligation to proceed with Closing unless and until all conditions precedent to its obligations to do so, as set forth in the Agreement, have been met, satisfied, or waived in accordance with the terms of the Agreement; provided, however, that the Purchaser shall continue to act in good faith within the meaning of Section 363(m) of the Bankruptcy Code in and through Closing of the Sale.

23.     The failure specifically to include any particular provision of the Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Agreement be authorized and approved in its entirety.

24.     The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof, without further order of this Court; provided, however, that any such modification, amendment, or supplement does not have a material adverse effect on the Estate.

25.     The terms and provisions of the Agreement and this Order shall be binding in all respects upon the Debtor, its respective affiliates, estate, and creditors, all holders of equity interests in the Debtor, all holders of any Interest, all interested parties in this case and their respective successors and assigns, the Purchaser and its successors and assigns, and any trustees, if any, subsequently appointed under the Bankruptcy Code in the Case. This Order and the Agreement shall inure to the benefit of the Trustee, the Debtor, its estate and creditors, the Purchaser, and its respective successors and assigns.

26.     This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Agreement, all amendments to this

Order and the Agreement, any waivers and consents under this Order and the Agreement, and each of the agreements executed in connection with this Order and the Agreement and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Agreement, the Sale, or this Order. This Court retains jurisdiction to compel delivery of the Purchased Assets, to protect the Purchaser and its assets, including the Purchased Assets, against any Interests and successor and transferee liability, and to enter orders, as appropriate, pursuant to Sections 105 or 363 (or other applicable provisions) of the Bankruptcy Code necessary to transfer the Purchased Assets.

27.     Each and every federal, state, and local governmental agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement and this Order.

28.     To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in this Case, the terms of this Order shall govern.

29.     To the extent there are any inconsistencies between the terms of this Order and the Agreement (including all ancillary documents executed in connection this Order and the Agreement), the terms of this Order shall govern.

30.     The provisions of this Order are nonseverable and mutually dependent.

***END OF DOCUMENT***

Prepared and Presented By:

LAW OFFICES OF HENRY F. SEWELL JR., LLC

By: */s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Law Offices of Henry F. Sewell, Jr., LLC
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
 (404) 926-0053; hsewell@sewellfirm.com
Counsel for the Trustee

Case 23-61742-bem    Doc 301    Filed 07/22/25    Entered 07/22/25 15:56:28    Desc Main
Document      Page 21 of 21

**DISTRIBUTION LIST**

Office of the United States Trustee
362 Richard B. Russell Federal Bldg.
75 Ted Turner Drive, SW # 362
Atlanta, Georgia 30303

Henry F. Sewell, Jr.
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305

Gregory M Taube
Nelson Mullins Riley Scarborough
201 17th Street NW, Suite 1700
Atlanta, Ga 30363-1099

Jeff Cianculli, Esq.
Weir LLP
The Widener Building
1339 Chestnut Street, Ste. 500
Philadelphia, PA 19107

Undue Medical Debt
c/o Sheehan Phinney Bass & Green PA
1000 Elm Street, 17th Floor
Manchester, NH 03101
Attn: Christopher M. Candon

S. Gregory Hays, Trustee
Suite 555
2964 Peachtree Road NW
Atlanta, GA 30305

ARC Management Group, LLC
12655 Old Surrey Place
Roswell, GA 30075-1067