**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: : | |
| : | CHAPTER 7 |
| ARC MANAGEMENT GROUP, LLC, : | |
| : | Case No. 23-61742 - BEM |
| Debtor. : | |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**" or "**Movant**") for the bankruptcy estate (the "**Bankruptcy Estate**") of ARC Management Group, LLC, Debtor (the "**Debtor**") in the above captioned case, has filed a *Motion by Chapter 7 Trustee for Authority to Disburse Collection Proceeds* (the "**Motion**"). The Motion seeks an order authorizing the Trustee to disburse the Collection Proceeds[1] by paying: 1) $106,778.88 to Flock; b) $106,778.88 to Libertas; and 3) $23,728.63 to the Trustee for the benefit of the Estate. The Motion is on file with the Clerk of the Court at the address set forth below and is available for review between 8:00 a.m. and 4:00 p.m. or online anytime at http://ecf.ganb.uscourts.gov (registered users) or at http://pacer.psc.uscourts.gov (unregistered users) or a copy may be obtained from counsel for the Trustee identified below.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing (the "**Hearing**") to consider the Motion at **10:00 a.m.** on **September 9, 2025, in Courtroom 1402, Richard B. Russell Federal Building, 75 Ted Turner Drive, S.W. Atlanta, Georgia 30303**, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-In and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

Your rights may be affected by the Court's ruling on the Motion. You should read the Motion carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views, then you and/or your attorney should attend the Hearing. You may also file a written response to the Motion with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the Hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive Street, SW, Atlanta, Georgia 30303. You

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion.

should also mail a copy of your response to the undersigned at the addresses stated below.

Dated: August 13, 2025.　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　LAW OFFICES OF HENRY F. SEWELL JR., LLC

　　　　　　　　　　　　　　　　　　**/s/ Henry F. Sewell, Jr.**
　　　　　　　　　　　　　　　　　　Henry F. Sewell, Jr.
　　　　　　　　　　　　　　　　　　Georgia Bar No. 636265
　　　　　　　　　　　　　　　　　　Buckhead Centre
　　　　　　　　　　　　　　　　　　2964 Peachtree Road NW, Suite 555
　　　　　　　　　　　　　　　　　　Atlanta, GA 30305
　　　　　　　　　　　　　　　　　　(404) 926-0053
　　　　　　　　　　　　　　　　　　hsewell@sewellfirm.com

　　　　　　　　　　　　　　　　　　COUNSEL FOR THE CHAPTER 7 TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : |
| | :     CHAPTER 7 |
| ARC MANAGEMENT GROUP, LLC, | : |
| | :     Case No. 23-61742 - BEM |
| Debtor. | : |

## MOTION BY CHAPTER 7 TRUSTEE FOR AUTHORITY TO DISBURSE COLLECTION PROCEEDS

COMES NOW S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of ARC Management Group, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Case**"), by and through counsel, and hereby files this *Motion by Chapter 7 Trustee for Authority to Disburse Collection Proceeds* (the "**Motion**"). In support of the Motion, the Trustee respectfully shows the Court as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157. Venue of this proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are Sections 105 and 503 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "**Bankruptcy Code**") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

3. Prior to the Debtor filing a voluntary petition on November 28, 2023 (the "**Petition Date**") for relief under chapter 11 of title 11 of the Bankruptcy Code, the business of the Debtor involved the collection of past due consumer medical accounts receivable incident to which the Debtor received revenue from: a) commissions for collecting accounts of clients (the

"**Commission Accounts**"); and b) past due consumer accounts that were purchased by the Debtor (the "**Portfolios**") from F. Schumacher & Co. ("**Schumacher**").

4. Flock Financial, LLC ("**Flock**") asserted a security interest in the Portfolios owned by the Debtor, particularly in the revenue generated from collections.

5. WebBank ("**WebBank**"), Libertas Funding, LLC ("**Libertas**"), SuperB Capital, LLC ("**SuperB**" or "**Libertas**"), and Lendspark Corporation (collectively with WebBank, Libertas, and SuperB, the "**Libertas Parties**") also asserted a security interest in the Portfolios among other assets of the Debtor.

