IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| ARC MANAGEMENT GROUP, LLC, | : | CHAPTER 7 |
| Debtor. | : | Case No. 23-61742 - BEM |
| | : | |
| S. GREGORY HAYS, AS CHAPTER 7 | : | |
| TRUSTEE FOR ARC MANAGEMENT | : | |
| GROUP, LLC, DEBTOR, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. _____ |
| | : | |
| WILLIAM D. WILSON, ABI HOLDING, LLC, | : | |
| and JOHN DOES 1 – 10, | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS, COMPEL
TURNOVER OF PROPERTY, AND FOR EQUITABLE AND OTHER RELIEF**

Plaintiff S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**" or "**Plaintiff**") for the
bankruptcy estate (the "**Estate**") of ARC Management Group, LLC, Debtor (the "**Debtor**") in the
above captioned case (the "**Bankruptcy Case**"), by and through counsel, hereby files this
*Complaint to Avoid and Recover Transfers, Compel Turnover of Property, and for Equitable and
Other Relief* (the "**Complaint**") against Defendants William D. Wilson ("**Mr. Wilson**"), ABI
Holding, LLC ("**ABI**"), and John Does 1-10 (collectively, the "**Defendants**") and alleges upon
knowledge, information, and belief as follows:

**NATURE OF ACTION**

1.    This adversary proceeding (the "**Adversary Proceeding**") is commenced against
an insider of the Debtor and entities controlled by such party—to: (a) avoid and recover certain
transfers of property or interests of the Debtor from one or more of the Defendants herein or from
any other person or entity for whose benefit the transfers were made; (b) compel the turnover of
property of the Estate; (c) recover damages for conversion, breach of fiduciary duty, conspiracy,

and unjust enrichment; and (d) obtain an accounting from each of the Defendants herein and other relief as set forth herein. Plaintiff further seeks the Court's assistance to enjoin further transfers, unwind the fraudulent conveyances received by Defendants, and stop efforts to frustrate the Trustee from attempting to recover assets of the Estate.

2.      Defendant Mr. Wilson, who managed and served as the President of the Debtor and was the organizer of ABI, had control of the operations of the Debtor and used such control to divert property of Debtor to one or more of the Defendants, including ABI. Incident to such conduct, Mr. Wilson breached and aided and abetted the breach of, fiduciary duties owed to the Debtor by: a) converting or otherwise usurping for personal benefit assets and corporate opportunities of the Debtor; b) improperly expending or diverting assets of the Debtor for personal benefit or for the benefit of affiliated companies; c) failing to use and adhere to due care, loyalty, disclosure and good faith; d) concealing, continuing, and aiding and abetting conduct to allow for the continuance of tortious conduct; and e) engaging in fraudulent or otherwise avoidable transfers made for the sole benefit of one or more of the Defendants.

## JURISDICTION AND VENUE

3.      The statutory and legal predicates for the relief sought herein are sections 105, 541, 542, 544, 547, 548, 549, 550, and 551 of chapter 11 of title 11 of the United States Code ("**Bankruptcy Code**"), O.C.G.A §§ 18-2-74, 18-2-75, and 51-12-30, Rules 6002, 7001, and 7004 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), and any other applicable law.

4.      Plaintiff also brings this Adversary Proceeding pursuant to applicable state law to obtain an accounting from the Defendants, recover damages for conversion, breach of fiduciary

duty, negligence, mismanagement, and waste of corporate assets, fraud, and punitive damages from certain of the Defendants.

5.      As a result of the conduct of the Defendants, the rights and interests of the Debtor, its Estate, and its creditors have been harmed, giving rise to direct claims against these Defendants.

6.      This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157.

7.      This Adversary Proceeding arises out of and relates to the Bankruptcy Case and is a "core" proceeding within the meaning of 28 U.S.C. § 157 to be heard and determined by this Court.

8.      This Court may enter final orders or judgments in this Adversary Proceeding.

9.      Venue over this Adversary Proceeding resides in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

10.      This Court has jurisdiction over the Defendants pursuant to Rule 7004 of the Bankruptcy Rules.

## PROCEDURAL BACKGROUND AND PARTIES

11.      On November 29, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code. At such time, Mr. Wilson managed and served as the President of the Debtor.

12.      After irregularities were discovered in certain financial information reported by the Debtor, on November 7, 2024, the Debtor entered into a *Consent Order Directing the Appointment of a Trustee* [Doc. No. 224]. On November 12, 2024, the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee and Setting Bond* [Doc. No. 227] pursuant to which S. Gregory Hays was appointed as the Chapter 11 Trustee for the Bankruptcy Estate of the Debtor.

13.     On November 14, 2024, the Court entered an order [Doc. No. 231] approving the appointment of the Trustee as Chapter 11 Trustee in the Bankruptcy Case.

14.     On March 20, 2025, the Court entered an *Order Converting Chapter 11 Case of the Debtor to Chapter 7* [Doc. No. 253] incident to which this Bankruptcy Case was converted to Chapter 7.