6. After the Debtor failed to issue timely monthly payments and disputes arose related thereto, Flock initiated litigation on August 8, 2023, in Cobb County incident to which Irwin Bernstein (the "**Receiver**") was appointed as receiver over the Portfolios.

7. Prior to the appointment of the Trustee, the Court approved the use of cash collateral pursuant to certain interim orders [Doc. Nos. 27, 33, 70 and 75] and a final order [Doc. Nos. 117 and 121] (the "**Cash Collateral Order**").

8. Prior to the appointment of the Trustee, Debtor, Flock, and the Receiver negotiated a settlement memorialized in the Settlement and Release Agreement (as amended, the "**Settlement**") that addressed the collection of the Portfolios. The Court entered an *Order Granting Motion for Approval of Settlement Agreement* [Doc. No. 203] dated September 23, 2024, incident to which the Court authorized the entry of the Settlement.

9. The Settlement entered prior to the appointment of the Trustee required the Debtor to execute a Master Servicing Agreement with Allgate Financial LLC ("**Allgate**") under the terms of which Allgate would collect and service the charged off consumer medical accounts receivable

2

of the eleven Portfolios. The Settlement further provided that the proceeds of the Portfolios would be divided as follows: (a) 45% to Flock; (b) 45% to Libertas; and (c) 10% to the Chapter 11 Debtor.

10. On March 17, 2025, the Court entered an Order [Doc. No. 251] approving a motion [Doc. No. 245] to amend the Settlement incident to which a Chapter 7 Trustee would be authorized to retain the Estate's 10% interest in the Portfolios in the event of a conversion of the case to Chapter 7.

11. Shortly after the entry of the Order amending the Settlement, this Case was converted to Chapter 7 on March 20, 2025, pursuant to the entry of an Order Converting Chapter 11 Case of the Debtor to Chapter 7 [Doc. No. 253].

12. On March 20, 2025, the United States Trustee filed a *Notice of Appointment of Interim Trustee and Section 341(a) Meeting of Creditors* [Doc. No. 254] pursuant to which S. Gregory Hays was appointed as the interim Chapter 7 Trustee for the Bankruptcy Estate of the Debtor. The Trustee subsequently concluded the Section 341 Meeting.

13. As of August 9, 2025, the Trustee is in possession of $237,286.39 (the "**Collection Proceeds**") in net proceeds from collections related to the Portfolios to be disbursed under the terms of the Settlement. The Collection Proceeds are comprised of the following:

| | |
|---|---:|
| Allgate Collections | $182,760.35 |
| SCP Health Collections | $32,308.91 |
| EMBCC Patient Services | $23,418.05 |
| Wells Fargo Trust Acct Balance xxx9737 | $328.16 |
| Bank Fees | ($1,529.08) |
| Total | $237,286.39 |

14. The Collection Proceeds were received by the Trustee in the ordinary course of business and are in addition to the funds paid pursuant to the sale of assets as detailed in the *Report*

3

*Regarding Sale of Certain Assets of the Debtor* [Doc No. 308] (the "**Sale Report**") that was filed by the Trustee on August 12, 2025.

15. The Trustee does not anticipate recovering any additional proceeds from the Portfolios as the remaining portion of the Portfolios has been sold pursuant to an order of this Court and there is no benefit to the Estate in delaying the disbursement of the Collection Proceeds.

## DISBURSEMENT OF COLLECTION PROCEEDS

16. The Estate has incurred certain expenses in conjunction with the liquidation and administration of the remaining assets of the Estate.

17. Pursuant to Settlement, the allocation of the Collection Proceeds has already been determined as 45% to Flock, 45% to Libertas, 10% to the Trustee for the benefit of the Estate.