15.     On March 20, 2025, the United States Trustee filed a *Notice of Appointment of Interim Trustee and Section 341(a) Meeting of Creditors* [Doc. No. 254] pursuant to which S. Gregory Hays was appointed as the interim Chapter 7 Trustee for the Bankruptcy Estate of the Debtor.

## THE PARTIES

16.     S. Gregory Hays is the duly appointed and acting permanent Chapter 7 Trustee in this Bankruptcy Case.

17.     The Plaintiff has standing and the right and power to: (a) avoid and recover any transfer of an interest or property of the Debtor or any obligation of the Debtor that may be voided; and (b) assert the claims and seek the relief requested herein.

18.     Upon information and belief, at all times relevant hereto, Defendant Mr. Wilson managed and served as the President of the Debtor and was a shareholder, an officer, and a person in control of the Debtor.

19.     Defendant Mr. Wilson is a citizen and resident of the State of Georgia who currently resides at 12655 Old Surrey Place, Roswell, GA 30075-1067 and can be served at such address or as otherwise provided by law.

20.     Upon information and belief, at all relevant times hereto, Defendant Mr. Wilson owed fiduciary duties to the Debtor.

21.     Upon information and belief, at all relevant times hereto, Defendant Mr. Wilson: (a) was familiar with the operations and business affairs of the Debtor; (b) had access to business records of the Debtor; and (c) was aware that he owed fiduciary duties to the Debtor.

22.     Pursuant to 11 U.S.C. § 101(31), at all times relevant hereto, Defendant Mr. Wilson was an insider of the Debtor.

23.     Upon information and belief, Plaintiff anticipates that discovery will show that during all periods relevant to this Complaint, Mr. Wilson was in control of the operations of the Debtor and held himself out as an officer or director of the Debtor.

24.     Defendant ABI, which was organized by Defendant Mr. Wilson, is a Georgia limited liability company that can be served through its registered agent John David Stuart at 1825 Barrett Lakes Blvd, Suite 500, Kennesaw, GA, 30144 or as otherwise provided by law.

25.     Upon information and belief, Mr. Wilson organized and controlled ABI.

26.     John Does 1 through 10 are individuals or entities who may have received avoidable transfers or who are in possession, custody and control of property of the Estate, but whose identities have been hidden or concealed from the Trustee and are currently unknown to the Trustee.

27.     At all times relevant hereto, at least one of the Defendants was an agent of the Debtor under applicable law responsible for maintaining the property of the Debtor.

28.     Defendants are subject to the jurisdiction and venue of this Court and may be served pursuant to Fed. R. Bankr. P. 7004 and any other applicable law.

## FACTUAL BACKGROUND

**A.  Inadequate Disclosure of Property of the Estate.**

29.     With the assistance of the professionals of the Trustee, the Trustee has, among other things, conducted an investigation and review of the affairs of the Debtor that has been hindered by a lack of certain information generally related to the financial matters of the Debtor.

30.     Upon information and belief, the Defendants have failed to produce and account for all records and property of the Debtor, disclose certain property of the Estate, or obtain approval of the disposition of certain property of the Estate.

31.     In potentially an effort to conceal his activities involving the Debtor, Defendant Mr. Wilson attempted to limit the ability of the Trustee to obtain relevant information.

32.     As a result of the efforts by Defendant Mr. Wilson to conceal prior activity involving assets of the Debtor, there is some uncertainty with regard to location of certain payments due to the Debtor.

33.     The Trustee anticipates that a full and complete accounting by the Defendants and additional documentation, information, and investigation will provide further understanding of transactions involving the Debtor and potential causes of action. Upon information and belief, the Trustee has enough information to establish inappropriate transfers and misappropriation of funds due to the Debtor to file this complaint.

**B.  The Operations of the Debtor and the Transfers.**

34.     Prior to the Petition Date, the business of the Debtor involved the collection of past due consumer medical accounts receivable incident to which the Debtor received revenue from: a) commissions for collecting accounts of clients (the "**Commission Accounts**"); and b) past due

consumer accounts that were purchased by the Debtor (the "**Portfolios**") from F. Schumacher & Co. ("**Schumacher**").

35.　　When the Debtor was facing financial difficulties and was insolvent or in the vicinity of insolvency, Mr. Wilson diverted significant transfers of assets of the Debtor to the detriment of the Debtor and its creditors and obtained unauthorized withdrawals or benefit from funds due to the Debtor.

36.　　Upon information and belief, Defendant Mr. Wilson decided at some point to usurp and divert funds of the Debtor for the personal benefit of Mr. Wilson directly or indirectly through related parties such as ABI.

37.　　Mr. Wilson caused certain payments due to the Debtor to be deposited into a Wells Fargo account ending in 7178 (the "**ABI Account**") in the name of ABI.