18. By this Motion, the Trustee seeks an order authorizing the Trustee to disburse the Collection Proceeds in accordance with Settlement as follows: a) 45% ($106,778.88) to Flock; b) 45% ($106,778.88) to Libertas; and c) 10% ($23,728.63) to the Trustee for the benefit of the Estate. The Trustee specifically seeks authority to wire the payments in the amount of $106,778.88 to Flock and $106,778.88 to Libertas.

19. In light of the importance of the liquidation of the Portfolios and fact that the allocation of the Collection Proceeds has already been determined by the Settlement approved by the Court, the Trustee, in the exercise of the sound business judgment of the Trustee, submits that it is in the best interest of the Estate for the Trustee to receive authority to disburse the Collection Proceeds pursuant to the Settlement.

4

**BASIS FOR RELIEF**

20.     Since the Court has already approved the allocation of the Collection Proceeds incident to the approval of the Settlement, the relief sought herein is an administrative step to consummate the Settlement by proceeding with disbursements contemplated by the Settlement.

21.     Section 105(a) of the Bankruptcy Code further allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *See* 11 U.S.C. § 105(a). The purpose of section 105(a) is to "assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy ¶ 105.01 (16th ed. 2013). Section 105(a) of the Bankruptcy Code essentially codifies the inherent equitable powers bankruptcy court. *See Mgmt. Tech. Corp. v. Pardo*, 56 B.R. 337, 339 (Bankr. D.N.J. 1985) (holding that the equitable power of the Court is derived from section 105 of the Bankruptcy Code). Here, the disbursement of the Collection Proceeds sought herein is necessary and appropriate to carry out the Settlement approved by the Court.

22.     Section 503(b)(1) provides further provides "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). Indeed, "Section 507 of the Bankruptcy Code gives first priority to 'administrative expenses allowed under [11 U.S.C.] section 503(b),' defined as including 'the actual, necessary costs and expenses of preserving the estate, including wages, salaries or commissions for services rendered after the commencement of the case.'" *In re Hostess Brand, Inc.*, 499 B.R. 406, 411 (S.D.N.Y. 2013) (citing 11 U.S.C. § 503(b)(1)(A)) (modification in original).

23. The disbursements sought to be made by the Trustee pursuant to this Motion satisfy the criteria for an administrative expense under section 503(b)(1) of the Bankruptcy Code since the underlying obligations result from services that have provided or will provide the Debtor with post-petition benefit and constitute costs and expenses necessary for the preservation of the Estate. Accordingly, such obligations constitute an administrative claim of the Estate under section 503 of the Bankruptcy Code.

24. The Trustee submits that authorizing the Trustee to disburse the Collection Proceeds as referenced herein is: a) in the best interests of the Estate; and b) consistent with the orderly liquidation of the Estate. The Trustee further submits that the disbursement of the Collection Proceeds will not adversely impact any other party and thus no harm will result from the granting of the relief requested herein since the cash sought to be disbursed is already allocated under the Settlement.

25. Under the circumstances, the Trustee submits that it is appropriate for the Court to enter an order authorizing the relief requested herein in accordance with the business judgment of the Trustee.

## RESERVATION OF RIGHTS

26. Nothing contained herein is or should be construed as: a) an admission as to the validity of any claim against the Estate; b) a waiver of any rights of the Trustee to dispute any claim on any grounds; c) a promise to pay any claim; or d) otherwise affecting the rights of the Estate.

**WHEREFORE,** the Trustee respectfully requests that the Court: 1) enter an Order, substantially in the form of the proposed order attached as **Exhibit A** hereto, that grants this Motion

and authorizes the Trustee to disburse the Collection Proceeds as referenced herein; and 2) grant such other and further relief as the Court deems just or proper.

Dated: August 13, 2025.