38.　　Although Mr. Wilson was obligated to turnover all assets of the Debtor to the Estate and deposit funds of the Debtor into an a debtor-in-possession account, Mr. Wilson failed to forward payments to an approved account of the Debtor and retained for his personal benefit—through entities such as ABI—funds in the amount of at least $2,272,964.37 (the "**Diverted Transfers**") that were otherwise due to the Debtor.

39.　　The details of the Diverted Transfers are further set forth in the **Exhibit A** attached hereto.

40.　　The Diverted Funds that were not forwarded to the Debtor include the following payments in the total amount of $585,121:

| Payor | Description | Check # | Check Date | Paid Date | Amount |
|-------|-------------|---------|------------|-----------|--------|
| Schumacher | INV93833572 BN2197152 | 381604 | 08/08/24 | 08/28/24 | $29,028.28 |
| Schumacher | INV93833572 BN2234182 | 385470 | 09/12/24 | 09/20/24 | $2,676.73 |

7

| | INV93833572 | | | | |
|---|---|---|---|---|---|
| Schumacher | BN2265210 | 388322 | 10/10/24 | 10/16/24 | $9,064.01 |
| | INV93833572 | | | | |
| Schumacher | BN2298241 | 392775 | 11/14/25 | 11/20/24 | $21,384.82 |
| | INV93833572 | | | | |
| Schumacher | BN2339297 | 395158 | 12/19/24 | 01/10/25 | $12,883.76 |
| Insperity PEO Services LP | ERC | 355675 | 07/11/24 | 07/12/24 | $225,105.25 |
| Insperity PEO Services LP | ERC | 364145 | 01/03/25 | 01/09/25 | $284,978.15 |
| | | | | | $585,121.00 |

41.     Although the Trustee intends to seek to avoid and recover all amounts that may be avoidable, the foregoing does not include transfers that have not yet been identified by the Trustee.

42.     The Trustee anticipates that, during the course of this Adversary Proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers of money or other property of the Debtor that may be avoidable (the "**Additional Transfers**"). To the extent that the Trustee discovers the existence of Additional Transfers, Plaintiff intends to avoid and recover all transfers of property or an interest of the Debtor to or for the benefit of any of the Defendants (collectively, the Diverted Transfers and Additional Transfers are the "**Transfers**"). This Complaint is not limited to the Transfers disclosed as part of the defined term.

43.     Upon information and belief, the Debtor was insolvent at the time of each of the Transfers or was rendered insolvent as a result of the Transfers.

44.     The Transfers were made in response to the inability of the Debtor to pay its debts as they came due, and with Defendants' knowledge that the Debtor would not be able to pay its obligations such as the Indebtedness as they became due.

45.     Defendants have failed to produce sufficient financial information regarding the Debtor in an attempt to hide the Transfers that were otherwise due to the Debtor.

46.     The lack of financial information about the Debtor hindered the ability of creditors to analyze the performance of the Debtor, the propriety of its financial transactions, and the risk associated with transacting business with the Debtor.

47.     Defendants caused the Debtor to complete the Transfers with the actual intent to hinder, delay or defraud the creditors of the Debtor.

48.     The following "badges of fraud" evidence the underlying fraudulent intent of the Transfers: (a) one or more of the Transfers was made to an insider of the Debtor or to affiliates of one or more of the Defendants who are insiders of the Debtor; (b) the Debtor did not receive reasonably equivalent value, if any value, in exchange for one or more of the Transfers; (c) the Debtor was insolvent or became insolvent shortly after one or more of the Transfers was made; and (d) one or more of the Transfers occurred shortly before or after a substantial debt was incurred.

49.     Upon information and belief, the Defendants did not provide the Debtor with reasonably equivalent value for the Transfers.

50.     Upon information and belief, to the extent that any Transfers were not on account of an antecedent debt, the Debtor did not receive reasonably equivalent value in exchange for such transfers.

51.     Upon information and belief, the Transfers were made for less than reasonably equivalent value during the time that the Debtor was insolvent or such transfers rendered the Debtor insolvent and were made with the actual or constructive intent to hinder, delay or defraud creditors of the Debtor.

**C. Reservation of Rights**

9

52.     The Plaintiff reserves the right to amend this original Complaint, including, but not limited, to: (a) include further information regarding the Transfers or any other transfers of property of the Estate; (b) include additional transfers; (c) include modifications of and/or revision to the name of the Defendants; (d) name and serve John Does 1 – 10 as they may be identified during the course of discovery in this case; and/or (e) include additional causes of action that may become known to Plaintiff at any time during this Adversary Proceeding, through discovery or otherwise. Any amendments to this Complaint shall relate back to this original Complaint.

**FIRST CAUSE OF ACTION**
**(Avoidance of 90 Day Preferences – 11 U.S.C. §§ 544, 547, 550, and 551)**
**(as to all Defendants)**

53.     Plaintiff repeats, alleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth in this cause of action.

54.     The Debtor made each of the Transfers that were made within the 90 days immediately preceding the Petition Date within the 90 days immediately preceding the Petition Date to, or for the benefit of, at least one of the Defendants (the "**Preference Payments**"). Additional transfers may be added as further information and documentation becomes available to the Trustee.