> Respectfully submitted,
>
> LAW OFFICES OF HENRY F. SEWELL JR., LLC
>
> */s/ Henry F. Sewell, Jr.*
> Henry F. Sewell, Jr.
> Georgia Bar No. 636265
> Buckhead Centre
> 2964 Peachtree Road NW, Suite 555
> Atlanta, GA 30305
> (404) 926-0053
> hsewell@sewellfirm.com
>
> COUNSEL FOR THE CHAPTER 7 TRUSTEE

7

**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 7 |
| ARC MANAGEMENT GROUP, LLC, | : | |
| | : | Case No. 23-61742 - BEM |
| Debtor. | : | |

**ORDER AUTHORIZING DISBURSEMENT OF COLLECTION PROCEEDS**

This matter is before the Court upon the *Motion by Chapter 7 Trustee for Authority to Disburse Collection Proceeds* (the "**Motion**") [Doc. No. ___] (the "**Motion**") that was filed by S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of ARC Management Group, LLC, Debtor (the "**Debtor**") in the above captioned case (the "**Case**"). The Motion seeks the entry of an Order authorizing the Trustee to disburse the Collection Proceeds[1] by paying: 1) $106,778.88 to Flock; b) $106,778.88 to Libertas; and 3) $23,728.63 to

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion.

the Trustee for the benefit of the Estate. In making such disbursements, the Trustee requests specific authority to wire $106,778.88 to Flock and $106,778.88 to Libertas.

Counsel for the Trustee filed a notice setting the Motion for hearing on September 9, 2025 (the "**Hearing**"). All requisite parties-in-interest had an opportunity to file an objection to the Motion and attend the Hearing to support any asserted objection to the Motion. No objection to the Motion was filed and no creditor or party in interest appeared at the Hearing to oppose the relief requested in the Motion.

Sufficient funds exist in this Estate with which to make the disbursements requested in the Motion and the Trustee submits that such payments are proper administrative expenses of the Estate. Having reviewed and considered the Motion and all other matters of records, including the lack of objection thereto, after due deliberation thereon and finding that good cause exists for the entry of this Order and that no further notice or opportunity for hearing is required, for good cause shown, it is hereby ORDERED that:

1. The Motion is GRANTED and the Trustee is authorized, but not directed, to disburse the Collection Proceeds and pay: a) $106,778.88 to Flock via wire; b) $106,778.88 to Libertas via wire; and 3) $23,728.63 to the Trustee for the benefit of the Estate.

2. The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order; and

3. The Court shall retain jurisdiction over the interpretation or the implementation of this Order.

***END OF ORDER***

Prepared and Presented by:

By: /s/ *Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Counsel for the Trustee

Law Offices of Henry F. Sewell, Jr., LLC
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

**Identification of parties to be served:**

United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

S. Gregory Hays, Chapter 7 Trustee
2964 Peachtree Road, Suite 555
Atlanta, Georgia 30305

LAW OFFICES OF HENRY F. SEWELL JR., LLC
c/o Henry F. Sewell, Jr.
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305

ARC Management Group, LLC
12655 Old Surrey Place
Roswell, GA 30075-1067

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 7 |
| ARC MANAGEMENT GROUP, LLC, | : |
| | : Case No. 23-61742 - BEM |
| Debtor. | : |

### CERTIFICATE OF SERVICE

This is to certify that service of the foregoing *Motion by Chapter 7 Trustee for Authority to Disburse Collection Proceeds* was served via the United States Bankruptcy Court for the Northern District of Georgia's Electronic Case Filing System to all registered parties who have filed appearances and requested notices in this case and by first class United States mail with adequate postage thereon or electronic mail, as indicated, to the following at the addresses stated below:

Office of the U.S. Trustee
362 Richard Russell Federal Building
75 Spring Street, SW
Atlanta, GA 30303

Dated: August 13, 2025.

        Respectfully submitted,

        LAW OFFICES OF HENRY F. SEWELL JR., LLC

        ***/s/ Henry F. Sewell, Jr.***
        Henry F. Sewell, Jr.
        Georgia Bar No. 636265
        Buckhead Centre
        2964 Peachtree Road NW, Suite 555
        Atlanta, GA 30305
        (404) 926-0053
        hsewell@sewellfirm.com

        COUNSEL FOR THE CHAPTER 7 TRUSTEE