55.     Each of the Preference Payments constitutes a transfer of an interest of property of the Debtor.

56.     Each of the Preference Payments was to, or for the benefit of, a creditor of the Debtor.

57.     The Debtor made each of the Preference Payments for or on account of an antecedent debt that was owed by the Debtor prior to the date of the Preference Payments.

58.     Each of the Preference Payments was made while the Debtor was insolvent for purposes of 547(b)(3) of the Bankruptcy Code. Pursuant to Section 547(f) of the Bankruptcy Code, Plaintiff is entitled to the presumption of insolvency for each of the Preference Payments made during the 90 day preference period.

59.     Each of the Preference Payments was made during the 90 days prior to the Petition Date.

60.     Each of the Preference Payments enabled the Defendants to receive more than the Defendants would have received if: (a) the Bankruptcy Case was administered under Chapter 7 of the Bankruptcy Code; (b) the Preference Payments had not been made; or (c) Defendants had received payment of the debt owed by the Debtor to the extent allowable pursuant to the Bankruptcy Code.

61.     One of more of the Defendants was the initial transferee of the Preference Payments or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Preference Payments were made.

62.     Based on the foregoing, each of the Preference Payments constitutes an avoidable preferential transfer pursuant to sections 544 and 547(b) of the Bankruptcy Code and, in accordance with Sections 550 and 551 of the Bankruptcy Code, the Plaintiff may avoid each of the Preference Payments for the benefit of the Estate of the Debtor. Based upon the foregoing and based on reasonable due diligence in the circumstances of the case and taking into account known or reasonably knowable affirmative defenses under subsection (c) of 547, Plaintiff is entitled to an order and judgment against the Defendants: (a) avoiding the Preference Payments under section 547(b) of the Bankruptcy Code; and (b) entitling Plaintiff to recover the Preference Payments or the value of the Preference Payments under Sections 550 and 551 of the Bankruptcy Code, together

with the award of pre and post judgment interest to the date of payment or other satisfaction of such order and judgment and the costs of this action.

## <u>SECOND CAUSE OF ACTION</u>
**(Avoidance of One Year Preferences – 11 U.S.C. §§ 544, 547, 550, and 551)**
**(as to Mr. Wilson)**

63.    Plaintiff repeats, alleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth in this cause of action.

64.    Mr. Wilson is an insider of the Debtor.

65.    The Debtor made each of the Transfers made to Defendant Mr. Wilson during the year preceding the Petition Date (the "**One Year Transfers**") within the year immediately preceding the Petition Date to, or for the benefit of, Mr. Wilson (the "**One Year Preference Period**"). Additional transfers may be added as further information and documentation becomes available to the Trustee.

66.    Each of the One Year Transfers constitutes a transfer of an interest of property of the Debtor.

67.    Each of the One Year Transfers was to, or for the benefit of, a creditor of the Debtor.

68.    The Debtor made each of the One-Year Transfers for or on account of an antecedent debt that was owed by the Debtor prior to the date of the One Year Transfers.

69.    Each of the One Year Transfers was made while the Debtor was insolvent for purposes of 547(b)(3) of the Bankruptcy Code. Pursuant to Section 547(f) of the Bankruptcy Code, Plaintiff is entitled to the presumption of insolvency for each of the One Year Transfers made during the One Year Preference Period.

70.    Each of the One Year Transfers was made during the One Year Preference Period.

71.     Each of the One Year Transfers enabled Defendant Mr. Wilson to receive more than he would have received if: (a) the Bankruptcy Case was administered under Chapter 7 of the Bankruptcy Code; (b) the One Year Transfers had not been made; or (c) Defendant Mr. Wilson had received payment of the debt owed by the Debtor to the Defendants to the extent allowable pursuant to the Bankruptcy Code.

72.     Defendant Mr. Wilson was the initial transferee of the One Year Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the One Year Transfers were made.

73.     Based on the foregoing, each of the One Year Transfers constitutes an avoidable preferential transfer pursuant to sections 544 and 547(b) of the Bankruptcy Code and, in accordance with Sections 550 and 551 of the Bankruptcy Code, the Plaintiff may avoid each of the One Year Transfers for the benefit of the Estate of the Debtor.

74.     Based upon the foregoing, Plaintiff is entitled to an order and judgment against Defendant Mr. Wilson: (a) avoiding the One Year Transfers under section 547(b) of the Bankruptcy Code; and (b) entitling Plaintiff to recover the One Year Transfers or the value of the One Year Transfers under Sections 550 and 551 of the Bankruptcy Code, together with the award of pre and post judgment interest to the date of payment or other satisfaction of such order and judgment and the costs of this action.

## THIRD CAUSE OF ACTION
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. §§ 544, 548, 550, and 551)**
**(Against all Defendants as to the Transfers)**

75.     Plaintiff repeats, alleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth in this cause of action.

76.    The Debtor made the Transfers that were made within two years of the Petition Date (the "**Two-Year Transfers**") to or for the benefit of one of the Defendants within the two years immediately preceding the Petition Date.

77.    Each of the Two-Year Transfers was made by the Debtor and constitutes a transfer of an interest of the property of the Debtor or obligation incurred by the Debtor without consideration.

78.    Upon information and belief, the Debtor received no direct benefit from each of the Two-Year Transfers.

79.    Each of the Two-Year Transfers was made with the actual intent to hinder, delay, or defraud an entity to which the Debtor was or became, indebted on or after the date that each of the fraudulent conveyances was made or such obligation was incurred by the Debtor.

80.    In the alternative, the Debtor received less than reasonably equivalent value in exchange for each of the Two-Year Transfers and the Debtor:

a.    was insolvent on the dates that the Two-Year Transfers were made or such obligations were incurred, or became insolvent as a result of the Two-Year Transfers or the related obligations;

b.    was engaged in business or a transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital;

c.    intended to incur, or believed that the Debtor would incur, debts that would be beyond the ability of the Debtor to pay as such debts matured; or

d.  made the transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract or not in the ordinary course of business.

81.  Based on the foregoing, each of the Two-Year Transfers constitute an avoidable fraudulent transfer or obligation incurred without consideration pursuant to Sections 544 and 548 of the Bankruptcy Code and, in accordance with Sections 550 and 551 of the Bankruptcy Code, the Plaintiff may avoid the Two-Year Transfers and any amounts associated with such obligations.

**FOURTH CAUSE OF ACTION**
**(Avoidance of Fraudulent Transfers)**
**(11 U.S.C. §§ 544, 550, and 551 and O.C.G.A §§ 18-2-74 & 18-2-75)**
**(Against all Defendants as to the Transfers)**

82.  Plaintiff repeats, alleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth in this cause of action.

83.  The Debtor made at least one of the Transfers to or for the benefit of one of the Defendants within the four years immediately preceding the Petition Date (the "**Four Year Transfers**").

84.  Each of the Four Year Transfers was made by the Debtor and constitute a transfer of an interest of the property of the Debtor or obligation incurred by the Debtor without consideration.

85.  Upon information and belief, the Debtor received no direct benefit from the Four Year Transfers.

86.  Upon information and belief, the Debtor did not receive reasonably equivalent value in exchange for each of the Four Year Transfers when the Debtor: (a) was engaged or was about to engage in a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; (b) intended to incur, or believed or reasonably

15

should have believed that the Debtor would incur, debts beyond its ability to pay as such debts became due; or (c) was insolvent.

87.    In the alternative, each of the Four Year Transfers was incurred by the Debtor and made with the actual intent to hinder, delay, or defraud a creditor of the Debtor.

88.    The Debtor had at least one creditor who could have avoided each of the Four Year Transfers.

89.    All conditions precedent to bring this action have been performed or have occurred.

90.    Based on the foregoing, each of the Four Year Transfers constitute avoidable fraudulent transfers or obligations incurred without consideration pursuant to O.C.G.A §§ 18-2-74 and/or 18-2-75 and Section 544 of the Bankruptcy Code and, in accordance with Sections 550 and 551 of the Bankruptcy Code, the Plaintiff may avoid the Four Year Transfers and any amounts associated with such obligations from the Defendants.

## FIFTH CAUSE OF ACTION
### (Avoidance of Unauthorized Post-Petition Transfers)
### (as to all Defendants)

91.    Plaintiff repeats, alleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth in this cause of action.

92.    The Transfers made after the Petition Date (the "**Post-Petition Transfers**") were each a transfer of an interest of the Debtor after the Petition Date.

93.    The Court never entered an order approving the Post-Petition Transfers or authorizing Post-Petition Transfers to any of the Defendants.

94.    The Post-Petition Transfers were not authorized by the Bankruptcy Code or order of the Bankruptcy Court.

16

95.    The Trustee may avoid the Post-Petition Transfers pursuant to Section 549 of the Bankruptcy Code.

96.    Based on the foregoing, each of the Post-Petition Transfers constitute unauthorized post-petition transfers pursuant to Section 549 of the Bankruptcy Code and, in accordance with Sections 550 and 551 of the Bankruptcy Code, the Plaintiff may avoid the Post-Petition Transfers and any amounts associated with such obligations from the Defendants.

## SIXTH CAUSE OF ACTION
### (Recovery and Preservation of Avoided Transfers – 11 U.S.C. §§ 550 and 551)
### (as to all Defendants)

97.    Plaintiff repeats, alleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth in this cause of action.

98.    To the extent that any transfers, including the Transfers, are avoided (collectively, "**Avoided Transfers**"), the Plaintiff may preserve and recover such transfers or obligations pursuant to Sections 550 and 551 of the Bankruptcy Code.

99.    One or more of the Defendants was the initial transferee of the Avoided Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoided Transfers were made.

100.    Pursuant to Sections 550 and 551 of the Bankruptcy Code, the Plaintiff is entitled to preserve and recover the transfers, plus interest thereon to the date of payment and the costs of this action, for the benefit of the Estate of the Debtor.

## SEVENTH CAUSE OF ACTION
### (Legal and Equitable Accounting)
### (11 U.S.C. § 105 and Rule 6002 of the Bankruptcy Rules and Georgia Law)
### (as to all Defendants)

101.    Plaintiff repeats, alleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth in this cause of action.

17

102.    Among the statutory duties of a debtor, a "debtor shall appear and submit to examination under oath at the meeting of creditors under section 341(a) . . . Creditors, . . .any trustee . . . in the case, or the United States Trustee may examine the debtor." 11 U.S.C. § 343; *see also* Fed. R. Bankr. P. 4002(a)(1) (providing that a debtor shall "attend and submit to an examination at the times ordered by the court"). In instances where a trustee is serving in the case, a debtor shall "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties." 11 U.S.C. § 521(a)(3); *see also* Fed. R. Bankr. P. 4002(a)(4) (providing that a debtor shall "cooperate with the trustee in the preparation of an inventory, the examination of proofs of claim, and the administration of the estate).

103.    As a former officer of the Debtor, Defendant Mr. Wilson should not now be permitted to avoid the responsibility of satisfying the obligations of the Debtor to cooperate with the Trustee.

104.    Rule 6002 further provides that at a "custodian required by the Code to deliver property in the custodian's possession or control to the trustee shall promptly file and transmit to the United States trustee a report and account with respect to the property of the estate and the administration thereof."

105.    In addition to the duties and obligations imposed by the Bankruptcy Code, Defendants are required to account to the Trustee for the assets and records of the Debtor under Georgia Law.

106.    One or more of the Defendants either have possession or control of assets or business records of the Debtor or have information regarding the assets or business records of the Debtor.

107.    One or more of the Defendants have failed to: (a) cooperate with the Trustee as necessary to enable the Trustee to perform the duties of the Trustee; (b) report and account with respect to the property of the estate of the Debtor; (c) account to Plaintiff for all transfers received by the Defendants and any profits and any special benefits obtained as a result of any breach of fiduciary duties by either of the Defendants; or (d) have intentionally hidden and absconded with the assets and business records of the Debtor.

108.    Accordingly, Plaintiff respectfully requests that the Court enter an order directing and compelling the Defendants to report and account with respect to property of the estate of the Debtor, for all damages cause by the Defendants, and all transfers received by the Defendants and any profits and any special benefits obtained as a result of any breach of fiduciary duty by Defendant Mr. Wilson.

**EIGHTH  CAUSE OF ACTION**
**(Turnover of Property of the Estate – 11 U.S.C. §§ 541 and 542)**
**(as to all Defendants)**

109.    Plaintiff repeats, alleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth in this cause of action.

110.    Bankruptcy Code section 541(a) provides, in pertinent part, that the bankruptcy estate is comprised, among other things, of "all legal or equitable interests of the debtor in property as of the commencement of the case." *See* 11 U.S.C. § 541(a).

111.    Bankruptcy Code section 542(a) provides, in pertinent part, that "an entity, . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." *See* 11 U.S.C. § 542(a).

112.    The Transfers constitute property of the Estate that was inappropriately diverted by one or more of the Defendants.

113.    The Transfers have not been delivered to the Trustee.

114.    The Trustee does not know the current whereabouts of all payments due to the Debtor.

115.    One or more of the Defendants may remain in wrongful possession, custody, and control of payments due to the Debtor or other property of the Debtor or have or may have taken possession of property of the Estate and perhaps other property and the income derived therefrom within the meaning of 11 U.S.C. § 542.

116.    The interest of the Debtor in the funds due to the Debtor and other property of the Debtor as well as all income derived therefrom constitute property of the Estate pursuant to section 541 of the Bankruptcy Code.

117.    Defendants remain in wrongful possession, custody, and control of property of the Debtor within the meaning of 11 U.S.C. § 542.

118.    Despite its obligations to do so, the Defendants have failed or refused to turnover or cause the turnover to the Trustee of property of the Debtor and the income derived therefrom.

119.    The funds due to the Debtor and other property of the Debtor and the income derived therefrom are of significant value and benefit to the Estate and its creditors.

120.    Accordingly, pursuant to section 542 of the Bankruptcy Code, Plaintiff respectfully requests that the Court enter an order directing and compelling the Defendants to turnover or cause the turnover of the property of the Debtor and all income derived therefrom, including any inventory, documents, books and records of the Debtor.

## NINTH CAUSE OF ACTION
### (Conversion)
### (as to all Defendants)

121.    Plaintiff repeats, alleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth in this cause of action.

122.    One or more of the Defendants converted assets of the Debtor to their own use and profit and/or to the use and profit of one of more of the Defendants.

123.    One or more of the Defendants willfully and intentionally converted property of the Debtor to their own use and profit and/or to the use and profit of one of more of the Defendants.

124.    One or more of the Defendants continue to exercise dominion and control and/or assert ownership over property of the Debtor.

125.    One or more of the Defendants has failed and refused to return the property of the Debtor either to the Trustee or to the Debtor.

126.    One or more of the Defendants is liable to the Trustee for the full value of the property of the Debtor together with all profits derived therefrom.

127.    The actions of Defendants in transiting the property of the Debtor away from the Debtor constitute willful misconduct, malice, fraud, wantonness and/or entire want of care as to consequences of actions. Accordingly, the Trustee is entitled to an award of punitive damages in an amount sufficient to deter, penalize or punish Defendants from and against the intentionally tortious conduct of one or more of the Defendants.

## TENTH CAUSE OF ACTION
### (Breach of Fiduciary Duties as to Defendant Mr. Wilson)

128.    Plaintiff repeats, alleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth in this cause of action.

129. Defendant Mr. Wilson was an officer, operations manager, and an insider of the Debtor.

130. Through the foregoing relationship, there existed a relationship of dependence and influence whereby Defendant Mr. Wilson had fiduciary duties to the Debtor to act with the utmost good faith, honesty, fair dealing, and loyalty and refrain from favoring personal interests at the expense of the interests of the Debtor.

131. Defendant Mr. Wilson was obligated as a fiduciary to not engage in self-dealing or otherwise promote their interests at the expense of and to the detriment of the Debtor.

132. Given that the Debtor was insolvent and/or in the zone of insolvency at all times relevant hereto, the fiduciary duties of Defendant Mr. Wilson extended to include the interests of creditors of the Debtor.

133. Defendant Mr. Wilson willingly, knowingly, recklessly, and in bad faith breached their fiduciary duties by placing their interests or those of one or more of the Defendants ahead of the interests of the Debtor.

134. Defendant Mr. Wilson failed to use his best skill and judgment to protect the interests of the Debtor.

135. Defendant Mr. Wilson breached his fiduciary duties of loyalty, good faith, and independence by, among other conduct: (a) failing to account for the assets of the Debtor; (b) usurping corporate opportunities of the Debtor and self-dealing for the benefit of one or more of the Defendants and to the detriment of the Debtor; (c) ignoring and failing to protect against conflicts of interest resulting from interrelationships and connections between the Debtor and other parties; and (d) failing to protect the interests of the Debtor or refrain from conduct that would

22

cause injury to the Debtor or deprive the Debtor of profit or advantage, all for personal financial gain.

136.    The conduct of Defendant Mr. Wilson constitutes a breach of his fiduciary duties.

137.    As a direct and proximate result of the breach of fiduciary duties by Defendant Mr. Wilson, payments due to the Debtor were diverted for the benefit of one or more of the Defendants and the Debtor has sustained irreparable injury in that the Debtor has not received the value for the payments that were siphoned off for the benefit of one or more of the Defendants.

138.    As a direct and proximate result of the breach of fiduciary duties by the Defendant Mr. Wilson, the Debtor has sustained injuries for which compensation is sought in the form of: (a) compensatory, consequential, and punitive damages in an amount to be determined at trial; and (b) disgorgement of all profits earned by the Defendants or their affiliates by virtue of any breach of fiduciary duty.

**ELEVENTH CAUSE OF ACTION**
**(Constructive Trust)**
**(as to all Defendants)**

139.    Plaintiff repeats, alleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth in this cause of action.

140.    Defendants engaged in an artifice or scheme as described herein to deprive the Debtor of funds and assets (the "**Funds**") that should have been maintained by the Debtor or used to pay its creditors.

141.    In the alternative, the acts described herein constitute an act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of Plaintiff.

142.    The Court should impose a constructive trust for the benefit of Plaintiff over the Funds and the Transfers or the proceeds thereof.

## TWELFTH CAUSE OF ACTION
### (Unjust Enrichment)
### (as to all Defendants)

143.    Plaintiff repeats, alleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth in this cause of action.

144.    As a result of the conduct described herein, one or more of the Defendants have been unjustly enriched at the expense of the Debtor.

145.    Accordingly, Defendants should be required to disgorge all transfers, monies, profits and gains that the Defendants or their related entities have obtained or will unjustly obtain in the future at the expense of the Debtor and a constructive trust should be imposed thereon for the benefit of the Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that the Court grant relief and enter a judgment in favor of the Plaintiff as follows:

A.    on the First Cause of Action, determines that each of the Preference Payments are avoidable and order that each of the Preference Payments be set aside as preferential transfers and recovered by the Trustee for the benefit of the Estate pursuant to Sections 544, 547(b), 550, and 551 of the Bankruptcy Code;

B.    on the Second Cause of Action, determines that each of the One Year Transfers are avoidable and order that each of the One Year Transfers be set aside as preferential transfers and recovered by the Trustee for the benefit of the Estate pursuant to Sections 544, 547(b), 550, and 551 of the Bankruptcy Code;

24

C.      on the Third Cause of Action, determines that each of the Two-Year Transfers are avoidable and order that the Transfers be set aside as fraudulent transfers and recovered by the Trustee for the benefit of the Estate pursuant to sections 544, 548, 550, and 551 of the Bankruptcy Code;

D.      on the Fourth Cause of Action, determines that each of the Four Year Transfers are avoidable and order that the Four Year Transfers be set aside as fraudulent transfers and recovered by the Trustee for the benefit of the Estate pursuant to sections 544, 550, and 551 of the Bankruptcy Code and O.C.G.A §§ 18-2-74 and/or 18-2-75;

E.      on the Fifth Cause of Action, determines that each of the Post-Petition Transfers are avoidable and order that the Post-Petition Transfers be set aside as pursuant to sections 549, 550, and 551 of the Bankruptcy Code;

F.      avoids each of the Transfers in favor of the Trustee;

G.      on the Sixth Cause of Action, determines that each of the transfers, to the extent that they are avoided, shall be recovered by Plaintiff pursuant to Sections 550 and 551 of the Bankruptcy Code;

H.      on the Seventh Cause of Action, a judgment and order granting the Trustee a legal and equitable accounting and directing and compelling the Defendants to report and account with respect to any property of the Estate of the Debtor, for all damages caused by the Defendants, and all transfers received by the Defendants and any profits and any special benefits obtained as a result of any breach of fiduciary duty by Defendant Mr. Wilson;

I.      on the Eighth Cause of Action, enter an award directing and determining that property of the Debtor in the custody and control of one or more of the Defendants is property of the Estate pursuant to section 541 of the Bankruptcy Code and requiring the Defendants to

immediately turnover or cause the turnover of said property to Plaintiff pursuant to section 542 of the Bankruptcy Code;

J.      on the Ninth Cause of Action, an award against Defendants for the conversion of the property of the Debtor together with compensatory, consequential, and punitive damages in an amount to be determined at trial;

K.      that the Court enter judgment for special damages in favor of Plaintiff and against Defendants in an amount to be proven at trial and for general damages in favor of Plaintiff and against Defendants in an amount to be proven at trial;

L.      on the Tenth Cause of Action, that the Court enter judgment and against Defendant Mr. Wilson for breach of fiduciary duty in an amount to be proven at trial;

M.      on the Tenth Cause of Action, directing and compelling Defendants to report and account with respect to property of the Estate of the Debtor, for all damages caused by one or more of the Defendants, and all transfers received by the Defendants and all profits and any special benefits obtained by any of the Defendants as a result of any breach of fiduciary duty by Defendant Mr. Wilson and impose a constructive trust and impress an equitable lien for the benefit of Plaintiff as appropriate;

N.      in addition to injunctive relief to which the Plaintiff may be entitled, an award in the form of: (i) compensatory, consequential, and punitive damages in an amount to be determined at trial; and (ii) disgorgement of all profits earned by the Defendants or their affiliates by virtue of any breach of fiduciary duty;

O.      on the Eleventh Causes of Action, that the Court impose a constructive trust for the benefit of the Trustee;

P.      on the Twelfth Cause of Action an order directing and compelling the Defendants

26

to: (i) report and account with respect to property of the Estate of the Debtor, for all damages caused by the Defendants, and all transfers received by the Defendants and all profits and any special benefits obtained as a result of any breach of fiduciary duty by Defendant Mr. Wilson; and (ii) disgorge all monies profits, and gains by any of the Defendants or their related entities that were unjustly obtained or will be obtained be unjustly obtained in the future at the expense of the Debtor and imposing a constructive trust for the benefit of the Plaintiff with respect thereto;

Q.      awards pre-judgment interest at the maximum legal rate running from the date of filing of the Complaint to the date of judgment herein;

R.      awards post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

S.      requires the Defendants to pay forthwith the judgment amount awarded in favor of Plaintiff; and

T.      grants Plaintiff such other and further legal or equitable relief as the Court deems just and proper under the circumstances of this case.

Dated: September 9, 2025.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

*Counsel for S. Gregory Hays, as Chapter 7 Trustee*

**EXHIBIT A**

| IDENTITY | Deposits |
|---|---|
| ARC Management Group LLC | $88,428.60 |
| Deposits & Returned Deposits - Image Not Produced | $1,341,942.02 |
| J.D. Stuart Law Group LLC | $14,000.00 |
| M. Wilson | $6,817.53 |
| PRM STTLMNT PAYMENT - ARC MANAGEMENT GROUP-T | $309,210.27 |
| PRM STTLMNT PAYMENT - ARC MANAGEMENT GROUP-W | $570.19 |
| T. Wilson | $13,894.66 |
| TBF Group | $485,000.00 |
| Visa Signature Card | $13,066.10 |
| Wells Fargo | $35.00 |
| **Grand Total** | **$2,272,964.37** |